

Kay Williams <joneskjdoc@gmail.com>

---

## Inquiry 338395 - Reinstatement

---

**OSD MC-ALEX OUSD P-R Mailbox ESGR USERRA** <osd.mc-alex.ousd-p-r.mbx.esgr-userra@mail.mil>
To: "joneskjdoc@gmail.com" <joneskjdoc@gmail.com>

Mon, Dec 16, 2024 at 9:21 AM

Greetings Kaymarie,


Thank you for contacting Employer Support for the Guard and Reserve (ESGR). The Uniformed Services Employment and Reemployment Rights Act (USERRA) of 1994 was passed by U.S. Congress to protect the civilian employment of active guard and reserve military personnel in the United States called to perform protected federal military service. The information provided in this email is in response to your USERRA related inquiry. Please review the information provided below and let me know if additional assistance is needed.



U.S.C. Title 38 - VETERANS' BENEFITS (govinfo.gov) is the USERRA Law.

### §4301. Purposes; sense of Congress

(a) The purposes of this chapter are—

(1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service;

(2) to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service; and

(3) to prohibit discrimination against persons because of their service in the uniformed services.


The Department of Labor (DOL) interpretation of USERRA Law is found in Code of Federal Regulation (CFR) 20 in easy to use question and answer format. eCFR :: 20 CFR Part 1002 -- Regulations Under the Uniformed Services Employment and Reemployment Rights Act of 1994



### § 1002.6 What types of service in the uniformed services are covered by USERRA?

USERRA's definition of "service in the uniformed services" covers all categories of military training and service, including duty performed on a voluntary or involuntary basis, in time of peace or war. Although most often understood as applying to National Guard and reserve military personnel, USERRA also applies to persons serving in the active components of the Armed Forces. Certain types of service specified in 42 U.S.C. 300hh-11 by members of the National Disaster Medical System are covered by USERRA.

**§ 1002.18 What status or activity is protected from employer discrimination by USERRA?**

An employer must not deny initial employment, reemployment, retention in employment, promotion, or any benefit of employment to an individual on the basis of his or her membership, application for membership, performance of service, application for service, or obligation for service in the uniformed services.

**§ 1002.115 Is the employee required to report to or submit a timely application for reemployment to his or her pre-service employer upon completing the period of service in the uniformed services?**

Yes. Upon completing service in the uniformed services, the employee must notify the pre-service employer of his or her intent to return to the employment position by either reporting to work or submitting a timely application for reemployment. Whether the employee is required to report to work or submit a timely application for reemployment depends upon the length of service, as follows:

(a) *Period of service less than 31 days or for a period of any length for the purpose of a fitness examination.* If the period of service in the uniformed services was less than 31 days, or the employee was absent from a position of employment for a period of any length for the purpose of an examination to determine his or her fitness to perform service, the employee must report back to the employer not later than the beginning of the first full regularly-scheduled work period on the first full calendar day following the completion of the period of service, and the expiration of eight hours after a period allowing for safe transportation from the place of that service to the employee's residence. For example, if the employee completes a period of service and travel home, arriving at ten o'clock in the evening, he or she cannot be required to report to the employer until the beginning of the next full regularly-scheduled work period that begins at least eight hours after arriving home, *i.e.*, no earlier than six o'clock the next morning. If it is impossible or unreasonable for the employee to report within such time period through no fault of his or her own, he or she must report to the employer as soon as possible after the expiration of the eight-hour period.

(b) *Period of service more than 30 days but less than 181 days.* If the employee's period of service in the uniformed services was for more than 30 days but less than 181 days, he or she must submit an application for reemployment (written or verbal) with the employer not later than 14 days after completing service. If it is impossible or unreasonable for the employee to apply within 14 days through no fault of his or her own, he or she must submit the application not later than the next full calendar day after it becomes possible to do so.

(c) *Period of service more than 180 days.* If the employee's period of service in the uniformed services was for more than 180 days, he or she must submit an application for reemployment (written or verbal) not later than 90 days after completing service.

**§ 1002.181 How is "prompt reemployment" defined?**

"Prompt reemployment" means as soon as practicable under the circumstances of each case. Absent unusual circumstances, reemployment must occur within two weeks of the employee's application for reemployment. For example, prompt reinstatement after a weekend National Guard duty generally means the next regularly scheduled working day. On the other hand, prompt reinstatement following several years of active duty may require more time, because the employer may have to reassign or give notice to another employee who occupied the returning employee's position.

**§ 1002.191 What position is the employee entitled to upon reemployment?**

As a general rule, the employee is entitled to reemployment in the job position that he or she would have attained with reasonable certainty if not for the absence due to uniformed service. This position is known as the escalator position. The principle behind the escalator position is that, if not for the period of uniformed service, the employee could have been promoted (or, alternatively, demoted, transferred, or laid off) due to intervening events. The escalator principle requires that the employee be reemployed in a position that reflects with reasonable certainty the pay, benefits,

seniority, and other job perquisites, that he or she would have attained if not for the period of service. Depending upon the specific circumstances, the employer may have the option, or be required, to reemploy the employee in a position other than the escalator position.


### § 1002.192 How is the specific reemployment position determined?

In all cases, the starting point for determining the proper reemployment position is the escalator position, which is the job position that the employee would have attained if his or her continuous employment had not been interrupted due to uniformed service. Once this position is determined, the employer may have to consider several factors before determining the appropriate reemployment position in any particular case. Such factors may include the employee's length of service, qualifications, and disability, if any. The reemployment position may be either the escalator position; the pre-service position; a position comparable to the escalator or pre-service position; or, the nearest approximation to one of these positions.


### § 1002.193 Does the reemployment position include elements such as seniority, status, and rate of pay?

(a) Yes. The reemployment position includes the seniority, status, and rate of pay that an employee would ordinarily have attained in that position given his or her job history, including prospects for future earnings and advancement. The employer must determine the seniority rights, status, and rate of pay as though the employee had been continuously employed during the period of service. The seniority rights, status, and pay of an employment position include those established (or changed) by a collective bargaining agreement, employer policy, or employment practice. The sources of seniority rights, status, and pay include agreements, policies, and practices in effect at the beginning of the employee's service, and any changes that may have occurred during the period of service. In particular, the employee's status in the reemployment position could include opportunities for advancement, general working conditions, job location, shift assignment, rank, responsibility, and geographical location.

(b) If an opportunity for promotion, or eligibility for promotion, that the employee missed during service is based on a skills test or examination, then the employer should give him or her a reasonable amount of time to adjust to the employment position and then give a skills test or examination. No fixed amount of time for permitting adjustment to reemployment will be deemed reasonable in all cases. However, in determining a reasonable amount of time to permit an employee to adjust to reemployment before scheduling a makeup test or examination, an employer may take into account a variety of factors, including but not limited to the length of time the returning employee was absent from work, the level of difficulty of the test itself, the typical time necessary to prepare or study for the test, the duties and responsibilities of the reemployment position and the promotional position, and the nature and responsibilities of the service member while serving in the uniformed service. If the employee is successful on the makeup exam and, based on the results of that exam, there is a reasonable certainty that he or she would have been promoted, or made eligible for promotion, during the time that the employee served in the uniformed service, then the promotion or eligibility for promotion must be made effective as of the date it would have occurred had employment not been interrupted by uniformed service.


### § 1002.195 What other factors can determine the reemployment position?

Once the employee's escalator position is determined, other factors may allow, or require, the employer to reemploy the employee in a position other than the escalator position. These factors, which are explained in §§ 1002.196 through 1002.199, are:

(a) The length of the employee's most recent period of uniformed service;

(b) The employee's qualifications; and,

(c) Whether the employee has a disability incurred or aggravated during uniformed service.

**§ 1002.197 What is the reemployment position if the employee's period of service in the uniformed services was more than 90 days?**

Following a period of service of more than 90 days, the employee must be reemployed according to the following priority:

(a) The employee must be reemployed in the escalator position or a position of like seniority, status, and pay. He or she must be qualified to perform the duties of this position. The employer must make reasonable efforts to help the employee become qualified to perform the duties of this position.

(b) If the employee is not qualified to perform the duties of the escalator position or a like position after reasonable efforts by the employer, the employee must be reemployed in the position in which he or she was employed on the date that the period of service began or in a position of like seniority, status, and pay. The employee must be qualified to perform the duties of this position. The employer must make reasonable efforts to help the employee become qualified to perform the duties of this position.

(c) If the employee is not qualified to perform the duties of the escalator position, the pre-service position, or a like position, after reasonable efforts by the employer, he or she must be reemployed in any other position that is the nearest approximation first to the escalator position and then to the pre-service position. The employee must be qualified to perform the duties of this position. The employer must make reasonable efforts to help the employee become qualified to perform the duties of this position.

**§ 1002.198 What efforts must the employer make to help the employee become qualified for the reemployment position?**

The employee must be qualified for the reemployment position. The employer must make reasonable efforts to help the employee become qualified to perform the duties of this position. The employer is not required to reemploy the employee on his or her return from service if he or she cannot, after reaso.225,nable efforts by the employer, qualify for the appropriate reemployment position.

(a)

(1) "Qualified" means that the employee has the ability to perform the essential tasks of the position. The employee's inability to perform one or more non-essential tasks of a position does not make him or her unqualified.

(2) Whether a task is essential depends on several factors, and these factors include but are not limited to:

(i) The employer's judgment as to which functions are essential;

(ii) Written job descriptions developed before the hiring process begins;

(iii) The amount of time on the job spent performing the function;

(iv) The consequences of not requiring the individual to perform the function;

(v) The terms of a collective bargaining agreement;

(vi) The work experience of past incumbents in the job; and/or

(vii) The current work experience of incumbents in similar jobs.

(b) Only after the employer makes reasonable efforts, as defined in § 1002.5(i), may it determine that the employee is not qualified for the reemployment position. These reasonable efforts must be made at no cost to the employee.]


**§ 1002.225 Is the employee entitled to any specific reemployment benefits if he or she has a disability that**

**was incurred in, or aggravated during, the period of service?**

Yes. A disabled service member is entitled, to the same extent as any other individual, to the escalator position he or she would have attained but for uniformed service. If the employee has a disability incurred in, or aggravated during, the period of service in the uniformed services, the employer must make reasonable efforts to accommodate that disability and to help the employee become qualified to perform the duties of his or her reemployment position. If the employee is not qualified for reemployment in the escalator position because of a disability after reasonable efforts by the employer to accommodate the disability and to help the employee to become qualified, the employee must be reemployed in a position according to the following priority. The employer must make reasonable efforts to accommodate the employee's disability and to help him or her to become qualified to perform the duties of one of these positions:

(a) A position that is equivalent in seniority, status, and pay to the escalator position; or,

(b) A position that is the nearest approximation to the equivalent position, consistent with the circumstances of the employee's case, in terms of seniority, status, and pay. A position that is the nearest approximation to the equivalent position may be a higher or lower position, depending on the circumstances.

**§ 1002.226 If the employee has a disability that was incurred in, or aggravated during, the period of service, what efforts must the employer make to help him or her become qualified for the reemployment position?**

(a) USERRA requires that the employee be qualified for the reemployment position regardless of any disability. The employer must make reasonable efforts to help the employee to become qualified to perform the duties of this position. The employer is not required to reemploy the employee on his or her return from service if he or she cannot, after reasonable efforts by the employer, qualify for the appropriate reemployment position.

(b) "Qualified" has the same meaning here as in § 1002.198.

**§ 1002.311 Is there a statute of limitations in an action under USERRA?**

USERRA does not have a statute of limitations, and it expressly precludes the application of any State statute of limitations. At least one court, however, has held that the four-year general Federal statute of limitations, 28 U.S.C. 1658, applies to actions under USERRA. *Rogers* v. *City of San Antonio,* 2003 WL 1566502 (W.D. Texas), *reversed on other grounds,* 392 F.3d 758 (5th Cir. 2004). But see *Akhdary* v. *City of Chattanooga,* 2002 WL 32060140 (E.D. Tenn.). In addition, if an individual unreasonably delays asserting his or her rights, and that unreasonable delay causes prejudice to the employer, the courts have recognized the availability of the equitable doctrine of *laches* to bar a claim under USERRA. Accordingly, individuals asserting rights under USERRA should determine whether the issue of the applicability of the Federal statute of limitations has been resolved and, in any event, act promptly to preserve their rights under USERRA.

State Laws on Military Leave | Workplace Fairness

If after reviewing the information provided above you believe that your rights under USERRA are being violated you may attempt to resolve your issue by using the options below:

1. **Educate/Inform** - Share the information provided above with an appropriate person at your workplace. Often, bringing USERRA to the attention of your employer is all that is needed to solve a problem. Encourage your employer to learn more at www.esgr.mil or by calling ESGR at 800-336-4590, option 1 with any questions.

2. **Mediation** – ESGR Ombudsmen provide free, neutral, confidential mediation between Service members and their employers in accordance with the Alternative Dispute Resolution Act (ADRA). To request a case for mediation you may call 800-336-4590 (Option 1) between 8am and 6pm EST to speak with an ESGR

representative or you may open a case online by submitting a support request. Click here to submit an ESGR support request.

3. **<u>Investigation</u>** – The Department of Labor (DOL) Veterans Employment and Training Services (VETS) conducts USERRA investigations. VETS conducts independent investigations for Service members who feel their rights have been violated at their civilian workplace, and provides technical assistance for USERRA (Contact Us | U.S. Department of Labor (dol.gov). To initiate a DOL/VETS investigation, please contact https://vets1010.dol.gov or call Tel: 1-866-237-0275; TTY: 1-877-889-5627. https://www.ecfr.gov/current/title-20/part-1002/subject-group-ECFR1f293aa8637d7cb

4. **<u>Private Attorney</u>** – You have the right to hire a private attorney.

Please contact me if you have any additional questions or need further assistance.

Please help us improve our services by evaluating your recent interaction with the Customer Service Center at following link: https://ice.disa.mil/index.cfm?fa=card&sp=103063&s=770&dep=*DoD

Very respectfully,



**Brenda G Corbin**

National Case Manager

Employer Support of the Guard and Reserve (ESGR)

Toll Free: 800-336-4590 (option 1)

C:571-635-6611

E: brenda.g.corbin.civ@mail.mil

**Quick Resources:**

USERRA Pocket Guide: USERRA | U.S. Department of Labor (dol.gov)

Employer Resource Guide: ESGR Employer Resource Guide

USERRA Request Assistance: USERRA Request assistance

DOL VETS Regional and State office directory - About VETS | U.S. Department of Labor (dol.gov)

DOL-VETS website:   VETS | U.S. Department of Labor (dol.gov)

FREEDOM AWARD NOMINATION SEASON NOW OPEN:

*ESGR is accepting nominations for the 2025 Secretary of Defense Employer Support Freedom Award.*

*Service members, or designated individual acting on behalf of the Service member, may nominate their supportive employer for the award at www.FreedomAward.mil from Oct. 1, 2024 through midnight (ET) Dec. 31, 2024.*

**Connect with us!**

www.ESGR.mil

https://www.linkedin.com/company/employer-support-of-the-guard-&-reserve-esgr-/

https://www.facebook.com/GoESGR/

https://twitter.com/ESGR

*ADRA NOTICE: Ombudsman records of case communications are confidential in nature. Do not discuss or share case information that discloses the names of the parties to anyone not specifically involved in the case. Ombudsman Directors and National Case Managers (NCMs) are considered to be involved in all cases per HQ DoDI 1250.32, October 23, 2014. Any requests for case records including subpoenas are to be forwarded to your supporting NCM.*

*Privacy ACT NOTICE: Exercise caution in re-transmitting and sharing this e-mail message and any attachments as they may contain personally identifiable information (PII) which is required to be safeguarded and protected from disclosure by the Privacy Act of 1974. Additional information about the DoD Privacy Program may be obtained at: http://www.dodig.mil/Programs/Privacy-Program/.*

*LEGAL DISCLAIMER: The information provided in this email does not constitute a legal opinion nor the furnishing of legal advice. ESGR is not an enforcement agency and does not participate in formal litigation processes. If you feel legal advice is needed please contact an attorney directly.*

CONFIDENTIAL



**GEORGETOWN UNIVERSITY**

*Office of Institutional Diversity, Equity, and Affirmative Action*

April 21, 2025

Ms. Kaymarie Williams
*Sent Via Email: joneskjdoc@gmail.com*

**RE: NOTICE OF ACCOMMODATION VIA REASSIGNMENT**

Dear Kaymarie:

This letter is to advise you that Georgetown University's Office of Institutional Diversity, Equity, and Affirmative Action (IDEAA) has completed its review of your reasonable accommodation request and approved an accommodation for you. A brief summary of your request, the related interactive process that IDEAA facilitated, and information about your accommodation is set out below.

<u>**Background**</u>

You began your employment with Georgetown on August 1, 2021, in the role of Assistant Coach for Women's Track & Field/Cross Country ("Assistant Coach"). On February 1, 2023, you commenced a period of leave for military service. On or about March 28, 2024, you were honorably discharged from the military based on "permanent disability." On February 3, 2025, you submitted a request for reasonable accommodation to IDEAA in relation to your return to work at Georgetown.[1]

<u>**Accommodation Request and Interactive Process**</u>

In your request for reasonable accommodation, you indicated that due to your disabilities, you were no longer able to perform the duties of your Assistant Coach position, and you requested an alternative position that was either hybrid or fully remote. IDEAA commenced an interactive process to review your request. During this process, we spoke with you, reviewed records you provided to us, requested and received information from your healthcare provider (HCP) regarding your disability-related functional limitations and accommodation needs, and coordinated with HR.

---

[1] Prior to filing the accommodation request with IDEAA, you were in communication with Georgetown's Department of Human Resources (HR) about finding a new placement at Georgetown. As those interactions occurred outside of IDEAA's process, they are not detailed here.

1

**CONFIDENTIAL**

After reviewing the information from your HCP, which you conveyed to us on March 14, 2025, wherein your HCP indicated that you could not perform the duties of the Assistant Coach position with or without reasonable accommodation due to your disabilities, IDEAA approved an accommodation of reassignment for you. In coordination with HR, and consistent with the University's responsibilities under the Uniform Services Employment and Reemployment Rights Act (USERRA), we searched for an alternative placement for you that was similar in seniority, status, and pay to your Assistant Coach position. In addition, we took note of the functional limitations your HCP indicated that you possess and of the accommodations he recommended, including hybrid or remote work, no requirement for extensive travel, and limited physical exertion. We also circled back to you to request further information about your functional limitations and accommodation needs.

### Accommodation Approved

Based on the foregoing, IDEAA has identified the following open position into which you will be reassigned: **Business Administrator (#JR21264), College of Arts and Sciences.** A position description for this role is attached. The position is hybrid, and generally requires in-person attendance four days per week. The base salary at which you will be placed is $71,027.30. A start date will be provided to you in the near future. If you have any questions or wish to discuss this further, please feel free to contact me. Further, if you believe you may need additional reasonable accommodation to perform the essential functions of this position, please let me know at your earliest opportunity.

### Non-Retaliation

Please note that the University maintains a policy prohibiting retaliation against individuals for requesting reasonable accommodation. Should you believe you are being threatened with, or are experiencing such retaliation for your participation in the reasonable accommodation process, please notify IDEAA immediately.

Thank you for participating in the reasonable accommodation process, and I wish you all the best going forward.

Kind regards,

*Mary Chlopecki*

Mary Chlopecki
Senior Civil Rights Investigator

cc: Sonya Sims, Director of Human Resources Business Partners

2

 Gmail

**Kay Williams <joneskjdoc@gmail.com>**

---

### Fwd: Kaymarie's employment status.....
19 messages

---

**Kay Williams** <joneskjdoc@gmail.com>                                   Thu, Apr 4, 2024 at 19:17
To: <krp8@georgetown.edu>

Hello Katina,

I medically retired from the military which means my tour of duty ended unexpectedly (on 30 March).

Of course, I am aware that Coach McKenzie has someone in my position and I do not wish to bother him in the middle of the season, nor do I want to push anyone out.

Are there any positions available that I can do at Georgetown? Are there any options for me to return to work?

Please let me know.

Best,
Kaymarie Williams

---------- Forwarded message ---------
From: **Kaymarie Williams** <kj546@georgetown.edu>
Date: Sat, Oct 28, 2023 at 02:04
Subject: Fwd: Kaymarie employment status.....
To: SGT Kay Williams <joneskjdoc@gmail.com>



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p: (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a: McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

Begin forwarded message:

**From:** Kaymarie Williams <kj546@georgetown.edu>
**Date:** January 31, 2023 at 14:45:35 EST
**To:** Katina Porter <krp8@georgetown.edu>
**Cc:** Alton McKenzie <aam83@georgetown.edu>
**Subject: Re: Kaymarie employment status.....**

Thank you very much, Katina.

Best,



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p:  (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a:  McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

On Jan 30, 2023, at 17:03, Katina Porter <krp8@georgetown.edu> wrote:

Hi Kaymarie and Alton,

My apologies for the delay in my response.

HR will place you on Military Leave and upload a copy of your orders. Alton confirmed that you have been working this month, and you will receive your normal paycheck tomorrow. Therefore, I will put February 1, 2023 as the first day out for military leave.

Your department will have the ability to hire a replacement during your absence. Within 90 days of your military service ending, you will need to re-engage with the University and let us know that you want to and intend to return to your on-campus work. We would work with you to re-employ you.

Please let me know if you have any questions.

Best,
Katina

On Fri, Jan 20, 2023 at 3:11 AM Kaymarie Williams <kj546@georgetown.edu> wrote:

Hello again, Katina. Yes, I am going through processing with the military while working virtually at Georgetown until my direct supervisor (Alton Mckenzie) can make a hire. He is attached to this email for reference.

Best,



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p:  (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a:  McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

On Jan 17, 2023, at 11:11, Katina Porter <krp8@georgetown.edu> wrote:

Hi Kaymarie,

Thanks for forwarding your orders. I am reviewing them and then will get back to you shortly. Please confirm if you have begun your service, since the paperwork indicates that you would need to report on January 12th.

On Sat, Jan 14, 2023 at 10:48 AM Kaymarie Williams <kj546@georgetown.edu> wrote:

Hi Katina,

Thank you. I received your Help Desk email. Please see my orders attached. I will read the policy as well.

Also let me know if you have any questions. Note that my last name changed from Jones to Williams in the past year.

Best,



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p: (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a: McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

> On Jan 13, 2023, at 11:02, Katina Porter <krp8@georgetown.edu> wrote:
>
> Thanks Shawn.
>
> Kaymarie - I sent you a separate message a bit earlier this morning. In order to better understand the leave request and to answer your questions, I need to see a copy of the orders. If you can please scan and email them to me, that would be great. In the meantime, I am including a link to HR Policy 607, which provides information about military leave: https://policymanual.hr.georgetown.edu/600-time-away-from-work/607-leave-for-military-duty/
>
> Best,
> Katina
>
>
> On Fri, Jan 13, 2023 at 10:49 AM Shawn Hendi <shawn.hendi@georgetown.edu> wrote:
>> Katina,
>> I hope all is well.  I wanted to start an email thread regarding the employment status of KayMarie Jones, our Associate Head Coach of Track and Field.  KayMarie had just returned from maternity leave / disability in late fall semester following the birth of her beautiful daughter.  I just received a call from her letting me know that she has orders from the military to serve a 3 year commitment at her home base in NC.  She is going to provide these orders to us.

I know KayMarie has some questions regarding process and procedure and I am not an expert in these matters by any means.  So I told her we would start an email chain to discuss options as she is still in NC.

Thanks so much for your help,
Shawn



**Shawn Hendi**
*Senior Associate Athletic Director for Student Athlete Health & Wellness*
**Georgetown University**
p:  (202) 687-1898
m:  (202) 207-4252
f:   (202) 687-4117
w: GUHoyas.com
e:
 sjh56@georgetown.edu
a:  McDonough Arena
3700 O Street NW
Washington, DC 20057
s:  @georgetownhoyas | @georgetownathletics

The information contained in this transmission may contain privileged and confidential information, including patient information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

--
Katina Porter
HR Business Partner
Georgetown University
Washington, DC  20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown Community*

[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                                    Fri, Apr 5, 2024 at 00:00
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Thank you for reaching out and letting me know that you are interested in returning to Georgetown. Can you provide me with a copy of your discharge paperwork, or whatever you have which indicates that your tour has

ended? Also, are you back in the local DC area? As you are aware, the coaching positions are on campus roles and would require you to be onsite. Finally, are you currently available to begin work, or is there a later date in which will be available?

Once I hear back from you, I will be better able to discuss next steps.

Thanks in advance,
Katina
[Quoted text hidden]
--
Katina Porter
Senior HR Business Partner
Georgetown University
Washington, DC  20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown Community*

*I host weekly Office Hours on Tuesdays and Thursdays. Please click this* link *to schedule time.* **Come with your questions and issues. If you cannot make it to an Office Hour session and would like to set up another 1:1 time, please send me an email with your issue and request for a meeting.**

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Fri, Apr 5, 2024 at 02:19
To: Katina Porter <krp8@georgetown.edu>

Hi Katina,

Thank you for your prompt response.

I attached my DD 214, RET ORD and updated resume to this email. I am not back in D.C. as yet but I will return whenever I receive employment (I am available any time).

I do know the coaching positions are onsite but my resume does not limit me to coaching. I am actually waiting on a date to defend my dissertation for my EdD in Organizational Leadership and I have an MBA.

Please let me know how you can help.

Best,
Kaymarie Williams
[Quoted text hidden]
**Williams Kaymarie DD 214 RET.pdf, Williams Kaymarie RET ORD.pdf, Williams Kaymarie Resume April 2024.pdf**

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Mon, Apr 8, 2024 at 08:41
To: Katina Porter <krp8@georgetown.edu>

Hi Katina,

Just checking if you received my email. Trust all is well with you.

Best,
Kaymarie Williams
[Quoted text hidden]

**Katina Porter** <krp8@georgetown.edu>
To: Kay Williams <joneskjdoc@gmail.com>

Tue, Apr 9, 2024 at 16:09

Hi Kay,

My apologies for just acknowledging receipt of your email. I need to review what you've provided and will be back in touch shortly. In the meantime, please let me know if you have reviewed any open positions on our Careers page and if there are any in which you may be interested in pursuing.

Best,
Katina
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>
To: Katina Porter <krp8@georgetown.edu>

Tue, Apr 9, 2024 at 16:16

Hi Katina,

Yes, I applied to job # JR17467, Manager Non-Student Receivables. It's below my previous salary but I thought I would try.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>
To: Katina Porter <krp8@georgetown.edu>

Wed, Apr 10, 2024 at 07:14

Good morning Katina,

I just completed another application under Job # JR17567 for Executive Assistant - Cyber SMART Research Center.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>
To: Kay Williams <joneskjdoc@gmail.com>

Wed, Apr 10, 2024 at 19:55

Hi Kaymarie,

Thanks for the update. I'll be back in touch with you asap.

Best,
Katina
[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>
To: Kay Williams <joneskjdoc@gmail.com>

Thu, Apr 18, 2024 at 08:55

Hi Kaymarie,

Based on your resume (both education and professional experience), I'm going through our open positions and will send you a list for your review. Depending on what you are interested in, we'll assess next steps.

Best,
Katina
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                    Thu, Apr 18, 2024 at 09:17
To: Katina Porter <krp8@georgetown.edu>

Hi Katina,

Thank you very much. Looking forward to hearing from you.

Best,
Kaymarie
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                    Mon, May 13, 2024 at 09:47
To: Katina Porter <krp8@georgetown.edu>

Good morning Katina,

Any luck finding a path for me at GU? Please let me know.

Best,
Kaymarie
[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                    Thu, May 16, 2024 at 15:10
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

I apologize for just getting back to you. Because of travel and full schedules on both our parts, it took Alton and I quite some time to get together to talk. Please confirm if anything has changed with regards to your availability to return to work.

I have reviewed some of our open positions, and based on your qualifications and work history, have included the below links for your review. Please review and provide feedback when you have a chance.

Best,
Katina
*******************

https://georgetown.wd1.myworkdayjobs.com/en-US/Georgetown_Admin_Careers/jobs/details/Communications-Specialist--Georgetown-University-Police-Department---Georgetown-University_JR17645?q=security

https://georgetown.wd1.myworkdayjobs.com/en-US/Georgetown_Admin_Careers/jobs/details/Program-Manager-for-Analytics--Technology-and-Security---School-of-Continuing-Studies---Georgetown-University_JR17544?q=security

https://georgetown.wd1.myworkdayjobs.com/en-US/Georgetown_Admin_Careers/jobs/details/Security-Officer--Georgetown-University-Police-Department---Georgetown-University--_JR17236?q=security

https://georgetown.wd1.myworkdayjobs.com/en-US/Georgetown_Admin_Careers/jobs/details/Program-Coordinator-for-Global-Health-and-Global-Infectious-Disease_JR17760?q=track

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Thu, May 16, 2024 at 15:13
To: Katina Porter <krp8@georgetown.edu>

Hi Katina,

Thank you for getting back to me. I have been applying to positions at GU, mostly remote or Hybrid since I am now disabled (and pregnant).

I will apply to a few more and send you the job #.

Best,
Kay
[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                                    Thu, May 23, 2024 at 22:00
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kay - congratulations on your pregnancy. To clarify, are you only interested and available for positions that are hybrid or telework? Also, are you interested and qualified for any of the positions that I sent to you?

Thanks,
Katina

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Thu, May 23, 2024 at 22:16
To: Katina Porter <krp8@georgetown.edu>

Thank you, Katina.

Yes, I am only interested in available positions that are hybrid or telework.

I am interested in applying for this position:

# Admissions Recruiter - School of Continuing Studies

https://georgetown.wd1.myworkdayjobs.com/en-US/Georgetown_Admin_Careers/job/Downtown-Campus/Admissions-Recruiter---School-of-Continuing-Studies---Georgetown-University_JR17796?q=Remote

I am interested in the positions you recommend but do not meet some of the qualifications and do need to look more at hybrid or telework positions.

Please let me know your thoughts.

Best,
Kaymarie
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Thu, Nov 21, 2024 at 11:05
To: Katina Porter <krp8@georgetown.edu>

Hi Katina,

Trusting you are well!

I have still been applying to positions at Georgetown but I am very close giving up. I left you a message on your office phone. I had great interest in the HR Business Partner position but I do not have 5-8 years of experience in HR. My education may not be considered as a substitute either.

Anyhow, I applied to the Coordinator, Student Athlete Services position (JR19634).

Please let me know if there's anything else available that aligns with my qualifications.

Best,
Kay

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                    Sat, Dec 14, 2024 at 14:12
To: Williams, Kaymarie <kaymarie.williams@va.gov>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                    Sat, Dec 14, 2024 at 14:28
To: <damiagrussell@gmail.com>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                    Tue, Dec 17, 2024 at 17:11
To: <lendof.cynthia.a@dol.gov>

[Quoted text hidden]



**Kay Williams <joneskjdoc@gmail.com>**

---

## Fwd: Kaymarie's employment status…..

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Thu, May 16, 2024 at 15:13
To: Katina Porter <krp8@georgetown.edu>

Hi Katina,

Thank you for getting back to me. I have been applying to positions at GU, mostly remote or Hybrid since I am now disabled (and pregnant).

I will apply to a few more and send you the job #.

Best,
Kay
[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

## Fwd: Kaymarie's employment status.....
19 messages

**Kay Williams** <joneskjdoc@gmail.com>                                          Thu, Apr 4, 2024 at 19:17
To: <krp8@georgetown.edu>

Hello Katina,

I medically retired from the military which means my tour of duty ended unexpectedly (on 30 March).

Of course, I am aware that Coach McKenzie has someone in my position and I do not wish to bother him in the middle of the season, nor do I want to push anyone out.

Are there any positions available that I can do at Georgetown? Are there any options for me to return to work?

Please let me know.

Best,
Kaymarie Williams

---------- Forwarded message ---------
From: **Kaymarie Williams** <kj546@georgetown.edu>
Date: Sat, Oct 28, 2023 at 02:04
Subject: Fwd: Kaymarie employment status.....
To: SGT Kay Williams <joneskjdoc@gmail.com>



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p:  (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a:  McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

Begin forwarded message:

 Gmail

**Kay Williams <joneskjdoc@gmail.com>**

---

**Re: Final Notice: Kaymarie's employment status.....**
5 messages

---

**Kay Williams** <joneskjdoc@gmail.com>                                                   Sat, Dec 14, 2024 at 14:10
To: Katina Porter <krp8@georgetown.edu>

Katina,

I trust all is well with you. I am reaching out one last time to see if there is anything the Department of Human Resources can do for my return to Georgetown.

I am available any time, any day of the week. Please let me know.

Best,
Kaymarie Williams

> On Thu, Nov 21, 2024 at 11:05 Kay Williams <joneskjdoc@gmail.com> wrote:
>> Hi Katina,
>>
>> **Trusting you are well!**
>>
>> I have still been applying to positions at Georgetown but I am very close giving up. I left you a message on your office phone. I had great interest in the HR Business Partner position but I do not have 5-8 years of experience in HR. My education may not be considered as a substitute either.
>>
>> Anyhow, I applied to the Coordinator, Student Athlete Services position (JR19634).
>>
>> Please let me know if there's anything else available that aligns with my qualifications.
>>
>> Best,
>> Kay
>>
>>
>> On Thu, May 23, 2024 at 22:16 Kay Williams <joneskjdoc@gmail.com> wrote:
>>> Thank you, Katina.
>>>
>>> Yes, I am only interested in available positions that are hybrid or telework.
>>>
>>> I am interested in applying for this position:
>>>
>>> ## Admissions Recruiter - School of Continuing Studies
>>>
>>> https://georgetown.wd1.myworkdayjobs.com/en-US/Georgetown_Admin_Careers/job/Downtown-Campus/Admissions-Recruiter---School-of-Continuing-Studies---Georgetown-University_JR17796?q=Remote
>>>
>>> I am interested in the positions you recommend but do not meet some of the qualifications and do need to look more at hybrid or telework positions.
>>>
>>> Please let me know your thoughts.
>>>
>>> Best,
>>> Kaymarie
>>>
>>> On Thu, May 23, 2024 at 22:00 Katina Porter <krp8@georgetown.edu> wrote:
>>>> Hi Kay - congratulations on your pregnancy. To clarify, are you only interested and available for positions that are hybrid or telework? Also, are you interested and qualified for any of the positions that I sent to you?
>>>>
>>>> Thanks,
>>>> Katina

On Thu, May 16, 2024 at 3:13 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hi Katina,

Thank you for getting back to me. I have been applying to positions at GU, mostly remote or Hybrid since I am now disabled (and pregnant).

I will apply to a few more and send you the job #.

Best,
Kay

On Thu, May 16, 2024 at 15:10 Katina Porter <krp8@georgetown.edu> wrote:
Hi Kaymarie,

I apologize for just getting back to you. Because of travel and full schedules on both our parts, it took Alton and I quite some time to get together to talk. Please confirm if anything has changed with regards to your availability to return to work.

I have reviewed some of our open positions, and based on your qualifications and work history, have included the below links for your review. Please review and provide feedback when you have a chance.

Best,
Katina
*******************

https://georgetown.wd1.myworkdayjobs.com/en-US/Georgetown_Admin_Careers/jobs/details/Communications-Specialist--Georgetown-University-Police-Department---Georgetown-University_JR17645?q=security

https://georgetown.wd1.myworkdayjobs.com/en-US/Georgetown_Admin_Careers/jobs/details/Program-Manager-for-Analytics--Technology-and-Security---School-of-Continuing-Studies---Georgetown-University_JR17544?q=security

https://georgetown.wd1.myworkdayjobs.com/en-US/Georgetown_Admin_Careers/jobs/details/Security-Officer--Georgetown-University-Police-Department---Georgetown-University--_JR17236?q=security

https://georgetown.wd1.myworkdayjobs.com/en-US/Georgetown_Admin_Careers/jobs/details/Program-Coordinator-for-Global-Health-and-Global-Infectious-Disease_JR17760?q=track

On Mon, May 13, 2024 at 9:47 AM Kay Williams <joneskjdoc@gmail.com> wrote:
Good morning Katina,

Any luck finding a path for me at GU? Please let me know.

Best,
Kaymarie

On Thu, Apr 18, 2024 at 09:17 Kay Williams <joneskjdoc@gmail.com> wrote:
Hi Katina,

Thank you very much. Looking forward to hearing from you.

Best,
Kaymarie

On Thu, Apr 18, 2024 at 08:55 Katina Porter <krp8@georgetown.edu> wrote:
Hi Kaymarie,

Based on your resume (both education and professional experience), I'm going through our open positions and will send you a list for your review. Depending on what you are interested in, we'll assess next steps.

Best,
Katina

On Wed, Apr 10, 2024 at 7:14 AM Kay Williams <joneskjdoc@gmail.com> wrote:
Good morning Katina,

I just completed another application under Job # JR17567 for Executive Assistant - Cyber SMART Research Center.

Best,
Kaymarie Williams

On Tue, Apr 9, 2024 at 16:16 Kay Williams <joneskjdoc@gmail.com> wrote:

Hi Katina,

Yes, I applied to job # JR17467, Manager Non-Student Receivables. It's below my previous salary but I thought I would try.

Best,
Kaymarie Williams

On Tue, Apr 9, 2024 at 16:09 Katina Porter <krp8@georgetown.edu> wrote:

Hi Kay,

My apologies for just acknowledging receipt of your email. I need to review what you've provided and will be back in touch shortly. In the meantime, please let me know if you have reviewed any open positions on our Careers page and if there are any in which you may be interested in pursuing.

Best,
Katina

On Mon, Apr 8, 2024 at 8:42 AM Kay Williams <joneskjdoc@gmail.com> wrote:

Hi Katina,

Just checking if you received my email. Trust all is well with you.

Best,
Kaymarie Williams

On Fri, Apr 5, 2024 at 02:19 Kay Williams <joneskjdoc@gmail.com> wrote:

Hi Katina,

Thank you for your prompt response.

I attached my DD 214, RET ORD and updated resume to this email. I am not back in D.C. as yet but I will return whenever I receive employment (I am available any time).

I do know the coaching positions are onsite but my resume does not limit me to coaching. I am actually waiting on a date to defend my dissertation for my EdD in Organizational Leadership and I have an MBA.

Please let me know how you can help.

Best,
Kaymarie Williams

On Fri, Apr 5, 2024 at 00:00 Katina Porter <krp8@georgetown.edu> wrote:

Hi Kaymarie,

Thank you for reaching out and letting me know that you are interested in returning to Georgetown. Can you provide me with a copy of your discharge paperwork, or whatever you have which indicates that your tour has ended? Also, are you back in the local DC area? As you are aware, the coaching positions are on campus roles and would require you to be onsite. Finally, are you currently available to begin work, or is there a later date in which will be available?

Once I hear back from you, I will be better able to discuss next steps.

Thanks in advance,
Katina

On Thu, Apr 4, 2024 at 7:17 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Hello Katina,

I medically retired from the military which means my tour of duty ended unexpectedly (on 30 March).

Of course, I am aware that Coach McKenzie has someone in my position and I do not wish to bother him in the middle of the season, nor do I want to push anyone out.

Are there any positions available that I can do at Georgetown? Are there any options for me to return to work?

Please let me know.

Best,
Kaymarie Williams

---------- Forwarded message ---------
From: **Kaymarie Williams** <kj546@georgetown.edu>

Date: Sat, Oct 28, 2023 at 02:04
Subject: Fwd: Kaymarie employment status.....
To: SGT Kay Williams <joneskjdoc@gmail.com>



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p: (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a: McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

Begin forwarded message:

> **From:** Kaymarie Williams <kj5463@georgetown.edu>
> **Date:** January 31, 2023 at 14:45:35 EST
> **To:** Katina Porter <krp8@georgetown.edu>
> **Cc:** Alton McKenzie <aam83@georgetown.edu>
> **Subject: Re: Kaymarie employment status.....**
>
> Thank you very much, Katina.
>
> Best,



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p: (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a: McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

> On Jan 30, 2023, at 17:03, Katina Porter <krp8@georgetown.edu> wrote:
>
> Hi Kaymarie and Alton,
>
> My apologies for the delay in my response.

HR will place you on Military Leave and upload a copy of your orders. Alton confirmed that you have been working this month, and you will receive your normal paycheck tomorrow. Therefore, I will put February 1, 2023 as the first day out for military leave.

Your department will have the ability to hire a replacement during your absence. Within 90 days of your military service ending, you will need to re-engage with the University and let us know that you want to and intend to return to your on-campus work. We would work with you to re-employ you.

Please let me know if you have any questions.

Best,
Katina

On Fri, Jan 20, 2023 at 3:11 AM Kaymarie Williams <kj546@georgetown.edu> wrote:
Hello again, Katina. Yes, I am going through processing with the military while working virtually at Georgetown until my direct supervisor (Alton Mckenzie) can make a hire. He is attached to this email for reference.

Best,



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p: (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a: McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

On Jan 17, 2023, at 11:11, Katina Porter <krp8@georgetown.edu> wrote:


Hi Kaymarie,

Thanks for forwarding your orders. I am reviewing them and then will get back to you shortly. Please confirm if you have begun your service, since the paperwork indicates that you would need to report on January 12th.

On Sat, Jan 14, 2023 at 10:48 AM Kaymarie Williams <kj546@georgetown.edu> wrote:
Hi Katina,

Thank you. I received your Help Desk email. Please see my orders attached. I will read the policy as well.

Also let me know if you have any questions. Note that my last name changed from Jones to Williams in the past year.

Best,



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p:  (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a:  McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

> On Jan 13, 2023, at 11:02, Katina Porter <krp8@georgetown.edu> wrote:
>
> Thanks Shawn.
>
> Kaymarie - I sent you a separate message a bit earlier this morning. In order to better understand the leave request and to answer your questions, I need to see a copy of the orders. If you can please scan and email them to me, that would be great. In the meantime, I am including a link to HR Policy 607, which provides information about military leave: https://policymanual.hr.georgetown.edu/600-time-away-from-work/607-leave-for-military-duty/
>
> Best,
> Katina
>
>
> On Fri, Jan 13, 2023 at 10:49 AM Shawn Hendi <shawn.hendi@georgetown.edu> wrote:
>> Katina,
>> I hope all is well.  I wanted to start an email thread regarding the employment status of KayMarie Jones, our Associate Head Coach of Track and Field.  KayMarie had just returned from maternity leave / disability in late fall semester following the birth of her beautiful daughter.  I just received a call from her letting me know that she has orders from the military to serve a 3 year commitment at her home base in NC.  She is going to provide these orders to us.
>>
>> I know KayMarie has some questions regarding process and procedure and I am not an expert in these matters by any means.  So I told her we would start an email chain to discuss options as she is still in NC.
>>
>> Thanks so much for your help,
>> Shawn

**Shawn Hendi**
*Senior Associate Athletic Director for Student Athlete Health & Wellness*
**Georgetown University**



p: (202) 687-1898
m: (202) 207-4252
f:  (202) 687-4117
w: GUHoyas.com
e:
 sjh56@georgetown.edu
a: McDonough Arena
3700 O Street NW
Washington, DC 20057
s: @georgetownhoyas
| @georgetownathletics

The information contained in this transmission may contain privileged and confidential information, including patient information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

--
Katina Porter
HR Business Partner
Georgetown University
Washington, DC 20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown Community*

--
Katina Porter
HR Business Partner
Georgetown University
Washington, DC 20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown Community*

--
Katina Porter
HR Business Partner
Georgetown University
Washington, DC 20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown Community*

--
Katina Porter
Senior HR Business Partner
Georgetown University
Washington, DC 20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown Community*

*I host weekly Office Hours on Tuesdays and Thursdays. Please click this link to schedule time.* **Come with your questions and issues. If you cannot make it to an Office Hour session and would like to set up another 1:1 time, please send me an email with your issue and request for a meeting.**

--
Katina Porter
Senior HR Business Partner
Georgetown University
Washington, DC  20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown Community*

*I host weekly Office Hours on Tuesdays and Thursdays. Please click this link to schedule time.* **Come with your questions and issues. If you cannot make it to an Office Hour session and would like to set up another 1:1 time, please send me an email with your issue and request for a meeting.**

--
Katina Porter
Senior HR Business Partner
Georgetown University
Washington, DC  20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown Community*

*I host weekly Office Hours on Tuesdays and Thursdays. Please click this link to schedule time.* **Come with your questions and issues. If you cannot make it to an Office Hour session and would like to set up another 1:1 time, please send me an email with your issue and request for a meeting.**

--
Katina Porter
Senior HR Business Partner
Georgetown University
Washington, DC  20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown Community*

*I host weekly Office Hours on Tuesdays and Thursdays. Please click this link to schedule time.* **Come with your questions and issues. If you cannot make it to an Office Hour session and would like to set up another 1:1 time, please send me an email with your issue and request for a meeting.**

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Sat, Dec 14, 2024 at 14:11
To: Williams, Kaymarie <kaymarie.williams@va.gov>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Sat, Dec 14, 2024 at 14:28
To: <damiagrussell@gmail.com>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Tue, Dec 17, 2024 at 17:11
To: <lendof.cynthia.a@dol.gov>

[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                                    Wed, Dec 18, 2024 at 17:22
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

I hope all is well. I apologize for just getting back to you. Please let me know your status. When we last communicated, you were looking for full-time telework positions, which, as you are aware, are not available in the Department of Athletics. Is your status the same as when we

last spoke?

I look forward to hearing back from you.

Best,
Katina
[Quoted text hidden]



**Kay Williams <joneskjdoc@gmail.com>**

---

**Military Reemployment Status**
19 messages

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Wed, Dec 18, 2024 at 13:11
To: Katina Porter <krp8@georgetown.edu>
Cc: <ss667@georgetown.edu>
Bcc: <lendof.cynthia.a@dol.gov>, Kay Williams <joneskjdoc@gmail.com>, <damiagrussell@gmail.com>

Hello Katina,

I hope you're doing well. I wanted to check in and confirm whether you are still assigned to my case and whether you are still at Georgetown University.

It has now been 8 months since I first expressed my interest in returning to Georgetown University. Despite multiple attempts to follow up and secure a position, I have not been reinstated, and I have not received any updates regarding the positions I applied for. My last application was submitted for a position on November 15, 2024. I followed up with you, via email, on November 21, 2024 and on December 14, 2024. However, I have yet to receive any response or acknowledgment.

I have applied for several positions, both hybrid and in-person, and I remain open to any role that I qualify for. This lack of communication and resolution has been incredibly frustrating, as I have been actively waiting for an opportunity to return to Georgetown. The delay has also caused significant stress and uncertainty, as it directly impacts both my professional career and personal well-being.

Since my medical retirement from the Army, my family and I have been living in the DMV area since May 2024, and I have communicated this to my supervisor, Coach Alton McKenzie. While my family is settling in, the ongoing uncertainty surrounding my reinstatement has had a substantial impact on my ability to plan for the future. The lack of a clear resolution is affecting my sense of stability, and my professional trajectory has been hindered as I continue to wait for an opportunity to return to work.

Furthermore, the postponement of my reinstatement is directly affecting my benefits with Georgetown University. The ambiguity surrounding my employment status has resulted in significant mental distress and has deprived me of the stability I require, particularly in light of the health challenges I have encountered since my military retirement.

Given the circumstances, I am deeply concerned about whether I am missing any necessary documentation or requirements that might be causing this delay. Is there any reason why I have not been reinstated? I submitted an HR ticket on December 17, 2024, seeking clarification, but I have not yet received any response.

I would sincerely appreciate it if you could provide an update on my status within the next 5 business days. I am eager to resolve this matter as soon as possible and to regain the stability I need to move forward professionally and personally.

Thank you for your attention to this important issue. I look forward to your prompt response.

Best regards,

Kaymarie Williams

---

**Kay Williams** <joneskjdoc@gmail.com>                                     Wed, Dec 18, 2024 at 13:12
To: Alton McKenzie <aam83@georgetown.edu>

Hello Coach,

I forgot to include you on this email. Please see below.

Best,
Kay
[Quoted text hidden]

---

**Alton McKenzie** <aam83@georgetown.edu>                                   Wed, Dec 18, 2024 at 13:36
To: Kay Williams <joneskjdoc@gmail.com>

Kay,

Thanks for the update (and sharing what you sent to Katina). I'm at the Convention. Let's talk soon to go through some of what you shared.

Probably on Saturday would work best for me to catch up (in the afternoon probably).

Thanks

Sent from my iPhone

On Dec 18, 2024, at 1:13 PM, Kay Williams <joneskjdoc@gmail.com> wrote:

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                     Wed, Dec 18, 2024 at 13:37
To: Alton McKenzie <aam83@georgetown.edu>

Thank you, Coach. I look forward to hearing from you.
[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                                     Wed, Dec 18, 2024 at 17:25

To: Kay Williams <joneskjdoc@gmail.com>
Cc: <ss667@georgetown.edu>

Hi Kaymarie,

I received your December 14th email and have responded to that message. Please feel free to respond, but in essence, I would like to know your current availability status. When we last communicated, you indicated that you were seeking full-time telework employment, which as you are aware, is not available in the Department of Athletics. I would appreciate your feedback.

Thank you,
Katina
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Wed, Dec 18, 2024 at 17:56
To: <lendof.cynthia.a@dol.gov>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Wed, Dec 18, 2024 at 19:21
To: Katina Porter <krp8@georgetown.edu>
Cc: <ss667@georgetown.edu>, Alton McKenzie <aam83@georgetown.edu>
Bcc: <lendof.cynthia.a@dol.gov>, <damiagrussell@gmail.com>, Kay Williams <joneskjdoc@gmail.com>

Hello Katina.

Thank you for reaching out to me. I received your email today in response to my December 14th email.

Availability status: Available with 1 limited exception; December 28, 2024 - January 6, 2025 (planning and organizing my uncle's funeral out-of-country).

When we last communicated on May 23, 2024 I indicated, "I am only interested in available positions that are hybrid or telework." This was a statement of preference rather than a restriction on my availability.

In my email to you on November 21, 2024, I noted my completed application for Coordinator, Student Athlete Services position in the Department of Athletics, an on-site role that falls below my seniority level. My willingness to consider positions outside my typical scope was intentional in aligning my skills with the needs of the university.

I understand there are no telework positions in the department of athletics but there are hybrid positions available on the GU careers website that are athletically related, such as the Associate Director of Athletics Stewardship and Engagement Communication in the Office of Advancement. To clarify, I am sharing this position because, like I expressed to you on April 5, 2024, I am open to other positions that aligns with my education and experience.

I remain fully committed to fulfilling any employment obligations, including those in-person, as required by the university. For your attention and action.

Best regards,
Kaymarie Williams

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Wed, Dec 18, 2024 at 20:10

To: <howardhuejohnson@gmail.com>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                     Wed, Dec 18, 2024 at 20:11
To: <howardhuejohnson@gmail.com>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                     Wed, Dec 18, 2024 at 20:11
To: <howardhuejohnson@gmail.com>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                     Thu, Dec 19, 2024 at 10:00
To: Alton McKenzie <aam83@georgetown.edu>

[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                                     Thu, Dec 19, 2024 at 12:23
To: Kay Williams <joneskjdoc@gmail.com>
Cc: <ss667@georgetown.edu>, Alton McKenzie <aam83@georgetown.edu>

Hi Kaymarie,

Thank you for your response and for letting me know about your current availability. As I've provided previously, I will look through open positions at the University and provide you with links to those descriptions. Please review them and let me know if you are interested in applying for them.

It would also be helpful for you, Alton and I to connect in early January. I'm happy to coordinate that meeting and send day/time options to both of you.

Best,
Katina
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                     Thu, Dec 19, 2024 at 12:24
To: <lendof.cynthia.a@dol.gov>
Bcc: <damiagrussell@gmail.com>, <howardhuejohnson@gmail.com>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                     Thu, Dec 19, 2024 at 13:01
To: Katina Porter <krp8@georgetown.edu>
Cc: <ss667@georgetown.edu>, Alton McKenzie <aam83@georgetown.edu>
Bcc: <lendof.cynthia.a@dol.gov>, <damiagrussell@gmail.com>, <howardhuejohnson@gmail.com>

Hello Katina,

I am unable to access GMS. Please answer my previous inquiry about my employment status. As of today, what is my employment status at Georgetown University?

Best Regards,
Kaymarie Williams
[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                    Thu, Dec 19, 2024 at 14:11
To: Kay Williams <joneskjdoc@gmail.com>
Cc: <ss667@georgetown.edu>, Alton McKenzie <aam83@georgetown.edu>

Sorry I missed that part of your message. You are currently "on leave" in GMS.
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                    Thu, Dec 19, 2024 at 14:12
To: <lendof.cynthia.a@dol.gov>
Bcc: <howardhuejohnson@gmail.com>, <damiagrussell@gmail.com>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                    Thu, Dec 19, 2024 at 14:34
To: Katina Porter <krp8@georgetown.edu>
Cc: <ss667@georgetown.edu>, Alton McKenzie <aam83@georgetown.edu>

Hello Katina,

Thank you for providing me with the requested information. Please provide a copy of my contract.

Best Regards,
Kaymarie Williams

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                    Thu, Dec 19, 2024 at 14:34
Bcc: <lendof.cynthia.a@dol.gov>, <damiagrussell@gmail.com>, <howardhuejohnson@gmail.com>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                    Mon, Jan 13 at 14:25
To: Alton McKenzie <aam83@georgetown.edu>

[Quoted text hidden]

 Gmail

**Kay Williams <joneskjdoc@gmail.com>**

---

## Re: USERRA & ADA Violation Concerns
6 messages

---

**Kay Williams** <joneskjdoc@gmail.com>                                              Wed, Jan 15 at 09:51
To: Katina Porter <krp8@georgetown.edu>, <ss667@georgetown.edu>
Cc: Alton McKenzie <aam83@georgetown.edu>, <lendof.cynthia.a@dol.gov>
Bcc: <damiagrussell@gmail.com>, <howardhuejohnson@gmail.com>

Good morning,

It has been nine months since I initially communicated my interest in returning to the university. During this time, I was not reinstated to my prior position but was instead directed to apply for several other roles. Despite following this guidance and applying to those positions, while keeping you informed throughout the process, I was not placed into any of the positions. I believe I have been subjected to ongoing discrimination throughout this process.

Based on our conversation on January 14, you shared that my position has been opened since I left the university on active duty and that "they knew not to hire anyone in your position." Upon speaking with my supervisor last evening, I was informed once more that my previous position is no longer available.

Additionally, I requested a copy of my contract from you, which I have yet to receive. You mentioned that you would send me information regarding other positions to apply for, but I have not received anything further on this matter. Regardless, your persistent approach of sending open positions for me to apply for, without reinstating me (especially after nine months of me trying), comes across as discriminatory and undermines my rights under USERRA.

As of now, the university remains in violation of my USERRA rights. Under USERRA, I should have been reinstated to my position within two weeks of providing my DD 214. Before I left for service, you told me to reach out 90 days after I returned from my tour, I reached out in 4, yet, no reinstatement. If my requested accommodations for telework or remote work due to my service-connected disabilities and pregnancy were not feasible, it was the university's responsibility to inform me and provide clear guidance toward an appropriate resolution.

The delays and lack of communication over the past nine months have been deeply distressing, and your call yesterday has only added to the stress of this already traumatic experience.

At this point, I am requesting that you contact Investigator Lendof regarding my reinstatement and further resolution of this matter.

Thank you for your attention to this issue.

Best,

Kaymarie Williams

On Tue, Jan 14, 2025 at 15:27 Kay Williams <joneskjdoc@gmail.com> wrote:
  Hello Katina,

  Thank you for reaching out to inform me about the availability of my position at Georgetown University.

  While I understand that I have the option to return to my current role at any time, I would prefer to first have a discussion with my supervisor, Coach McKenzie, before making a final decision regarding my next steps.

I will reach out to you tomorrow, January 15, before close of business.

Best,

Kay


On Tue, Jan 14, 2025 at 13:26 Katina Porter <krp8@georgetown.edu> wrote:
> Sounds good, talk to you then.
>
>> On Tue, Jan 14, 2025 at 1:14 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>> Katina,
>>
>> Please call 864-209-9775.
>>
>> Best,
>> Kay
>>
>>> On Tue, Jan 14, 2025 at 12:37 Katina Porter <krp8@georgetown.edu> wrote:
>>> Yes 3 is fine. Would you like to do a zoom call or over the phone?
>>>
>>>> On Tue, Jan 14, 2025 at 12:16 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>>>> Katina,
>>>>
>>>> Thank you for your email. Today at 3 PM is fine with me, if that still works for you.
>>>>
>>>> Best,
>>>> Kay
>>>>
>>>> On Tue, Jan 14, 2025 at 11:15 Katina Porter <krp8@georgetown.edu> wrote:
>>>>> Hi Kaymarie,
>>>>>
>>>>> Please let me know if you are available to talk today or tomorrow. I'm available this afternoon at 3pm, or tomorrow I'm open any time after 11:30am. Let me know what works best for you and I will set up a call.
>>>>>
>>>>> Thank you,
>>>>> Katina
>>>>>
>>>>>
>>>>> --
>>>>> Katina Porter
>>>>> Senior HR Business Partner
>>>>> Georgetown University
>>>>> Washington, DC  20057
>>>>> (202) 687-2421
>>>>> krp8@georgetown.edu
>>>>>
>>>>> *Human Resources C.A.R.E.S. for the Georgetown Community*
>>>>>
>>>>>
>>>>> *I host weekly Office Hours on Tuesdays and Thursdays. Please click this link to schedule time. Come with your questions and issues. If you cannot make it to an Office Hour session and would like to set up another 1:1 time, please send me an email with your issue and request for a meeting.*
>>>>>
>>>>>
>>>>> --
>>>>> Katina Porter

Senior HR Business Partner
Georgetown University
Washington, DC  20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown Community*

*I host weekly Office Hours on Tuesdays and Thursdays. Please click this* link *to schedule time. **Come with your questions and issues. If you cannot make it to an Office Hour session and would like to set up another 1:1 time, please send me an email with your issue and request for a meeting.***

[Quoted text hidden]

---

**Alton McKenzie** <aam83@georgetown.edu>                                          Wed, Jan 15 at 12:38
To: Kay Williams <joneskjdoc@gmail.com>, Katina Porter <krp8@georgetown.edu>
Cc: <ss667@georgetown.edu>

Was hoping we could get on a call collectively, but I have an emergency medical matter to tend to (have to head to the hospital) so can't be on a call today.

If possible can we connect tomorrow late morning or early afternoon?

Thanks,
Alton
Sent from my iPhone

> On Jan 15, 2025, at 9:51 AM, Kay Williams <joneskjdoc@gmail.com> wrote:

[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                                          Wed, Jan 15 at 13:52
To: Alton McKenzie <aam83@georgetown.edu>
Cc: Kay Williams <joneskjdoc@gmail.com>, <ss667@georgetown.edu>

Hi Alton - of course. I hope everything is ok. Text me in the morning to let me know your availability and I'll set something up with the three of us.

Take care,
Katina
[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                                          Thu, Jan 16 at 20:50
To: Kay Williams <joneskjdoc@gmail.com>
Cc: Alton McKenzie <aam83@georgetown.edu>

Good evening,

Thank you for your email. As we discussed, and as I understand that Alton also discussed with you, we have been willing to, and will, reinstate you in your Associate Head Coach role. However, until this email, we have not yet understood if you want or accept reinstatement into this role. It is strictly for that reason that we

have discussed alternative roles with you. We would like to discuss this with you so that we can ensure that we understand your wishes and to facilitate this. Are you available on Friday the 16th at 10am? If another time would work better for you, please let us know.

Best,
Katina

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                    Thu, Jan 16 at 21:26
To: <lendof.cynthia.a@dol.gov>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                    Fri, Jan 17 at 07:43
To: Katina Porter <krp8@georgetown.edu>, <ss667@georgetown.edu>
Cc: Alton McKenzie <aam83@georgetown.edu>, <lendof.cynthia.a@dol.gov>
Bcc: <damiagrussell@gmail.com>, <howardhuejohnson@gmail.com>

Katina,

As mentioned in my previous email, please contact Investigator Lendof regarding my reinstatement and further resolution of this matter.

Best,
Kaymarie Williams

[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

## Contract with Georgtown

4 messages

**Kay Williams** <joneskjdoc@gmail.com>                                          Wed, Mar 26 at 02:49
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Prior to meeting you, I asked Katina for my contract twice but I have been unsuccessful. I also asked the DOL VETS investigator but she shared that she cannot provide the information due to the ongoing investigation.

Can you please see what you can do? Can you please request my contract? At some point, in my transition from Georgetown to active duty, I misplaced my contract.

Please let me know if you can help. Also, I have been applying to other positions so please keep an eye on the tracker.

As always, being placed in any position that accommodates my medical needs would be greatly appreciated.

Best,
Kaymarie Williams

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                      Wed, Mar 26 at 09:12
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

I hope you are well. Thank you for your email. I see that you and Katina have updated the table to indicate additional open positions for which you appear to be qualified, and note that you have applied for a number of them. Thanks much for doing that. I have requested the associated position descriptions for the open jobs on the list and am reviewing those as I receive them with an eye toward finding a role in which your medical needs can be accommodated. My goal is to be in a position to let you know next week where you can be placed. I will reach out to you as soon as I know more to provide you with an update and request a meeting with you to discuss placement options.

I will convey your request for your contract to HR.

Thank you, and I look forward to reconnecting soon.
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                          Wed, Mar 26 at 09:53
To: Mary Chlopecki <mc2672@georgetown.edu>

Good morning,

Thanks, Mary, for the update and your service. Your commitment is heartwarming.

Best,
Kaymarie Williams
[Quoted text hidden]

**Mary Chlopecki** <mc2672@georgetown.edu>                                    **Wed, Mar 26 at 09:55**
To: Kay Williams <joneskjdoc@gmail.com>

Ahh, thank you Kaymarie. I am just doing my job. Happy to help. We look forward to getting you back at GU!
[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

## Your Offer Letter and Request To Meet Re Placement

3 messages

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                        Wed, Apr 2 at 13:42
To: Kay Williams <joneskjdoc@gmail.com>

Good Afternoon Kaymarie,

I hope this email finds you well. Please find attached a copy of your offer letter, per your request. I would like to set up a meeting with you this Friday, if you are available, to review potential placement options and next steps. Will you kindly let me know your availability?

Many thanks,
Mary
[Quoted text hidden]
**Kaymarie Williams offer letter.pdf**

---

**Kay Williams** <joneskjdoc@gmail.com>                                        Wed, Apr 2 at 14:39
To: Mary Chlopecki <mc2672@georgetown.edu>

Good afternoon Mary,

Thank you for providing my offer letter.

I am available today, all-day, everyday.
Please note that Friday marks 1 year since I have been trying to get reinstated at Georgetown so if you find a sooner availability in your schedule, that would be great.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                        Wed, Apr 2 at 15:37
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Glad I could assist in obtaining the offer letter. As I understand it, HR is in the process of coordinating with departments with open positions about a placement for you. I am hoping to receive an update today or tomorrow. I will set a tentative meeting for us for this Friday, and if I have any news before then, I will change the meeting to an earlier time.

I hear you that you have been awaiting return to GU for a long time. My ability to assist was limited until I received your medical documentation a couple weeks ago, which supported your reassignment to another position. Since that time, I have been working closely with HR to identify an open position for you. I appreciate that you are ready to get started and ask for just a little more patience as we go through the final steps necessary to get you placed.

Kind regards,
Mary

[Quoted text hidden]



**Kay Williams <joneskjdoc@gmail.com>**

---

## Time to talk
6 messages

---

**Katina Porter** <krp8@georgetown.edu>                                    Tue, Jan 14 at 11:15
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Please let me know if you are available to talk today or tomorrow. I'm available this afternoon at 3pm, or tomorrow I'm open any time after 11:30am. Let me know what works best for you and I will set up a call.

Thank you,
Katina
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Tue, Jan 14 at 12:16
To: Katina Porter <krp8@georgetown.edu>
Bcc: <damiagrussell@gmail.com>, <howardhuejohnson@gmail.com>

Katina,

Thank you for your email. Today at 3 PM is fine with me, if that still works for you.

Best,
Kay
[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                                    Tue, Jan 14 at 12:37
To: Kay Williams <joneskjdoc@gmail.com>

Yes 3 is fine. Would you like to do a zoom call or over the phone?
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Tue, Jan 14 at 13:14
To: Katina Porter <krp8@georgetown.edu>
Bcc: <damiagrussell@gmail.com>

Katina,

Please call 864-209-9775.

Best,
Kay
[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                                    Tue, Jan 14 at 13:26
To: Kay Williams <joneskjdoc@gmail.com>

Sounds good, talk to you then.
[Quoted text hidden]

**Kay Williams** <joneskjdoc@gmail.com>                                    Tue, Jan 14 at 15:27
To: Katina Porter <krp8@georgetown.edu>
Cc: Alton McKenzie <aam83@georgetown.edu>
Bcc: <damiagrussell@gmail.com>, <howardhuejohnson@gmail.com>, <lendof.cynthia.a@dol.gov>

Hello Katina,

Thank you for reaching out to inform me about the availability of my position at Georgetown University.

While I understand that I have the option to return to my current role at any time, I would prefer to first have a discussion with my supervisor, Coach McKenzie, before making a final decision regarding my next steps.

I will reach out to you tomorrow, January 15, before close of business.

Best,

Kay

[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

## Fwd: Kaymarie's employment status.....

**Kay Williams** <joneskjdoc@gmail.com>                                    Thu, Apr 4, 2024 at 19:17
To: <krp8@georgetown.edu>

Hello Katina,

I medically retired from the military which means my tour of duty ended unexpectedly (on 30 March).

Of course, I am aware that Coach McKenzie has someone in my position and I do not wish to bother him in the middle of the season, nor do I want to push anyone out.

Are there any positions available that I can do at Georgetown? Are there any options for me to return to work?

Please let me know.

Best,
Kaymarie Williams

---------- Forwarded message ---------
From: **Kaymarie Williams** <kj546@georgetown.edu>
Date: Sat, Oct 28, 2023 at 02:04
Subject: Fwd: Kaymarie employment status.....
To: SGT Kay Williams <joneskjdoc@gmail.com>



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p:  (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a:  McDonough Arena 3700 O Street NW Washington, DC 20057
**Instagram**: @HoyasTrack
**Twitter**: @HoyasTrackXC

Begin forwarded message:

**From:** Kaymarie Williams <kj546@georgetown.edu>
**Date:** January 31, 2023 at 14:45:35 EST
**To:** Katina Porter <krp8@georgetown.edu>
**Cc:** Alton McKenzie <aam83@georgetown.edu>
**Subject: Re: Kaymarie employment status.....**

Thank you very much, Katina.

Best,



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p:  (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a:  McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

> On Jan 30, 2023, at 17:03, Katina Porter <krp8@georgetown.edu> wrote:
>
>
> Hi Kaymarie and Alton,
>
> My apologies for the delay in my response.
>
> HR will place you on Military Leave and upload a copy of your orders. Alton confirmed that you have been working this month, and you will receive your normal paycheck tomorrow. Therefore, I will put February 1, 2023 as the first day out for military leave.
>
> Your department will have the ability to hire a replacement during your absence. Within 90 days of your military service ending, you will need to re-engage with the University and let us know that you want to and intend to return to your on-campus work. We would work with you to re-employ you.
>
> Please let me know if you have any questions.
>
> Best,
> Katina
>
> On Fri, Jan 20, 2023 at 3:11 AM Kaymarie Williams <kj546@georgetown.edu> wrote:
> > Hello again, Katina. Yes, I am going through processing with the military while working virtually at Georgetown until my direct supervisor (Alton Mckenzie) can make a hire. He is

attached to this email for reference.

Best,



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p: (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a: McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

> On Jan 17, 2023, at 11:11, Katina Porter <krp8@georgetown.edu> wrote:
>
> Hi Kaymarie,
>
> Thanks for forwarding your orders. I am reviewing them and then will get back to you shortly. Please confirm if you have begun your service, since the paperwork indicates that you would need to report on January 12th.
>
> On Sat, Jan 14, 2023 at 10:48 AM Kaymarie Williams <kj546@georgetown.edu> wrote:
>> Hi Katina,
>>
>> Thank you. I received your Help Desk email. Please see my orders attached. I will read the policy as well.
>>
>> Also let me know if you have any questions. Note that my last name changed from Jones to Williams in the past year.
>>
>> Best,



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p: (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a: McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

> On Jan 13, 2023, at 11:02, Katina Porter <krp8@georgetown.edu> wrote:
>
> Thanks Shawn.
>
> Kaymarie - I sent you a separate message a bit earlier this morning. In order to better understand the leave request and to answer your questions, I need to see a copy of the orders. If you can please scan and email them to me, that would be great. In the meantime, I am including a link to HR Policy 607, which provides information about military leave: https://policymanual.hr.georgetown.edu/600-time-away-from-work/607-leave-for-military-duty/
>
> Best,
> Katina
>
> On Fri, Jan 13, 2023 at 10:49 AM Shawn Hendi <shawn.hendi@georgetown.edu> wrote:
>> Katina,
>> I hope all is well. I wanted to start an email thread regarding the employment status of KayMarie Jones, our Associate Head Coach of Track and Field. KayMarie had just returned from maternity leave / disability in late fall semester following the birth of her beautiful daughter. I just received a call from her letting me know that she has orders from the military to serve a 3 year commitment at her home base in NC. She is going to provide these orders to us.

I know KayMarie has some questions regarding process and procedure and I am not an expert in these matters by any means.  So I told her we would start an email chain to discuss options as she is still in NC.

Thanks so much for your help,
Shawn



**Shawn Hendi**
*Senior Associate
Athletic Director for
Student Athlete Health
& Wellness*
**Georgetown
University**
p:  (202) 687-1898
m: (202) 207-4252
f:   (202) 687-4117
w: GUHoyas.com
e:
 sjh56@georgetown.edu
a:  McDonough Arena
3700 O Street NW
Washington, DC 20057
s:  @georgetownhoyas
| @georgetownathletics

The information contained in this transmission may contain privileged and confidential information, including patient information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

--
Katina Porter
HR Business Partner
Georgetown University
Washington, DC  20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown Community*

[Quoted text hidden]

 Outlook

---

**Fwd: Request To Meet Re Reasonable Accommodation**

---

**From** Kay Williams <joneskjdoc@gmail.com>

**Date** Sun 1/4/2026 8:56 PM

**To**    Roland Blackman <roland@blglawyer.com>

📎 3 attachments (2 MB)
VA Entitlement and Benefits Williams Kaymarie.pdf; NARSUM Williams K FT Bragg.pdf; DD 214 RET Member 4.pdf;

Hello Roland,

████████████████████████████████████████████████

Best,
Dr. Kay

---------- Forwarded message ---------
From: **Kay Williams** <joneskjdoc@gmail.com>
Date: Tue, Feb 11, 2025 at 23:53
Subject: Re: Request To Meet Re Reasonable Accommodation
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Thank you. I was medically discharged based on an in-service injury.

The NARSUM is a summary of the medical board's evaluation, finding me permanently disabled. I could not perform essential duties in the Army due to the injury, hence the honorable discharge.

The VA Letter is another confirmation of my injury, granting me permanent and total disability status. There's a more thorough version of the VA letter but its around 50 pages.

These two documents have not been shared with HR (but they have my DD 214). Please do not share it with them — I was not asked to provide any documentation to the HR department as of this date.

My DD 214, which I provided to HR on April 5, 2024, states my permanent and total disability status.

Please let me know if you need anything further.

Best,
Kaymarie Williams

On Tue, Feb 11, 2025 at 15:45 Mary Chlopecki <mc2672@georgetown.edu> wrote:

> Hi Kaymarie,
>
> Thank you for your response to my email. I hear you that you do not wish to communicate directly with Katina regarding your accommodation. I am happy to serve as the point person for ADA accommodation related matters, so that you do not have to interact directly with Katina in regard to that. I would like to give some thought to the most efficient approach to this and will be back in touch within the next couple of days to propose a plan. In the meantime, thank you for your resume and update on your next doctor's appointment. Also, I am not familiar with what information is typically included in a NARSUM or VA Disability letter, but if you don't mind sharing those with me, I think it wouldn't hurt and might help address the questions we need to have addressed to move forward.
>
> Many thanks and I will be back in touch soon.
>
> Kind regards,
> Mary
>
> On Mon, Feb 10, 2025 at 5:07 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>
>> Good Afternoon Mary,
>>
>> Thank you for reaching out regarding my accommodation request. While I appreciate the effort to coordinate a meeting, I am not comfortable speaking with Katina Porter due to previous challenges in the reinstatement process.
>>
>> I have already provided my resume and requested reassignment to any suitable position that aligns with my medical limitations, my qualifications, and the needs of the university to HR. I am consistently asked to apply and compete for jobs, and I have been doing just as I am asked.
>>
>> To ensure a productive process, at this time, I request that all discussions related to my accommodation be handled directly through IDEAA and or DOL VETS. If there are specific questions about potential roles, I am happy to provide input, but at this time, a request to discuss job preference is an ongoing, overwhelming experience that I cannot continue to face.
>>
>> On April 4, 2024, I asked if there were any jobs available for me to return to Georgetown. As of the date of this email, "any jobs" would have sufficed but my reinstatement continues to be delayed. Therefore, another meeting with Katina will only add to my trauma.
>>
>> Additionally, I am still awaiting acknowledgment of the delays in the interactive process that have already occurred.
>>
>> I have an appointment with my medical provider on February 19th so that my provider can complete the medical documentation you requested, however, if you need a copy of my NARSUM that I received from the Army and my VA Disability letter, which I received upon my release from active duty, I can provide that to your office.
>>
>> Please confirm how IDEAA will proceed with my accommodation request while respecting my communication preferences.

Despite my explicit request, that Katina communicate through the investigator due to my trauma, she disregarded my request and contacted me directly. She asked me to confirm whether I needed to be reinstated in my position without considering my disabilities. It seems she was only interested in forcing me into that position even though I I kept requesting accommodation, causing additional distress. Therefore, I hope you can understand why a meeting with her would not help.

I attached a copy of your resume. Again, I am open to any position that you find suitable.

Best,

Kaymarie Williams


On Mon, Feb 10, 2025 at 14:53 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Good Afternoon Kaymarie,

I hope this email finds you well. While we await the return of your medical documentation in support of your IDEAA accommodation request, I would like to set up a meeting with you, me, and Katina Porter of HR to discuss the types of jobs you would be interested in, if it turns out reassignment is the only option to accommodate you. I understand you have already been working with Katina to some extent, but I think it would be helpful for us all to meet and get on the same page regarding what kind of roles you are interested in, what HR can do to assist in identifying those roles, what you should be doing to help identify potential roles, and how to stay coordinated.

Based on Katina's calendar, it looks like she and I are available this Wednesday from 9 10am, 12noon 2:30pm, and 4 5pm. Would you be available for a 45 minute Zoom or phone meeting in any of those time frames? If not, kindly let me know your availability to meet early next week, as Katina appears to be out Thursday and Friday.

Many thanks,
Mary

Mary Chlopecki, Senior Civil Rights Investigator (Pronouns: she, her, hers)
Georgetown University | Office of Institutional Diversity, Equity & Affirmative Action
M-36 Darnall Hall | 37th & O Streets, NW 20057 | Washington, DC 20057
Office: 202-687-6100 | Mobile: 202-573-2316 | Mary.Chlopecki@georgetown.edu

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

---

## Disability Accommodation Request for Employees

**2 messages**

---

**Google Forms** <forms-receipts-noreply@google.com>                    Mon, Feb 3 at 14:08
**To:** <joneskjdoc@gmail.com>

Google Forms

Thanks for filling out Disability Accommodation Request for Employees

Here's what was received.

Edit response

# Disability Accommodation Request for Employees

Georgetown University is committed to the full inclusion of all individuals and to the principal of individual rights and responsibilities. Our accommodation procedures will ensure that persons with a disability will not be denied full and equal access to programs and services or otherwise be subjected to discrimination under programs or activities offered by the University, on the basis of that disability.

An employee in need of an accommodation is encouraged to complete this form and provide written documentation from a physician describing the disability and specifying the accommodation needed to address the employee's disability. These documents must be submitted to the Office of Institutional Diversity, Equity, and Affirmative Action (IDEAA). Because of the confidential nature of the medical documentation, the documentation will be maintained in IDEAA's office and will not be shared with the supervisor. The purpose of this form is to assist the University in determining whether, or to what extent, a reasonable accommodation is required for an employee to perform the essential functions of the position safely and effectively.

Detailed information about reasonable accommodations for disabilities can be found at

https://ideaa.georgetown.edu/ada/disability-accommodations/

Email *

joneskjdoc@gmail.com

Campus *

Main Campus ▼

Employee Type *

Staff/AAP ▼

Name *

Kaymarie Williams

Medical Records No.: (if insured by Kaiser Permanente)

Home Address: (if insured by Kaiser Permanente)

Position Title *

Associate Head Coach of Track & Field/Cross Country

Department *

Athletics

Phone Number *

8642099775

Supervisor's Name *

Alton McKenzie

Supervisor's Title *

Director of Track & Field/Cross Country

Supervisor's Email  Address *

aam83@georgetown.edu

Are you requesting exemption from the University's COVID-19 vaccination and/or booster requirement? *

☐    Yes

☑ No

---

Identify and describe the physical or mental disability, illness, condition or disease that is the basis for your request for reasonable accommodation by the University. *

My request for reasonable accommodation is based on multiple service-connected disabilities, including major depressive disorder, degenerative disc disease, cervical and lumbar radiculopathy, shoulder strain with joint instability, bilateral foot and ankle conditions (and several others). These conditions limit my ability to perform the physically demanding duties of my previous coaching role, even with modifications. Due to chronic pain, mobility restrictions, and the inability to engage in prolonged physical activity, I am requesting an alternative accommodation or reassignment to a position that aligns with my medical limitations.

---

Identify and describe the essential functions of the position that you are unable to perform without a reasonable accommodation. *

The essential functions that I am unable to perform without reasonable accommodation include:
    1.    Physical Demonstration of Techniques – The role requires actively demonstrating track and field techniques, which is difficult due to mobility limitations, chronic pain, and joint instability.
    2.    On-Field Coaching and Supervision – Prolonged standing, walking, and moving across athletic fields are required, which my degenerative disc disease, radiculopathy, and lower extremity conditions prevent me from doing consistently.
    3.    Travel Requirements – The position requires frequent travel for competitions and recruiting, which is challenging due to my medical conditions, including chronic pain and limited mobility.
    4.    Lifting and Equipment Setup – Handling and setting up training equipment involves lifting and carrying, which my upper extremity conditions and joint instability make difficult.

Without reasonable accommodation, these essential functions cannot be performed effectively while maintaining my health and well-being.

---

Identify and describe the reasonable accommodation(s) you believe are needed to enable you to perform the essential functions of the position properly and safely, including special equipment, changes in the physical layout of the jobsite or other accommodations. *

I am requesting a reasonable accommodation in the form of an alternative position that allows for telework or a hybrid work arrangement. Due to my medical conditions, including degenerative disc disease, radiculopathy, chronic pain, and joint instability, I am unable to perform the physically demanding aspects of my previous coaching role. Despite my repeated attempts to engage in the interactive process with the Human Resources Department (via Katina Porter), the reinstatement process has been unnecessarily difficult, creating additional mental and physical distress. A telework or hybrid position would allow me to contribute effectively while managing my health conditions, ensuring I can return to work at Georgetown and perform my duties safely without exacerbating my medical limitations.

Identify and describe any equipment, aids, or services that you are willing to provide and utilize. *

Adaptive equipment, such as ergonomic seating, voice-to-text software, and other assistive technologies that support my ability to work effectively. Additionally, I am open to utilizing remote communication tools, such as video conferencing and project management software, to facilitate collaboration in a telework or hybrid role. I am committed to maintaining productivity and engagement while ensuring my medical conditions are properly managed.

**AUTHORIZATION FOR RELEASE AND DISCLOSURE OF MEDICAL RECORDS AND HEALTH INFORMATION**

Please complete and attach a medical information release form. The form can be found at https://georgetown.app.box.com/s/05hnz8l6010rtm3x2237uwsuorq5xiy3.

If you are unable to submit the release form at this time, you will be able to edit your application (including adding attachments) after submission. Google Forms will send you an email with a copy of your application to retain for your records. This emailed copy will also include an "Edit response" button. Clicking that button will return you to your application and allow you to upload your completed release form. It is important that you retain that email for any future updates to your application.

Please contact the Office of Institutional Diversity, Equity & Affirmative Action at ideaa@georgetown.edu if you have any questions.

Please attach your completed medical release form.

You can also attach up to 4 additional files if you have supplemental information you would like to submit.

Submitted files

> PDF SIGNED Medical Release Form 2022 (4) - Kaymarie Williams.pdf

Create your own Google Form

Does this form look suspicious? Report

---

**Kay Williams** <joneskjdoc@gmail.com>                                        Mon, Feb 3 at 14:08
To: drkayjwill@gmail.com <drkayjwill@gmail.com>

   **[Quoted text hidden]**

CONFIDENTIAL



**GEORGETOWN UNIVERSITY**

*Office of Institutional Diversity, Equity, and Affirmative Action*

October 16, 2025

Ms. Kaymarie Williams
*Sent Via Email: joneskjdoc@gmail.com*

**RE: NOTICE OF CLOSURE OF REASONABLE ACCOMMODATION REQUESTS
AND TERMINATION OF EMPLOYMENT**

Dear Kaymarie,

I hope this email finds you well. On September 22, 2025, I conveyed to you Georgetown
University's offer to reassign you, as a reasonable accommodation, into the role of Learning &
Development Coordinator. You did not accept the offer, but instead raised a number of questions,
concerns, and requests relating to the role. I have been working with you, your prospective
manager, and other individuals in Human Resources (HR) over the past several weeks to address
these matters. Set out below is a summary of the main issues you raised and the responses
provided to you.

- You asked about the specific terms of the offer and to see a formal offer letter. This was
  provided to you on October 7, 2025.
- You inquired about training opportunities in the role, and I spoke with the manager about
  that and coordinated an introduction between the two of you and encouraged you to meet
  with her to discuss any questions you had about the role. In an email of October 7, 2025,
  she agreed to meet with you and offered her availability. You did not set up a time to
  speak with her.
- You advised me that you would need reasonable accommodation in the role (which in an
  October 2, 2025, email you clarified meant having your in-person reporting days limited
  to two per week, the ability to take short breaks, a low-stimulation workspace, and
  gradual onboarding) and asked how to request it. On September 25 and October 2, 2025,
  I emailed you information about the accommodation request process, including a link to
  the request form and a list of information we would need from your healthcare provider
  (HCP) in support of your request. As of this date, neither you nor your HCP has supplied
  any further information in support of this request.

1

**CONFIDENTIAL**

- You asked that your start date be extended to accommodate an upcoming surgery, which extension HR provided.
- You asked for information about how your leave balances would be handled, and I obtained that information from HR and was planning to communicate that to you this week, along with addressing your question about the comparability, for purposes of USERRA, between the role being offered to you and your previous role at Georgetown (although I have already addressed the latter question with you).

On October 7, 2025, you shared with me in an email that you and your HCP were concerned that a placement in HR could aggravate your health condition. You stated that you would be meeting with her on October 9, 2025. On Friday, October 10, 2025, you submitted a Reasonable Accommodation Request form to IDEAA that stated that "[d]ue to my documented mental health condition, reinstating me to a position within the Human Resources Department would likely aggravate my symptoms and create a medically unsuitable work environment." You requested as an accommodation that you be reassigned to another position outside of HR. On October 14, 2025, your prospective manager emailed you to ask if you had a chance to review your offer letter and if you would be available to meet with her this week. You responded: "Due to my documented disability, I am requesting to be in any department, other than HR, and have completed the request for such an accommodation through IDEAA. I hope you understand."

IDEAA has reviewed your Reasonable Accommodation Request of October 10, 2025. Taking into account your statements in that request, and the totality of your communications regarding the Learning & Development Coordinator job, including those referenced above, we understand that it is your position that you are either unable or unwilling to take a job in HR, including the Learning & Development Coordinator role that has been offered to you. Because you have indicated that you cannot or will not take a position in HR, IDEAA finds it unnecessary to engage in an interactive process with you regarding the potential accommodations you mentioned in your communication of October 2, 2025, relating to performance of the Learning & Development Coordinator role.

Given that this is the case, and as the University has now offered you two effective, reasonable job opportunities in the accommodation process, for which you were qualified and which you have rejected, we must conclude this process. After the University offered to restore you to your original position as Associate Head Track Coach, and you indicated that you could not perform that role due to disability, we located and offered you two other positions, and for each, you ultimately indicated that you could not perform the essential job functions, with or without accommodation. Accordingly, effective with this email, IDEAA has fulfilled its obligation and is closing the interactive process relating to all of your reasonable accommodation requests, including those made using Reasonable Accommodation Request forms on February 3 and October 10, 2025, and any mentioned in between in any form. Should you wish to request

**CONFIDENTIAL**

reconsideration of this decision, you may do so within ten calendar days of the date of this email by submitting a request to the Associate Vice President for Equal Opportunity, Affirmative Action and Compliance in IDEAA at ideaa@georgetown.edu.

IDEAA notified HR that the interactive process relating to your accommodation requests has ended without a reassignment that you are willing to accept, and therefore that all your pending accommodation requests with IDEAA are closed. Accordingly, Georgetown has terminated your employment effective today. Please find attached a letter to you from Anthony Kinslow, Vice President and Chief Human Resources Officer, providing formal notice of your termination and related information.

I'm sorry that this is where this ended. We tried very hard to create a path for your return.

Wishing you all the best,
Mary

cc:  Anthony Kinslow, Vice President and Chief Human Resources Officer

Attachment: October 16, 2025 Letter from Anthony Kinslow to Kaymarie Williams

3

DocuSign Envelope ID: 4FD26826-7753-4006-83AC-9B545CD09AA4



**SENT VIA ELECTRONIC MAIL**

July 20, 2021

Kaymarie Jones
joneskjdoc@gmail.com

Dear Kaymarie,

It is with great pleasure that I formally offer you a position in the Department of Intercollegiate Athletics at Georgetown University, as Associate Head Coach for Men's and Women's Track & Field/Cross Country.   We are very pleased you will be joining our department.

The terms and conditions of your employment with Georgetown University are as follows:

1.  In this position, you will report to Alton McKenzie, Director of Men's and Women's Track & Field/Cross Country, and be responsible for the duties set forth in your position description, as well as other duties as may be assigned to you.

2.  Your gross annualized salary is $65,000.04 and you are scheduled to be paid on a monthly basis ($5,416.67 per month). The University shall also provide a mobile telephone allowance of $900.00 per year.  Your total salary and allowance is $65,900.04.

3.  Your compensation package will also include the standard employee benefits package for which you qualify as a full-time Georgetown University Academic and Administrative Professional ("AAP") employee, including, for example, health insurance benefits, retirement benefits, disability benefits, tuition assistance, and paid leave as those benefits may from time to time be amended or modified by the University.   Current information regarding eligibility for specific benefits is available at http://benefits.georgetown.edu.

4.  The term of employment shall be for a period effective beginning August 1, and concluding on June 30, 2023 ("Term"), or thirty (30) calendar days after any personnel change to the position of the Director of Men's and Women's Track & Field/Cross Country.  In the event of such termination, the respective obligations of you and the University shall cease as of the date of termination.  Term status does not guarantee employment for the duration of the term.

5.  This offer is conditional upon your eligibility to work in the United States.  On your first day of work you will receive an email in your Georgetown University email account with instructions for completing Section 1 of the electronic I-9 Form in the Georgetown Management System (GMS).  At that time, if not sooner, you are to report to Dan Trump in the Athletics Department with the original, unexpired, required document(s) from the "***Lists of Acceptable Documents"*** identified on page 9 of the Form I-9 in order for Georgetown University to complete Section 2 of your Form I-9, and confirm your eligibility to work in the United States. ***In accordance with federal law, if you do not present the required document(s) within three business days of starting work we will be required to remove you from payroll, and not permit you to continue working until you have presented the required documents(s).***

6.  Your employment at Georgetown University will be at-will.  In accordance with Georgetown University Human Resources Policies, you will be classified as and be subject to the applicable policies and practices for Regular and AAP employees, including those set forth in the Human Resources Policies, as those policies may from time to time be amended or modified by the University.  Current versions of the Human Resources policies are available at





https://sites.google.com/a/georgetown.edu/human-resources-policy-manual/.  In addition, you will be subject to applicable departmental policies and practices.

7.  You will be on a probationary status for the first 12 months of employment.

8.  All newly hired Georgetown University employees must attend a New Hire Orientation as well as a Benefits Orientation. You will be scheduled for the appropriate sessions once your new hire information is received in University Human Resources. Benefits Orientations will be held each Tuesday at 9:00 a.m. You may wait to be assigned to a session or sign up at http://benefits.georgetown.edu/. You have 60 days from your date of hire to enroll in your benefits through the Georgetown Management System (GMS). Medical, dental, vision, flexible spending and supplemental life insurance benefits will take effect on *either* the: A. the first of the month following your date of hire; *or* B. if your date of hire is the first of the month, on that day. Basic life insurance, basic AD&D, short term disability, long term disability, and retirement become effective on your date of hire. In the event that you do not elect benefits through GMS, your next opportunity to enroll will be during open enrollment held in the fall of each year. Please note that attending a Benefits Orientation session does not automatically enroll you in any of the University's benefits.

9.  **Data Security Policies**:  Your attention is directed to the following important data security policies which apply to all employees:

    ➢ The Georgetown University Computer Systems Acceptable Use Policy (https://sites.google.com/a/georgetown.edu/human-resources-policy-manual/section-1000-university-policies/1005-georgetown-university-computer-systems-acceptable-use-policy)
    ➢ The Georgetown University Information Security Policy (http://security.georgetown.edu/technology-policies/related-policies/information-security-policy)
    ➢ The Policy on the Use, Collection, and Retention of Social Security Numbers by Georgetown University (https://security.georgetown.edu/technology-policies/use-collection-retention-policy)

10.  **Confidentiality Statement:** You will have access to information that is highly confidential and sensitive in nature. Therefore, you will be required to sign a confidentiality agreement as a condition of your employment.

11.  **Background Check:** Your position requires a background check and you cannot start work until the background check is cleared. This offer is conditional upon your consent to and satisfactory clearance of the background check.  The University uses a third-party screening vendor and you will receive an email from customersupport@hireright.com to begin this process. If you do not receive an email to start the background check process before your scheduled start date, please contact me.

12.  **References:** You have provided us with work references. This offer is conditional upon satisfactory reference checks.

I invite you, as a new Georgetown University employee, to learn more about the rich traditions embodied in the Mission of the University: our belief that diversity promotes understanding, our intellectual openness, our international character and our commitment to the principles of lifelong self-reflective learning, responsible community membership, the common good and generous service to others.  When you join our community, you also become part of the living legacy of our unique mission. We hope that as you join our University community you may find here not only professional growth and opportunity but also the personal satisfaction that comes from exploring our mission in your own distinct way.





On behalf of Georgetown, welcome to the Hilltop – we look forward to an exciting year ahead!  If you have any questions, or need additional information, please feel free to contact me at (202) 687-6573.  Please sign the original as your acceptance of the appointment and return it to me – I encourage you to keep a copy for your records.

Hoya Saxa!

Dan Trump
Senior Associate Athletics Director for Internal Operations

I have read and accept the terms of this appointment.

_____        7/20/2021
Signature                                                                          Date

Kaymarie Jones
_____
Print Name

## **Georgetown Athletics Mission Statement**

**Georgetown University has a distinctive identity in intercollegiate athletics.  Inspired by the University's Jesuit identity and educational mission, our Athletics program seeks to develop the talents, character and leadership qualities of all student-athletes and members of our community. We aspire for our coaches and student-athletes to exemplify the excellence and integrity of the Georgetown community.**

## **Georgetown Athletics Core Values**

*INTEGRITY/EDUCATIONAL EXCELLENCE/COMPETITIVE SUCCESS/COMMUNITY/LEADERSHIP*

*STUDENT-ATHLETE CENTERED*
*COACH DRIVEN*
*ADMINISTRATOR ASSISTED*

Date:    June 4, 2025

To:    Cheryl Rost

Senior Civil Rights Investigator & Compliance Manager

Office of Institutional Diversity, Equity, & Affirmative Action

Re:    **Kaymarie Williams' Rebuttal to Georgetown University Human Resources'**

**Response to IDEEA Investigation**

Dear Ms. Rost,

Thank you for the opportunity to respond to Georgetown University Human Resources' submission dated June 1, 2025, regarding the discrimination and accommodation claims I raised under USERRA, ADA, and the Pregnancy Discrimination Act.

I respectfully disagree with many of the characterizations made by HR and would like to provide the following clarifications and context:

### 1. Failure to Engage in a Timely Interactive Process

While HR claims that an interactive process began in January 2025 after learning of my formal request for accommodation, under USERRA, I first inquired about reinstatement and accommodation beginning as early as May 16, 2024 at 3:13 PM (see attachment Email 1, go to page 9) and HR failed to continue with the interactive process from May 23, 2024 - December 18, 2024. I was the last person to send HR a follow-up email on May 23, 2024 at 10:16 PM (see attachment Email 1, go to page 9) after which I did not receive a response from HR. I reached out to HR again,after giving birth, on November 21, 2024 at 11:05 AM (see attachment Email 1, go to page 10), still no response received from HR. I sent another follow-up email on December 14, 2024 at 2:10 PM (see attachment Email 2, go to page 1) asking if the HR Department could do anything for my return, yet, no response received from HR.

I filed a formal claim with DOL VETS on December 16, 2024 at 5:44 PM (contact Cynthia Lendoff for proof thru lendof.cynthia.a@dol.gov). On December 18, 2024 at 1:11 PM (see Email 3 - pg 1), I sent another email to HR through Katina Porter, asking if she was still assigned to my case since I did not hear from the department.I stated that I started to apply for in-person positions and shared the significant stresses from the entire reinstatement process. I attached Ms. Porter's supervisor, Sonya D. Sims, to the email and shared once more my presence in the DMV.  It was only then that I finally received two responses from HR on December 18, 2024 at 5:22 PM  and 5:25 PM (See Email 2, pg 8). Katina Porter responded to my "Final" email attempt  without considering my need for accommodation based on my disability and pregnancy (now post-pregnancy), as disclosed in my May 16, 2024 email. Since the said date, HR has been ignoring my accommodation request for telework or remote due to my disability and pregnancy, claiming that my request is a

preference thus making me feel as such. I want to clarify that my initial framing of remote or telework as a "preference" was influenced by how HR repeatedly characterized my requested need for the accommodation based on my disability and pregnancy. This made me second-guess the legitimacy of my medical needs and feel heavily discouraged from disclosing the full extent of my limitations, out of fear that I would be penalized or discredited even further.

In June, I received no responses from HR, and as mentioned, no email between May 23, 2024 and December 18, 2024 despite several outreach efforts. It was only after I filed a DOL-VETS complaint on December 16, 2024 that the university resumed contact. HR's sudden re-engagement after federal involvement strongly suggests that my concerns were not being taken seriously and raises concerns of retaliation and indifference. This prolonged silence caused unnecessary stress and uncertainty and appears inconsistent with their stated obligations under USERRA and ADA.

I asked for a copy of my employment contract on December 19, 2024 at 2:34 PM (See Email 3 - pg 5) and on January 15, 2025 at 9:51 AM but did not receive a copy or a response to that request as of today, June 4, 2024. I requested a copy from IDEEA on March 26, 2025 and received a copy from that office on April 2, 2025 (See Email 5 & 6). The delay in receiving this critical documentation added to my confusion and distress during the reinstatement process. It also hindered my ability to fully understand my employment terms, further undermining my trust in HR's willingness to support me in good faith. HR's attempt at strategically delaying my reinstatement and their lack of transparency caused significant mental and emotional distress, which directly impacted my military-service conditions, intensifying symptoms that interfered with my recovery and stability, which forced me to resign from my position from the Department of Veterans Affairs to preserve my health.

## 2. Misrepresentation of My Availability and Communication

I never stated that I was categorically unavailable to return to work. I communicated that due to my service-connected disabilities and pregnancy, I would need accommodations, including either remote work or a hybrid schedule with minimal in-person attendance. See emails. Rather than treating that as an official request to trigger accommodation support, HR labeled it as a "preference," delaying the process and contributing to significant confusion and hardship. Please see the attached emails.

### 3. Qualified but Denied Reinstatement or Comparable Roles

At the time I returned from active duty, I held a BA and an MBA. I was completing my doctorate and went back to college for a graduate certificate because I did not want HR to continue telling me how unqualified I was for all positions I applied for since trying to be reinstated. That still did not matter. Until the date of their response, they are still saying I do not qualify for even the entry level positions. I now hold an Educational Doctorate in Organizational Leadership, an MBA in Leadership, a Graduate Certificate in Human Resources, a BA in English & Mass Communications along with over a decade of experience in coaching, teaching, and higher education administration. HR claims I did not qualify for the Academic Advising position in Athletics, even though I provided my resume to Katina with my teaching experience on April 4, 2024 (See email to Katina attachment). Also, HR claims I was not qualified for any of the 23 positions reviewed—even when several of those

were entry-to-mid-level roles for which I met or exceeded qualifications. I also applied to at least 15 roles, some suggested by HR, and received no interviews. Of the 23 jobs HR reviewed, I would like to see how the department eliminated me from the positions and who was hired instead. Considering my academic credentials, military experience, and my experience in higher education, it is overwhelmingly stressful to feel such heavy rejection, retaliation, discrimination, and disrespect from my employer. I am disheartened by HR's response and their omission of the truth. For this reason, all correspondence with HR is attached to this email.

The HR Department advertises over 100 positions daily, yet I do not qualify for one, even before the university learned more of my medical limitations in April 2025. This pattern raises concerns of systemic exclusion and retaliation.

From April 4, 2024 through January 14, 2025, I was not told, not once, that my position was available but even then I was ignored for my request for accomodation due to my disability and pregnancy.

### 4. Damage and Adverse Impact

The long delay and denial of reinstatement forced me to resign from my position at the VA due to the emotional and physical toll the university's prolonged inaction had on my health and livelihood. I also incurred medical, legal, and financial strain directly tied to Georgetown's inconsistent communication, failure to uphold its responsibilities under USERRA, and the lack of reasonable accommodation.

### 5. Inconsistencies with Past Representation

HR's response contradicts earlier communication with IDEEA where I was told not to worry about the specific demands of a role and that accommodations could be arranged based on my condition. I relied on that guidance in good faith.

I remain willing to work toward a resolution but request that my claims be reviewed in full view of this broader and more accurate context.

### 6. Addressing the Response for  Allegation 2

Additionally, HRfailed to acknowledge or accommodate my pregnancy during the reinstatement and job search process. Despite disclosing my condition, no efforts were made to consider the impact of my pregnancy on my work capacity or schedule, nor were pregnancy-related limitations factored into the accommodation process. This disregard adds to my concern of discrimination under the Pregnancy Discrimination Act (PDA).

Finally, HR failed to fulfill their responsibility to inform me of available resources like IDEAA or continue the interactive process after expressing my concern for my disability and pregnancy. Instead, the HR Department treated my disclosure as a preference and did not guide me through my rights or options, which discouraged me from sharing more of my

limitations. This failure undermined my ability to access proper accommodations for over a year and may constitute a violation of ADA & PDA.

Best,

Kaymarie Williams

joneskjdoc@gmail.com

864-209-9775

Fort Belvoir, VA 22060

# Kaymarie Williams

Fort Belvoir, VA 22060

Email: joneskjdoc@gmail.com

October 25, 2025

Re: Notice of Closure of Accommodation Requests and Termination of Employment on October 16, 2025

Dear Associate Vice President for Equal Opportunity, Affirmative Action and Compliance,

I respectfully request reconsideration of IDEAA's October 16, 2025, decision closing my accommodation requests and the related termination action.

At the core, I disagree with the statement that I was "unwilling to accept" any position or that I have "rejected" positions in which I was qualified. I never rejected Georgetown's offers for accommodation. I inquired about the positions and to be clear, my questions were about whether Georgetown would provide reasonable accommodations so I could safely perform the essential functions of the positions offered—particularly given that the last assignment within HR was already triggering my documented medical condition.

I would like to clearly state that several statements made by Mary Choplecki in this matter are false representations of my actions, character, and intentions. Mary's responses to my requests for accommodation do not accurately reflect my willingness to accept a position or to engage in the interactive process in good faith.

- On April 22, 2025, I received my first Offer of Accommodation and on the same day, I requested an accommodation for that role, via email to Mary. On April 23, 2025, Mary stated, "As the department is currently holding this role open for you and has many other applicants, we need to let them know whether you will accept the job or not. Kindly let me know as soon as possible, and no later than the end of the day tomorrow, April 24, 2025, whether you accept or decline the offer, and if you accept, when you will be available to begin work." On April 24, 2025, I responded, "I am NOT declining the Business Administration role! Please do not conclude anything from my responses if it is not utterly expressed…To clarify, yes I accept the administrative role, however, I need to be cleared by my medical provider." On April 25, 2025, the position was withdrawn by Mary because of my request for accommodation. I

clarified, on that same day, that I was not refusing to work and several other key points, yet Mary still withdrew the position.

- As for the Second Offer of Accommodation, on September 22, 2025, I sent an email to Mary, stating, "I would like to address my concerns but would not like the position to be taken away because I raised concerns, like you did the first Notice of Accommodation," yet, here we are — I have been terminated because, according to Mary, I "raised a number of questions, concerns, and requests relating to the role."

- On September 23, 2025, I asked about the specific terms of the offer and to see a formal offer. Upon receipt, I questioned the change in my employment status from AAP professional to non-exempt hourly employee, the change in my job security from a multi-tear term to a position contingent on funding, and I requested clarification on my benefits. I also asked about the hiring freeze mentioned and how it affected my reinstatement, but I did not receive a response as of the date of my termination. It should also be noted that I did not refuse to meet with Lynn Screen but was overwhelmed by the entire process, hence, the accommodation request on October 10, 2025.

- On August 15, 2025, my mental health provider shared my diagnosis and other medical records with Mary via fax. On October 10, 2025, I completed my accommodation request with IDEEA for the Second Offer of Accommodation in relation to the faxed message. On October 14, 2025, my mental health provider sent Mary a follow-up email based on my accommodation request, asking whether she needed any further documentation. Mary did not respond but a termination letter was sent to me instead, by Mary, on October 16, 2025.

Georgetown University terminated my employment and closed my accommodation process two days after I requested a reasonable accommodation.

Key facts that were overlooked and mischaracterized:

1. Medical records provided (March 2025, June 2025, and August 15, 2025) — most recently from Telemynd's Medical Records Department through fax to Mary.
2. Provider outreach (Oct. 14, 2025): My mental health provider, Tammy Thompson, emailed Mary on October 14, 2025 asking if any additional information was needed from her office but Mary did not respond. Then, IDEAA closed my requests for accommodation and HR terminated me on October 16, 2025.
3. Good-faith engagement: I consistently sought to engage in the interactive process under USERRA, ADA/PWFA and requested reassignment outside of HR (a recognized, reasonable accommodation) due to HR-specific triggers, not to avoid work.
4. USERRA/return timeline: I requested reinstatement on April 4, 2024 (four days after active duty), provided my DD-214 (Member-4) on April 5, 2024 (showing permanent disability in Block 28), and then experienced months-long gaps in HR communication (no responses from HR or Georgetown University between May 23, 2024 and December 18, 2024) despite repeated outreach.

5. Georgetown only responded to my three follow-up emails on December 18, 2024, after I filed a complaint with DOL VETS on December 16, 2024.
6. Finally, on two separate occasions, January 2025 and December 2024, I requested my employment contract, in email, from HR through Katina Porter, but she is yet to provide my contract.

I hereby request that the university:

- Reopen my accommodation request and re-engage the interactive process with a point of contact designated for provider communications.
- Rescind the termination (Oct. 16, 2025) and, pending the process, either (a) reinstate me with reasonable accommodations or (b) place me in a comparable role outside of HR with accommodations. Again, if further documentation is needed from my provider(s), as Tammy inquired on October 10, 2025, I ask that the university make the request instead of prematurely closing my case.
- Finally, please confirm receipt of this request and advise what, if anything, you need from me or my providers to fairly complete your review.

Thank you for your prompt consideration. I remain ready and willing to work with reasonable accommodations, and I am willing to provide documented proof of my claim without delay.

Sincerely,

Dr. Kaymarie Williams

Fort Belvoir, VA 22060

joneskjdoc@gmail.com | 864-209-9775



**Kay Williams <joneskjdoc@gmail.com>**

---

## Contract with Georgtown
4 messages

---

**Kay Williams** <joneskjdoc@gmail.com>                                                    Wed, Mar 26 at 02:49
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Prior to meeting you, I asked Katina for my contract twice but I have been unsuccessful. I also asked the DOL VETS investigator but she shared that she cannot provide the information due to the ongoing investigation.

Can you please see what you can do? Can you please request my contract? At some point, in my transition from Georgetown to active duty, I misplaced my contract.

Please let me know if you can help. Also, I have been applying to other positions so please keep an eye on the tracker.

As always, being placed in any position that accommodates my medical needs would be greatly appreciated.

Best,
Kaymarie Williams

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                                  Wed, Mar 26 at 09:12
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

I hope you are well. Thank you for your email. I see that you and Katina have updated the table to indicate additional open positions for which you appear to be qualified, and note that you have applied for a number of them. Thanks much for doing that. I have requested the associated position descriptions for the open jobs on the list and am reviewing those as I receive them with an eye toward finding a role in which your medical needs can be accommodated. My goal is to be in a position to let you know next week where you can be placed. I will reach out to you as soon as I know more to provide you with an update and request a meeting with you to discuss placement options.

I will convey your request for your contract to HR.

Thank you, and I look forward to reconnecting soon.
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                    Wed, Mar 26 at 09:53
To: Mary Chlopecki <mc2672@georgetown.edu>

Good morning,

Thanks, Mary, for the update and your service. Your commitment is heartwarming.

Best,
Kaymarie Williams
[Quoted text hidden]

**Mary Chlopecki** <mc2672@georgetown.edu>                    **Wed, Mar 26 at 09:55**
To: Kay Williams <joneskjdoc@gmail.com>

**Ahh, thank you Kaymarie. I am just doing my job. Happy to help. We look forward to getting you back at GU!**
[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

---

## Invitation: Kay / Mary - Kaymarie To Call Mary @ Fri Apr 4, 2025 1pm - 1:30pm (EDT) (joneskjdoc@gmail.com)

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                      Wed, Apr 2 at 15:39
Reply-To: Mary Chlopecki <mc2672@georgetown.edu>
To: <joneskjdoc@gmail.com>

---

Kaymarie to call Mary at 202-573-2316. Thank you!

**When**

Friday Apr 4, 2025 · 1pm – 1:30pm (Eastern Time - New York)

**Guests**

Mary Chlopecki - organizer
joneskjdoc@gmail.com

**View all guest info**

**Reply** for joneskjdoc@gmail.com

| Yes | No | Maybe | More options |

---

Invitation from Google Calendar

You are receiving this email because you are subscribed to calendar notifications. To stop receiving these emails, go to Calendar settings, select this calendar, and change "Other notifications".

Forwarding this invitation could allow any recipient to send a response to the organizer, be added to the guest list, invite others regardless of their own invitation status, or modify your RSVP. Learn more

**invite.ics**

 Gmail

**Kay Williams <joneskjdoc@gmail.com>**

---

## Update on Accommodation
4 messages

---

**Mary Chlopecki** <mc2672@georgetown.edu>                              Wed, Apr 9 at 12:13
To: Kay Williams <joneskjdoc@gmail.com>

Good Afternoon Kaymarie,

I hope this email finds you well. I am writing to let you know that our efforts to find a placement for you are
continuing this week. We have identified some potential positions that we are exploring further and have reached
out to hiring managers regarding some others that just opened within the past few days, to see if we can broaden
the options. When you and I spoke on Friday of last week, you indicated that due to your disability, you could only
accept a remote or hybrid role. Can you please tell me how many days per week you believe you could make it to
work in-person? Also, would that depend on the role, or would that be consistent across all jobs?

Many thanks,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                              Wed, Apr 9 at 12:45
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Thank you for the update. Due to the progression of my medical condition and  disabilities, I am currently unable to
determine the number of days I can work in-person.

I apologize for the inconvenience this may cause and appreciate your continued effort.

Best,
Kay
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                              Thu, Apr 10 at 09:55
To: Kay Williams <joneskjdoc@gmail.com>

Good Morning Kaymarie,

Thank you for the information you shared in your email yesterday regarding your accommodation needs. I have two
further clarifications I would like to request from you regarding the accommodations you may need. These are set
out below.

1) In the responses your healthcare provider (HCP) submitted to my questions regarding your requested
accommodation, he indicated that you cannot stand or sit longer than 20 minutes. If you were placed in a desk job
(such as a business administrator role), what accommodation/s, if any, would you need to address this stated
functional limitation?

2) Your HCP further stated that you are limited in your capacity to work in stressful situations, including those
requiring that you engage in extensive in-person interactions. Could you please explain in further detail what this
means practically and whether/how you would seek to be accommodated in relation to this?

Many thanks for your assistance as we are working to zero in on a placement for you. If you would find it easier to

speak about these matters over the phone, please let me know, and we can schedule a time to do that.

Kind regards,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Thu, Apr 10 at 15:26
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Thank you for your message. At this time, I'm continuing to follow my healthcare provider's guidance, and I will defer to their documentation regarding any limitations or accommodations. I appreciate your continued efforts and will remain engaged in the process.

Best,

Kay

[Quoted text hidden]

                                              **Kay Williams <joneskjdoc@gmail.com>**

---

## Update - Reassignment
2 messages

---

**Mary Chlopecki** <mc2672@georgetown.edu>                        Thu, Apr 17 at 17:22
To: Kay Williams <joneskjdoc@gmail.com>

Good Afternoon Kaymarie,

I hope this email finds you well. I am writing to advise you that Georgetown has identified a new job for you, into which you will be reassigned. You will be receiving a letter Monday via email with further details, but I wanted to share the good news with you before the weekend. I would be happy to answer any questions you may have after you receive the letter.

Kind regards,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                           Thu, Apr 17 at 18:59
To: Mary Chlopecki <mc2672@georgetown.edu>

Mary,

Thank you for the information.

Best,
Kay
[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

## Availability To Speak Today?

2 messages

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Mon, Apr 21 at 11:45
To: Kay Williams <joneskjdoc@gmail.com>

Good Morning Kaymarie,

I hope this email finds you well and that you had a nice weekend. Are you available to speak with me today at 4pm regarding the placement that has been located for you?

Thank you,
Mary
[Quoted text hidden]

**Kay Williams** <joneskjdoc@gmail.com>                                    Mon, Apr 21 at 12:11
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mary,

Please send an email. I have a surgery right now. Thanks
[Quoted text hidden]

 **Gmail**                                                      **Kay Williams <joneskjdoc@gmail.com>**

---

## Invitation: Kay / Mary - Mary to Phone Kaymarie @ Wed May 14, 2025 11am - 11:30am (EDT) (joneskjdoc@gmail.com)

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Tue, May 13 at 14:12
Reply-To: Mary Chlopecki <mc2672@georgetown.edu>
To: <joneskjdoc@gmail.com>

---

**When**

Wednesday May 14, 2025 · 11am – 11:30am (Eastern Time - New York)

**Guests**

Mary Chlopecki - organizer
joneskjdoc@gmail.com

**View all guest info**

**Reply** for joneskjdoc@gmail.com

| Yes | No | Maybe | | More options |

---

Invitation from Google Calendar

You are receiving this email because you are subscribed to calendar notifications. To stop receiving these emails, go to Calendar settings, select this calendar, and change "Other notifications".

Forwarding this invitation could allow any recipient to send a response to the organizer, be added to the guest list, invite others regardless of their own invitation status, or modify your RSVP. Learn more

**invite.ics**

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

## Phone Call Tomorrow

2 messages

**Mary Chlopecki** <mc2672@georgetown.edu>                                                   Tue, May 13 at 14:16
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Following up on our quick conversation today, I had hoped to be able to call you between meetings today, but it looks like I will not have a window. I went ahead and scheduled a phone conversation for us for tomorrow from 11-11:30 a.m. If that is not a good time and you would like to reschedule, please let me know. I am free all day tomorrow except from 1-3 p.m.

I trust you received my email with the additional questions for your doctor. If you have any questions about those, I am happy to discuss them with you.

Many thanks,
Mary
[Quoted text hidden]

**Kay Williams** <joneskjdoc@gmail.com>                                                   Tue, May 13 at 23:18
To: Mary Chlopecki <mc2672@georgetown.edu>

Mary,

Thank you — that works for me.

Best,
Kay
[Quoted text hidden]

 Gmail

**Kay Williams <joneskjdoc@gmail.com>**

## Notice of Accommodation
16 messages

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Mon, Apr 21 at 15:11
To: Kay Williams <joneskjdoc@gmail.com>

Good Afternoon Kaymarie,

Following up on our correspondence of earlier today, and per your request, I am sharing with you in writing a Notice of Accommodation. This letter describes the interactive process that occurred in relation to your request for reasonable accommodation, and the outcome, which is the approval of a reassignment for you. I have attached the position description for the position into which you are being reassigned. If you have any questions or wish to discuss this matter further, please let me know.

Thank you for your cooperation and patience in this process. I wish you all the best on your return to Georgetown.

Kind regards,
Mary
[Quoted text hidden]

    Kaymarie Williams Notice of Accommodation - 4.21.25.pdf, AIS PD_Business Administrator (2).docx

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Mon, Apr 21 at 17:09
To: Mary Chlopecki <mc2672@georgetown.edu>

Mary,

Thank you, however, it seems the demand for an in-office position goes beyond my medical provider's recommendation.

Please clarify whether I am expected to go into the office 4 days per week.

Note: I am currently under anesthesia and may not be  providing an accurate response.

Best,
Kay
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Tue, Apr 22 at 11:07
To: Kay Williams <joneskjdoc@gmail.com>

Good Morning Kaymarie,

I hope your recovery from surgery is going well! Yes, my understanding is that the position requires in-office presence 4 days per week.

IDEAA did review your healthcare provider's (HCP) recommended accommodations for you (set out in his March 14, 2025, responses to IDEAA's questions) prior to identifying this reassignment. What your HCP stated is that you require a remote or hybrid position. He did not specify the number of days you would need to work from home. On April 9, 2025, I emailed you to ask if you could tell me how many days per week you would be able to work in-person. You replied, "I am currently unable to determine the number of days I can work in-person" (see attached email chain). Based on this information, IDEAA concluded that the position offered to you for reassignment falls within your HCP's recommendations as a hybrid role.

If you have any updates from your HCP on your physical limitations and related recommended accommodations, including the number of days that you would be able to work in-person, kindly provide it to me as soon as possible. I will circle back with you later this week to see where things stand and to discuss next steps.

Kind regards,
Mary
[Quoted text hidden]
**Georgetown University Mail - Update on Accommodation.pdf**

---

**Kay Williams** <joneskjdoc@gmail.com>                                                    Tue, Apr 22 at 15:41
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mary,

Trust you are well!

If it helps, I was fully remote with the VA when I came off active duty even though the position required I telework once per week. This was due to my medical conditions.

I am requesting to be fully remote at Georgetown as I have several appointments to keep up with, which is easier for me since I live on a military base and the hospital is only 5mins away.

If fully remote is impossible, I ask that you try to limit my in-office requirement to 1 day per week, or so, and that you also share with my direct report that I have several appointments that I need to keep up with so that no one thinks I am just trying to stay home. I have no problem providing a doctor's note after each visit.

Other than the in office requirement, I have no issues with the position offered and would love to have started yesterday :)

I hope this helps.

Best,
Kay
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                                 Wed, Apr 23 at 18:52
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Thank you for your email of yesterday afternoon, for the additional information you provided, and for the update to your accommodation request.

In response to your question about the Business Administrator role into which we have offered to reassign you, IDEAA has been advised that performance of the essential functions of the role require in-person attendance more than one day per week or so, as you have now indicated you are available. As the department is currently holding this role open for you and has many other applicants, we need to let them know whether you will accept the job or not. Kindly let me know as soon as possible, and no later than the end of the day tomorrow, April 24, 2025, whether you accept or decline the offer, and if you accept, when you will be available to begin work.

If you do not accept this offer, IDEAA will resume the interactive process relating to your accommodation request. As a first step, as this is the first time you have conveyed to IDEAA that you are generally only able to work one day a week or so in-person, at the most, I would request that your healthcare provider (HCP) answer a few additional questions about your condition and updated accommodation request, so that we have medical documentation that supports what you are seeking. (As I noted in my prior email, your HCP had previously indicated you could work a fully remote OR hybrid role, without stating that there was a limitation in the number of days you could work in-person.) If you decline the Business Administrator role, I will share these questions for your HCP with you. I am also

happy to follow up directly with your HCP, with your permission, if that is easier.

Upon receipt of medical documentation that supports your updated accommodation request, IDEAA will refresh our search for available positions into which you may be reassigned.

I look forward to your reply.

Thank you,
Mary


[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                      Wed, Apr 23 at 19:27
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Thank you very much for your continued follow-up.

Please reach out to my medical provider to assist with the accommodation process.

Best,

Kaymarie Williams

[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                   Thu, Apr 24 at 11:06
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Many thanks for your prompt reply. In response to your request, I will reach out to your medical provider to ask for additional information in support of your updated accommodation request.

In addition, I conclude from your email that you will not be accepting the Business Administrator position offered to you, given that the in-person reporting requirement exceeds your ability to report in-person. Will you kindly confirm, to ensure we are both clear on this?

Thank you,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                      Thu, Apr 24 at 12:24
To: Mary Chlopecki <mc2672@georgetown.edu>

Mary,

I am NOT declining the Business Administration role! Please do not conclude anything from my responses if it is not utterly expressed.

I want to emphasize that I have been transparent and cooperative throughout this process, and I remain willing to work. However, I am concerned that I am being placed in a position where I'm expected to accept a role that conflicts with my medical limitations. I waited over 12 months to be offered a position, yet I had to accept my first and only offer in less than 3 days.

As I've shared, I experience significant difficulty even with one day of in-person work. Pressuring me to accept a position that requires 4 in-person days disregards those limitations and feels inconsistent with the supportive, individualized accommodation process I was initially told to expect. I was previously advised not to worry about whether a role could be performed with accommodations — and I trusted that guidance. You graciously recommended I apply to any position that I am interested in and that I should allow you and IDEEA to work out the in-person requirements, etc. Has that changed?

I respectfully ask that my lived experience be considered as part of the ongoing accommodation process, without requiring me to overexplain or quantify my hardship in a way that feels inconsistent with the interactive and supportive approach initially described.

My provider was never asked to quantify the number of days I am able to work — if she was asked, the question would have been answered. I provided my medical documentation on March 14th and was asked more about my limitations on April 9th. I do not have the medical expertise to answer some of your questions. Sometimes I feel I can move mountains but at my first step, I fall even deeper, hence, I rerouted your inquiry to my medical provider.

Now, probing and or forcing me to make a quick decision to meet the desire of the hiring party and frankly, my be IDEEA's protocol, but this is quite traumatic! Considering the trauma, torture, and constant disregard for my health, as I try to get reinstated at Georgetown University, is extremely overwhelming.

The repeated delays, shifting expectations, and lack of care for my documented limitations have constantly triggered my disabilities, to include my mental health conditions, in ways that make me feel completely disregarded, depleted, and dismissed.

Let it be known that I have no restrictions on asking my medical provider to complete your request, but asking her to do so now will mean new appointments, longer wait times, and even more added stress.

I will try to get an immediate appointment with my medical provider so she is aware of your inquiry so that I can complete the medical release from the hospital as well.

Please see the requested medical release form attached.

Best,
Kaymarie Williams
[Quoted text hidden]
**Georgetown Medical Release - Fort Belvoir.pdf**

---

**Kay Williams** <joneskjdoc@gmail.com>                                      Thu, Apr 24 at 13:04
To: Mary Chlopecki <mc2672@georgetown.edu>

MARY,

TO CLARIFY, YES I ACCEPT THE ADMINISTRATIVE ROLE, HOWEVER, I NEED TO BE CLEARED BY MY MEDICAL PROVIDER.

BEST,
KAYMARIE WILLIAMS
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                      Thu, Apr 24 at 13:14
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello again Mary,

As of the date of this email, I am requesting my DOL VETS investigator be included in any and all correspondence moving forward.  Without Investigator Lendof's inclusion, I will not be able to answer any further inquiries.

Best,
Kaymarie Wiliams

[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                    Fri, Apr 25 at 17:49
To: Kay Williams <joneskjdoc@gmail.com>

Greetings Kaymarie,

I am in receipt of your three emails of 4/24/25, raising concerns about the accommodation process, indicating that you accept the Business Administrator position that we offered you on 4/21/25, and requesting that I include your DOL VETS investigator on all correspondence going forward. Each matter is addressed in turn, below.

In regard to the accommodation process, I want to assure you that I and others have been working hard to locate an appropriate reassignment for you. As you know, I coordinated with you and your healthcare provider (HCP) before looking for a reassignment for you to determine your disability-based functional limitations and specific accommodation requirements. I and others then expended a significant amount of time and effort searching for a reassignment for you that was similar in seniority, status, and pay to your Assistant Coach position, for which you possessed the necessary qualifications, and that you could perform with or without reasonable accommodation. Based on the information you and your HCP provided to us, we searched for both fully remote and hybrid roles. Although I specifically asked you about your availability to work in-person, you did not inform me during the search process that you were only able to work one day or so in-person per week. When we located a position that met all the known and necessary search criteria, we offered it to you. After being offered this position, which has a four days per week in-person reporting requirement, you informed me for the first time that you are only able to work in person one or so days per week. Had this been known earlier, the role would not have been offered to you. While it is sometimes possible to change job duties and/or reporting requirements as a reasonable accommodation, that is not the case when the duty/reporting requirement is an essential function of the job. In the case of the Business Administrator role that was offered to you, in-person reporting four days per week during most of the year is an essential function. Accordingly, that aspect of the job is not something that could be changed under an accommodation. Given your representation that you can only work in-person one or so days per week, you would not be able to perform the essential functions of this job.

Although you advised me on 4/24/25 that you will accept the position, you have made it clear that you cannot perform the essential functions of the job. Accepting the job but saying you cannot perform its essential functions are mutually exclusive options. Because you have stated you cannot perform the essential functions of this job, we will advise the department that it has been determined that you are not a match for the role and that the department should proceed with its recruitment process. IDEAA will resume the interactive process in an effort to locate another position for you. As previously discussed, as a first step, I will reach out to your HCP to request confirmation that the accommodation you seek of a maximum of one day per week or so of in-person reporting is medically supported. IDEAA will begin the search process anew, in coordination with HR, upon receipt of that confirmation.

In regard to your request that I copy the DOL VETS investigator on all future correspondence, so doing is not consistent with IDEAA's obligation to maintain confidentiality in this process, including with respect to your medical information. Accordingly, I will continue to write to you without copying the investigator.

Should you have any questions or wish to speak in person, please let me know. I understand this is all quite complicated and has clearly been frustrating to you. I had hoped to speak with you in person on Monday to explain the offer of reassignment in greater detail and answer any questions you may have had, but as you requested to be provided with the information in writing, that is how I proceeded.

Kind regards,
Mary

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                    Fri, Apr 25 at 21:38
To: Mary Chlopecki <mc2672@georgetown.edu>

Mary,

Thank you for your message. I want to take this opportunity to clarify several key points to ensure the record accurately reflects my communication and intentions.

I only asked that you shared information in writing on Monday, April 21st as I had surgery that day and I was under anesthesia. Currently, I am available to have phone conversations and is open to one at any time on Monday, April 28th.

First, I have not refused reemployment nor have I withdrawn from the interactive process. It is Georgetown University that went from May of 2024 to December of 2024 without interacting with me after my expressed interest in returning to the university, not the other way around. To be clear, the university only became "interactive" after I opened my investigation with DOL VETS. Also, It has been brought to my attention that the lawyers at Georgetown are fully aware of my accommodation progress or the lack thereof, but DOL VETS is not privy to the same information. I was not asking to share my medical information with DOL VETS, even though I have shared all medical documentation with their office, I was simply asking to include Investigator Lendof as she has knowledge and training on USERRA while IDEEA may only have a handle on ADA, PDA, etc. Also, I accepted the employment with hopes that I would be accommodated and because I felt forced to do so, since during my inquiry about the position, you were so quick to conclude that I did not want to accept the position.

I remain willing and available to work in a position that is aligned with both the essential functions of the role and the limitations documented by my healthcare provider. I have consistently acted in good faith, and I appreciate the efforts to identify a suitable role.

To clarify a specific misstatement: I did not say that I am "only available one day per week." Never have I made any medical guesses or shared any medical recommendations based on my current diagnosis. What I communicated was that I am requesting a fully remote position due to my need to attend regular medical appointments, which are far more manageable given that I reside on a military base which is located just minutes from the hospital. I also stated that if full remote status is not possible, I would request that any in-office requirement be limited to one day per week or so and that my direct report be made aware that these limitations are connected to medical care — not personal preference. I also offered to provide doctor's notes following each appointment.

When asked how many days I could report in person, I stated that I was unsure and deferred to my healthcare provider for proper documentation — which is consistent with the guidance I received about handling medical disclosures during the accommodation process. Despite that, I was offered a position requiring four days in the office without confirmation that this met my medical limitations. I was not told until after the offer that this requirement was considered essential and non-negotiable.

I am committed to continuing the interactive process and to identifying a role that allows me to contribute meaningfully within the scope of my medical capacity. Please let me know how I may further support the continued search, and thank you again for your time.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Mon, Apr 28 at 15:56
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Thank you for your email. I would be happy to speak with you and address your questions. I think I can clarify some things for you, as well. Please let me know a good time for you to talk. I am free today at or after 4:30 p.m. or tomorrow between 10-12:30 and 2-5.

Thanks!
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Thu, May 8 at 09:15
To: Mary Chlopecki <mc2672@georgetown.edu>

Good morning,

Were you able to get in touch with my primary care physician to get the information you needed?

Please let me know.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Fri, May 30 at 15:25
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

I have attached a letter from my doctor conscerning my accommodation request.

It seems the letter has been ready since the 20th, per my portal, but the nurse failed to upload it until I got help today.

I asked another nurse to complete it, which is why I received it today. I hope this helps.

Should I still apply to other positions? Are the ones that I applied for absolute?
[Quoted text hidden]
RR p0630-943857451.pdf

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Fri, May 30 at 15:26
To: Mary Chlopecki <mc2672@georgetown.edu>



[Quoted text hidden]

 Gmail

**Kay Williams <joneskjdoc@gmail.com>**

---

## Re: Open Positions Comparable to Seniority, Status & Pay

**Kay Williams** <joneskjdoc@gmail.com>                                          Wed, Jun 4 at 11:40
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Thank you for your continued communication and for confirming that I may apply for positions that meet my qualifications and accommodation criteria.

I have applied for the Executive Director – Road to Recovery position (JR21795), which appears to align with my experience, seniority, status, and pay. I am fully capable of performing the essential functions of this role with the accommodation of working remotely as advertised and previously supported by my healthcare provider.

Please consider this application as part of the ongoing accommodation and reinstatement process. I respectfully request confirmation that this role will be evaluated as a potential reassignment option.

Finally, for the roles that the university deemed were not considered comparable in seniority, status, or pay to my prior role as Associate Head Coach, I respectfully request a clear explanation of how it differs based on Georgetown's internal classification system, including:

- The defined seniority level and pay range of both roles

- Criteria used to determine equivalency under the accommodation and USERRA/disability reinstatement framework

  Looking forward to hearing from you soon.

Best,
Kaymarie Williams

On Tue, Jun 3, 2025 at 15:15 Mary Chlopecki <mc2672@georgetown.edu> wrote:
> Good Afternoon Kaymarie,
>
> Thank you for reaching out and following up. Yes, I received the note from your doctor. Thank you for that. HR has been, and will continue, watching for open positions for which you are qualified, that are comparable to your prior position in seniority, status, and pay, and that are either fully remote or that you can perform coming into work one day per week, per your accommodation request. We will alert you if any positions are identified. You may certainly continue to apply for positions yourself, and if there are any that you see that meet your criteria that have yet to be brought to your attention through HR, please let me know and I will follow up.
>
> Kind regards,
> Mary

On Tue, Jun 3, 2025 at 12:52 PM Kay Williams <joneskjdoc@gmail.com> wrote:
> Hello Mary,
>
> Just checking if you received my email from my doctor's office and whether ai needed to continue applying for positions at Georgetown.. Please let me know.
>
> Best,
> Kay

**On Fri, May 30, 2025 at 15:26 Kay Williams <joneskjdoc@gmail.com> wrote:**



**On Fri, May 30, 2025 at 15:25 Kay Williams <joneskjdoc@gmail.com> wrote:**
Hello Mary,

I have attached a letter from my doctor conscerning my accommodation request.

It seems the letter has been ready since the 20th, per my portal, but the nurse failed to upload it until I got help today.

I asked another nurse to complete it, which is why I received it today. I hope this helps.

Should I still apply to other positions? Are the ones that I applied for absolute?

Please let me know.

Best,
Kaymarie Williams

**On Thu, May 8, 2025 at 09:15 Kay Williams <joneskjdoc@gmail.com> wrote:**
Good morning,

Were you able to get in touch with my primary care physician to get the information you needed?

Please let me know.

Best,
Kaymarie Williams

On Mon, Apr 28, 2025 at 15:56 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

Thank you for your email. I would be happy to speak with you and address your questions. I think I can clarify some things for you, as well. Please let me know a good time for you to talk. I am free today at or after 4:30 p.m. or tomorrow between 10-12:30 and 2-5.

Thanks!
Mary

On Fri, Apr 25, 2025 at 9:38 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Mary,

Thank you for your message. I want to take this opportunity to clarify several key points to ensure the record accurately reflects my communication and intentions.

I only asked that you shared information in writing on Monday, April 21st as I had surgery that day and I was under anesthesia. Currently, I am available to have phone conversations and is open to one at any time on Monday, April 28th.

First, I have not refused reemployment nor have I withdrawn from the interactive process. It is Georgetown University that went from May of 2024 to December of 2024 without interacting with me after my expressed interest in returning to the university, not the other way around. To be clear, the university only became "interactive" after I opened my investigation with DOL VETS. Also, It has been brought to my attention that the lawyers at Georgetown are fully aware of my accommodation progress or the lack thereof, but DOL VETS is not privy to the same information. I was not asking to share my medical information with DOL VETS, even though I have shared all medical documentation with their office, I was simply asking to include Investigator Lendof as she has knowledge and training on USERRA while IDEEA may only have a handle on ADA, PDA, etc. Also, I accepted the employment with hopes that I would be accommodated and because I felt forced to do so, since during my inquiry about the position, you were so quick to conclude that I did not want to accept the position.

I remain willing and available to work in a position that is aligned with both the essential functions of the role and the limitations documented by my healthcare provider. I have consistently acted in good faith, and I appreciate the efforts to identify a suitable role.

To clarify a specific misstatement: I did not say that I am "only available one day per week." Never have I made any medical guesses or shared any medical recommendations based on my current diagnosis. What I communicated was that I am requesting a fully remote position due to my need to attend regular medical appointments, which are far more manageable given that I reside on a military base which is located just minutes from the hospital. I also stated that if full remote status is not possible, I would request that any in-office requirement be limited to one day per week or so and that my direct report be made aware that these limitations are connected to medical care — not personal preference. I also offered to provide doctor's notes following each appointment.

When asked how many days I could report in person, I stated that I was unsure and deferred to my healthcare provider for proper documentation — which is consistent with the guidance I received about handling medical disclosures during the accommodation process. Despite that, I was offered a position requiring four days in the office without confirmation that this met my medical limitations. I was not told until after the offer that this requirement was considered essential and non-negotiable.

I am committed to continuing the interactive process and to identifying a role that allows me to contribute meaningfully within the scope of my medical capacity. Please let me know how I may further support the continued search, and thank you again for your time.

Best,

Kaymarie Williams

On Fri, Apr 25, 2025 at 17:49 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Greetings Kaymarie,

I am in receipt of your three emails of 4/24/25, raising concerns about the accommodation process, indicating that you accept the Business Administrator position that we offered you on 4/21/25, and requesting that I include your DOL VETS investigator on all correspondence going forward. Each matter is addressed in turn, below.

In regard to the accommodation process, I want to assure you that I and others have been working hard to locate an appropriate reassignment for you. As you know, I coordinated with you and your healthcare provider (HCP) before looking for a reassignment for you to determine your disability-based functional limitations and specific accommodation requirements. I and others then expended a significant amount of time and effort searching for a reassignment for you that was similar in seniority, status, and pay to your Assistant Coach position, for which you possessed the necessary qualifications, and that you could perform with or without reasonable accommodation. Based on the information you and your HCP provided to us, we searched for both fully remote and hybrid roles. Although I specifically asked you about your availability to work in-person, you did not inform me during the search process that you were only able to work one day or so in-person per week. When we located a position that met all the known and necessary search criteria, we offered it to you. After being offered this position, which has a four days per week in-person reporting requirement, you informed me for the first time that you are only able to work in person one or so days per week. Had this been known earlier, the role would not have been offered to you. While it is sometimes possible to change job duties and/or reporting requirements as a reasonable accommodation, that is not the case when the duty/reporting requirement is an essential function of the job. In the case of the Business Administrator role that was offered to you, in-person reporting four days per week during most of the year is an essential function. Accordingly, that aspect of the job is not something that could be changed under an accommodation. Given your representation that you can only work in-person one or so days per week, you would not be able to perform the essential functions of this job.

Although you advised me on 4/24/25 that you will accept the position, you have made it clear that you cannot perform the essential functions of the job. Accepting the job but saying you cannot perform its essential functions are mutually exclusive positions. Because you have stated you cannot perform the essential functions of this job, we will advise the department that it has been determined that you are not a match for the role and that the department should proceed with its recruitment process. IDEAA will resume the interactive process in an effort to locate another position for you. As previously discussed, as a first step, I will reach out to your HCP to request confirmation that the accommodation you seek of a maximum of one day per week or so of in-person reporting is medically supported. IDEAA will begin the search process anew, in coordination with HR, upon receipt of that confirmation.

In regard to your request that I copy the DOL VETS investigator on all future correspondence, so doing is not consistent with IDEAA's obligation to maintain confidentiality in this process, including with respect to your medical information. Accordingly, I will continue to write to you without copying the investigator.

Should you have any questions or wish to speak in person, please let me know. I understand this is all quite complicated and has clearly been frustrating to you. I had hoped to speak with you in person on Monday to explain the offer of reassignment in greater detail and answer any questions you may have had, but as you requested to be provided with the information in writing, that is how I proceeded.

Kind regards,
Mary

On Thu, Apr 24, 2025 at 1:14 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hello again Mary,

As of the date of this email, I am requesting my DOL VETS investigator be included in any and all correspondence moving forward.  Without Investigator Lendof's inclusion, I will not be able to answer any further inquiries.

Best,
Kaymarie Wiliams

On Thu, Apr 24, 2025 at 13:04 Kay Williams <joneskjdoc@gmail.com> wrote:
MARY,

TO CLARIFY, YES I ACCEPT THE ADMINISTRATIVE ROLE, HOWEVER, I NEED TO BE CLEARED BY MY MEDICAL PROVIDER.

BEST,
KAYMARIE WILLIAMS

On Thu, Apr 24, 2025 at 12:24 Kay Williams <joneskjdoc@gmail.com> wrote:
Mary,

I am NOT declining the Business Administration role! Please do not conclude anything from my responses if it is not utterly expressed.

I want to emphasize that I have been transparent and cooperative throughout this process, and I remain willing to work. However, I am concerned that I am being placed in a position where I'm expected to accept a role that conflicts with my medical limitations. I waited over 12 months to be offered a position, yet I had to accept my first and only offer in less than 3 days.

As I've shared, I experience significant difficulty even with one day of in-person work. Pressuring me to accept a position that requires 4 in-person days disregards those limitations and feels inconsistent with the supportive, individualized accommodation process I was initially told to expect. I was previously advised not to worry about whether a role could be performed with accommodations — and I trusted that guidance. You graciously recommended I apply to any position that I am interested in and that I should allow you and IDEEA to work out the in-person requirements, etc. Has that changed?

I respectfully ask that my lived experience be considered as part of the ongoing accommodation process, without requiring me to overexplain or quantify my hardship in a way that feels inconsistent with the interactive and supportive approach initially described.

My provider was never asked to quantify the number of days I am able to work — if she was asked, the question would have been answered. I provided my medical documentation on March 14th and was asked more about my limitations on April 9th. I do not have the medical expertise to answer some of your questions. Sometimes I feel I can move mountains but at my first step, I fall even deeper, hence, I rerouted your inquiry to my medical provider.

Now, probing and or forcing me to make a quick decision to meet the desire of the hiring party and frankly, my be IDEEA's protocol, but this is quite traumatic! Considering the trauma, torture, and constant disregard for my health, as I try to get reinstated at Georgetown University, is extremely overwhelming.

The repeated delays, shifting expectations, and lack of care for my documented limitations have constantly triggered my disabilities, to include my mental health conditions, in ways that make me feel completely disregarded, depleted, and dismissed.

Let it be known that I have no restrictions on asking my medical provider to complete your

request, but asking her to do so now will mean new appointments, longer wait times, and even more added stress.

I will try to get an immediate appointment with my medical provider so she is aware of your inquiry so that I can complete the medical release from the hospital as well.

Please see the requested medical release form attached.

Best,
Kaymarie Williams

On Thu, Apr 24, 2025 at 11:06 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

Many thanks for your prompt reply. In response to your request, I will reach out to your medical provider to ask for additional information in support of your updated accommodation request.

In addition, I conclude from your email that you will not be accepting the Business Administrator position offered to you, given that the in-person reporting requirement exceeds your ability to report in-person. Will you kindly confirm, to ensure we are both clear on this?

Thank you,
Mary

On Wed, Apr 23, 2025 at 7:28 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Hello Mary,

Thank you very much for your continued follow-up.

Please reach out to my medical provider to assist with the accommodation process.

Best,

Kaymarie Williams


On Wed, Apr 23, 2025 at 18:52 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

Thank you for your email of yesterday afternoon, for the additional information you provided, and for the update to your accommodation request.

In response to your question about the Business Administrator role into which we have offered to reassign you, IDEAA has been advised that performance of the essential functions of the role require in-person attendance more than one day per week or so, as you have now indicated you are available. As the department is currently holding this role open for you and has many other applicants, we need to let them know whether you will accept the job or not. Kindly let me know as soon as possible, and no later than the end of the day tomorrow, April 24, 2025, whether you accept or decline the offer, and if you accept, when you will be available to begin work.

If you do not accept this offer, IDEAA will resume the interactive process relating to your accommodation request. As a first step, as this is the first time you have conveyed to IDEAA that you are generally only able to work one day a week or so in-person, at the most, I would request that your healthcare provider (HCP) answer a

few additional questions about your condition and updated accommodation request, so that we have medical documentation that supports what you are seeking. (As I noted in my prior email, your HCP had previously indicated you could work a fully remote OR hybrid role, without stating that there was a limitation in the number of days you could work in-person.) If you decline the Business Administrator role, I will share these questions for your HCP with you. I am also happy to follow up directly with your HCP, with your permission, if that is easier.

Upon receipt of medical documentation that supports your updated accommodation request, IDEAA will refresh our search for available positions into which you may be reassigned.

I look forward to your reply.

Thank you,
Mary

On Tue, Apr 22, 2025 at 3:41 PM Kay Williams <joneskjdoc@gmail.com> wrote:
  Hi Mary,

  Trust you are well!

  If it helps, I was fully remote with the VA when I came off active duty even though the position required I telework once per week. This was due to my medical conditions.

  I am requesting to be fully remote at Georgetown as I have several appointments to keep up with, which is easier for me since I live on a military base and the hospital is only 5mins away.

  If fully remote is impossible, I ask that you try to limit my in-office requirement to 1 day per week, or so, and that you also share with my direct report that I have several appointments that I need to keep up with so that no one thinks I am just trying to stay home. I have no problem providing a doctor's note after each visit.

  Other than the in office requirement, I have no issues with the position offered and would love to have started yesterday :)

  I hope this helps.

  Best,
  Kay

  On Tue, Apr 22, 2025 at 11:07 Mary Chlopecki <mc2672@georgetown.edu> wrote:
    Good Morning Kaymarie,

    I hope your recovery from surgery is going well! Yes, my understanding is that the position requires in-office presence 4 days per week.

    IDEAA did review your healthcare provider's (HCP) recommended accommodations for you (set out in his March 14, 2025, responses to IDEAA's questions) prior to identifying this reassignment. What your HCP stated is that you require a remote or hybrid position. He did not specify the number of days you would need to work from home. On April 9, 2025, I emailed you to ask if you could tell me how many days per week you would be able to work in-person. You replied, "I am currently unable to determine the number of days I can work

in-person" (see attached email chain). Based on this information, IDEAA concluded that the position offered to you for reassignment falls within your HCP's recommendations as a hybrid role.

If you have any updates from your HCP on your physical limitations and related recommended accommodations, including the number of days that you would be able to work in-person, kindly provide it to me as soon as possible. I will circle back with you later this week to see where things stand and to discuss next steps.

Kind regards,
Mary

On Mon, Apr 21, 2025 at 5:09 PM Kay Williams <joneskjdoc@gmail.com> wrote:
> Mary,
>
> Thank you, however, it seems the demand for an in-office position goes beyond my medical provider's recommendation.
>
> Please clarify whether I am expected to go into the office 4 days per week.
>
> Note: I am currently under anesthesia and may not be  providing an accurate response.
>
> Best,
> Kay
> On Mon, Apr 21, 2025 at 15:11 Mary Chlopecki <mc2672@georgetown.edu> wrote:
>> Good Afternoon Kaymarie,
>>
>> Following up on our correspondence of earlier today, and per your request, I am sharing with you in writing a Notice of Accommodation. This letter describes the interactive process that occurred in relation to your request for reasonable accommodation, and the outcome, which is the approval of a reassignment for you. I have attached the position description for the position into which you are being reassigned. If you have any questions or wish to discuss this matter further, please let me know.
>>
>> Thank you for your cooperation and patience in this process. I wish you all the best on your return to Georgetown.
>>
>> Kind regards,
>> Mary

[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

---

## Re: 2nd Email - Open Positions Comparable to Seniority, Status & Pay

**Kay Williams** <joneskjdoc@gmail.com>                                                    Wed, Jun 11 at 06:59
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

I am bringing your attention to this email as I applied for another position on June 4th. Please let me know if you were able to review and inquire about the position.

Looking forward to hearing from you soon.

Best,
Kaymarie Williams

On Wed, Jun 4, 2025 at 11:40 Kay Williams <joneskjdoc@gmail.com> wrote:
> Hello Mary,
>
> Thank you for your continued communication and for confirming that I may apply for positions that meet my qualifications and accommodation criteria.
>
> I have applied for the Executive Director – Road to Recovery position (JR21795), which appears to align with my experience, seniority, status, and pay. I am fully capable of performing the essential functions of this role with the accommodation of working remotely as advertised and previously supported by my healthcare provider.
>
> Please consider this application as part of the ongoing accommodation and reinstatement process. I respectfully request confirmation that this role will be evaluated as a potential reassignment option.
>
> Finally, for the roles that the university deemed were not considered comparable in seniority, status, or pay to my prior role as Associate Head Coach, I respectfully request a clear explanation of how it differs based on Georgetown's internal classification system, including:
>
> - The defined seniority level and pay range of both roles
>
> - Criteria used to determine equivalency under the accommodation and USERRA/disability reinstatement framework
>
>   Looking forward to hearing from you soon.
>
> Best,
> Kaymarie Williams

On Tue, Jun 3, 2025 at 15:15 Mary Chlopecki <mc2672@georgetown.edu> wrote:
> Good Afternoon Kaymarie,
>
> Thank you for reaching out and following up. Yes, I received the note from your doctor. Thank you for that. HR has been, and will continue, watching for open positions for which you are qualified, that are comparable to your prior position in seniority, status, and pay, and that are either fully remote or that you can perform coming into work one day per week, per your accommodation request. We will alert you if any positions are identified. You may certainly continue to apply for positions yourself, and if there are any that you see that meet your criteria that have yet to be brought to your attention through HR, please let me know and I will follow up.
>
> Kind regards,
> Mary

On Tue, Jun 3, 2025 at 12:52 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hello Mary,

Just checking if you received my email from my doctor's office and whether ai needed to continue applying for positions at Georgetown.. Please let me know.

Best,
Kay

On Fri, May 30, 2025 at 15:26 Kay Williams <joneskjdoc@gmail.com> wrote:



On Fri, May 30, 2025 at 15:25 Kay Williams <joneskjdoc@gmail.com> wrote:
Hello Mary,

I have attached a letter from my doctor conscerning my accommodation request.

It seems the letter has been ready since the 20th, per my portal, but the nurse failed to upload it until I got help today.

I asked another nurse to complete it, which is why I received it today. I hope this helps.

Should I still apply to other positions? Are the ones that I applied for absolute?

Please let me know.

Best,
Kaymarie Williams

On Thu, May 8, 2025 at 09:15 Kay Williams <joneskjdoc@gmail.com> wrote:
Good morning,

Were you able to get in touch with my primary care physician to get the information you needed?

Please let me know.

Best,
Kaymarie Williams

On Mon, Apr 28, 2025 at 15:56 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Hi Kaymarie,

Thank you for your email. I would be happy to speak with you and address your questions. I think I can clarify some things for you, as well. Please let me know a good time for you to talk. I am free today at or after 4:30 p.m. or tomorrow between 10-12:30 and 2-5.

Thanks!
Mary

On Fri, Apr 25, 2025 at 9:38 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Mary,

Thank you for your message. I want to take this opportunity to clarify several key points to ensure the record accurately reflects my communication and intentions.

I only asked that you shared information in writing on Monday, April 21st as I had surgery that day and I was under anesthesia. Currently, I am available to have phone conversations and is open to one at any time on Monday, April 28th.

First, I have not refused reemployment nor have I withdrawn from the interactive process. It is Georgetown University that went from May of 2024 to December of 2024 without interacting with me after my expressed interest in returning to the university, not the other way around. To be clear, the university only became "interactive" after I opened my investigation with DOL VETS. Also, It has been brought to my attention that the lawyers at Georgetown are fully aware of my accommodation progress or the lack thereof, but DOL VETS is not privy to the same information. I was not asking to share my medical information with DOL VETS, even though I have shared all medical documentation with their office, I was simply asking to include Investigator Lendof as she has knowledge and training on USERRA while IDEEA may only have a handle on ADA, PDA, etc. Also, I accepted the employment with hopes that I would be accommodated and because I felt forced to do so, since during my inquiry about the position, you were so quick to conclude that I did not want to accept the position.

I remain willing and available to work in a position that is aligned with both the essential functions of the role and the limitations documented by my healthcare provider. I have consistently acted in good faith, and I appreciate the efforts to identify a suitable role.

To clarify a specific misstatement: I did not say that I am "only available one day per week." Never have I made any medical guesses or shared any medical recommendations based on my current diagnosis. What I communicated was that I am requesting a fully remote position due to my need to attend regular medical appointments, which are far more manageable given that I reside on a military base which is located just minutes from the hospital. I also stated that if full remote status is not possible, I would request that any in-office requirement be limited to one day per week or so and that my direct report be made aware that these limitations are connected to medical care — not personal preference. I also offered to provide doctor's notes following each appointment.

When asked how many days I could report in person, I stated that I was unsure and deferred to my healthcare provider for proper documentation — which is consistent with the guidance I received about handling medical disclosures during the accommodation process. Despite that, I was offered a position requiring four days in the office without confirmation that this met my medical limitations. I was not told until after the offer that this requirement was considered essential and non-negotiable.

I am committed to continuing the interactive process and to identifying a role that allows me to contribute meaningfully within the scope of my medical capacity. Please let me know how I may further support the continued search, and thank you again for your time.

Best,
Kaymarie Williams

On Fri, Apr 25, 2025 at 17:49 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Greetings Kaymarie,

I am in receipt of your three emails of 4/24/25, raising concerns about the accommodation process, indicating that you accept the Business Administrator position that we offered you on 4/21/25, and requesting that I include your DOL VETS investigator on all correspondence going forward. Each matter is addressed in turn, below.

In regard to the accommodation process, I want to assure you that I and others have been working hard to locate an appropriate reassignment for you. As you know, I coordinated with you and your healthcare provider (HCP) before looking for a reassignment for you to determine your disability-based functional limitations and specific accommodation requirements. I and others then expended a significant amount of time and effort searching for a reassignment for you that was similar in seniority, status, and pay to your Assistant Coach position, for which you possessed the necessary qualifications, and that you could perform with or without reasonable accommodation. Based on the information you and your HCP provided to us, we searched for both fully remote and hybrid roles. Although I specifically asked you about your availability to work in-person, you did not inform me during the search process that you were only able to work one day or so in-person per week. When we located a position that met all the known and necessary search criteria, we offered it to you. After being offered this position, which has a four days per week in-person reporting requirement, you informed me for the first time that you are only able to work in person one or so days per week. Had this been known earlier, the role would not have been offered to you. While it is sometimes possible to change job duties and/or reporting requirements as a reasonable accommodation, that is not the case when the duty/reporting requirement is an essential function of the job. In the case of the Business Administrator role that was offered to you, in-person reporting four days per week during most of the year is an essential function. Accordingly, that aspect of the job is not something that could be changed under an accommodation. Given your representation that you can only work in-person one or so days per week, you would not be able to perform the essential functions of this job.

Although you advised me on 4/24/25 that you will accept the position, you have made it clear that you cannot perform the essential functions of the job. Accepting the job but saying you cannot perform its essential functions are mutually exclusive options. Because you have stated you cannot perform the essential functions of this job, we will advise the department that it has been determined that you are not a match for the role and that the department should proceed with its recruitment process. IDEAA will resume the interactive process in an effort to locate another position for you. As previously discussed, as a first step, I will reach out to your HCP to request confirmation that the accommodation you seek of a maximum of one day per week or so of in-person reporting is medically supported. IDEAA will begin the search process anew, in coordination with HR, upon receipt of that confirmation.

In regard to your request that I copy the DOL VETS investigator on all future correspondence, so doing is not consistent with IDEAA's obligation to maintain confidentiality in this process, including with respect to your medical information. Accordingly, I will continue to write to you

without copying the investigator.

Should you have any questions or wish to speak in person, please let me know. I understand this is all quite complicated and has clearly been frustrating to you. I had hoped to speak with you in person on Monday to explain the offer of reassignment in greater detail and answer any questions you may have had, but as you requested to be provided with the information in writing, that is how I proceeded.

Kind regards,
Mary


On Thu, Apr 24, 2025 at 1:14 PM Kay Williams <joneskjdoc@gmail.com> wrote:
  Hello again Mary,

  As of the date of this email, I am requesting my DOL VETS investigator be included in any and all correspondence moving forward.  Without Investigator Lendof's inclusion, I will not be able to answer any further inquiries.

  Best,
  Kaymarie Wiliams

  On Thu, Apr 24, 2025 at 13:04 Kay Williams <joneskjdoc@gmail.com> wrote:
    MARY,

    TO CLARIFY, YES I ACCEPT THE ADMINISTRATIVE ROLE, HOWEVER, I NEED TO BE CLEARED BY MY MEDICAL PROVIDER.

    BEST,
    KAYMARIE WILLIAMS

    On Thu, Apr 24, 2025 at 12:24 Kay Williams <joneskjdoc@gmail.com> wrote:
      Mary,

      I am NOT declining the Business Administration role! Please do not conclude anything from my responses if it is not utterly expressed.

      I want to emphasize that I have been transparent and cooperative throughout this process, and I remain willing to work. However, I am concerned that I am being placed in a position where I'm expected to accept a role that conflicts with my medical limitations. I waited over 12 months to be offered a position, yet I had to accept my first and only offer in less than 3 days.

      As I've shared, I experience significant difficulty even with one day of in-person work. Pressuring me to accept a position that requires 4 in-person days disregards those limitations and feels inconsistent with the supportive, individualized accommodation process I was initially told to expect. I was previously advised not to worry about whether a role could be performed with accommodations — and I trusted that guidance. You graciously recommended I apply to any position that I am interested in and that I should allow you and IDEEA to work out the in-person requirements, etc. Has that changed?

      I respectfully ask that my lived experience be considered as part of the ongoing accommodation process, without requiring me to overexplain or quantify my hardship in a way that feels inconsistent with the interactive and supportive approach initially described.

      My provider was never asked to quantify the number of days I am able to work — if she was asked, the question would have been answered. I provided my medical

documentation on March 14th and was asked more about my limitations on April 9th. I do not have the medical expertise to answer some of your questions. Sometimes I feel I can move mountains but at my first step, I fall even deeper, hence, I rerouted your inquiry to my medical provider.

Now, probing and or forcing me to make a quick decision to meet the desire of the hiring party and frankly, my be IDEEA's protocol, but this is quite traumatic! Considering the trauma, torture, and constant disregard for my health, as I try to get reinstated at Georgetown University, is extremely overwhelming.

The repeated delays, shifting expectations, and lack of care for my documented limitations have constantly triggered my disabilities, to include my mental health conditions, in ways that make me feel completely disregarded, depleted, and dismissed.

Let it be known that I have no restrictions on asking my medical provider to complete your request, but asking her to do so now will mean new appointments, longer wait times, and even more added stress.

I will try to get an immediate appointment with my medical provider so she is aware of your inquiry so that I can complete the medical release from the hospital as well.

Please see the requested medical release form attached.

Best,
Kaymarie Williams

On Thu, Apr 24, 2025 at 11:06 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Hi Kaymarie,

Many thanks for your prompt reply. In response to your request, I will reach out to your medical provider to ask for additional information in support of your updated accommodation request.

In addition, I conclude from your email that you will not be accepting the Business Administrator position offered to you, given that the in-person reporting requirement exceeds your ability to report in-person. Will you kindly confirm, to ensure we are both clear on this?

Thank you,
Mary

On Wed, Apr 23, 2025 at 7:28 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Hello Mary,

Thank you very much for your continued follow-up.

Please reach out to my medical provider to assist with the accommodation process.

Best,

Kaymarie Williams

On Wed, Apr 23, 2025 at 18:52 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

Thank you for your email of yesterday afternoon, for the additional information you provided, and for the update to your accommodation request.

In response to your question about the Business Administrator role into which we have offered to reassign you, IDEAA has been advised that performance of the essential functions of the role require in-person attendance more than one day per week or so, as you have now indicated you are available. As the department is currently holding this role open for you and has many other applicants, we need to let them know whether you will accept the job or not. Kindly let me know as soon as possible, and no later than the end of the day tomorrow, April 24, 2025, whether you accept or decline the offer, and if you accept, when you will be available to begin work.

If you do not accept this offer, IDEAA will resume the interactive process relating to your accommodation request. As a first step, as this is the first time you have conveyed to IDEAA that you are generally only able to work one day a week or so in-person, at the most, I would request that your healthcare provider (HCP) answer a few additional questions about your condition and updated accommodation request, so that we have medical documentation that supports what you are seeking. (As I noted in my prior email, your HCP had previously indicated you could work a fully remote OR hybrid role, without stating that there was a limitation in the number of days you could work in-person.) If you decline the Business Administrator role, I will share these questions for your HCP with you. I am also happy to follow up directly with your HCP, with your permission, if that is easier.

Upon receipt of medical documentation that supports your updated accommodation request, IDEAA will refresh our search for available positions into which you may be reassigned.

I look forward to your reply.

Thank you,
Mary

On Tue, Apr 22, 2025 at 3:41 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hi Mary,

Trust you are well!

If it helps, I was fully remote with the VA when I came off active duty even though the position required I telework once per week. This was due to my medical conditions.

I am requesting to be fully remote at Georgetown as I have several appointments to keep up with, which is easier for me since I live on a military base and the hospital is only 5mins away.

If fully remote is impossible, I ask that you try to limit my in-office requirement to 1 day per week, or so, and that you also share with my direct report that I have several appointments that I need to keep up with so that no one thinks I am just trying to stay home. I have no problem providing a doctor's note after each visit.

Other than the in office requirement, I have no issues with the position offered and would love to have started yesterday :)

I hope this helps.

Best,
Kay

**On Tue, Apr 22, 2025 at 11:07 Mary Chlopecki <mc2672@georgetown.edu>
wrote:**

Good Morning Kaymarie,

I hope your recovery from surgery is going well! Yes, my understanding is that
the position requires in-office presence 4 days per week.

IDEAA did review your healthcare provider's (HCP) recommended
accommodations for you (set out in his March 14, 2025, responses to
IDEAA's questions) prior to identifying this reassignment. What your HCP
stated is that you require a remote or hybrid position. He did not
specify the number of days you would need to work from home. On April 9,
2025, I emailed you to ask if you could tell me how many days per week you
would be able to work in-person. You replied, "I am currently unable to
determine the number of days I can work in-person" (see attached email
chain). Based on this information, IDEAA concluded that the position offered to
you for reassignment falls within your HCP's recommendations as a hybrid
role.

If you have any updates from your HCP on your physical limitations and related
recommended accommodations, including the number of days that you would
be able to work in-person, kindly provide it to me as soon as possible. I will
circle back with you later this week to see where things stand and to discuss
next steps.

Kind regards,
Mary

**On Mon, Apr 21, 2025 at 5:09 PM Kay Williams <joneskjdoc@gmail.com> wrote:**

Mary,

Thank you, however, it seems the demand for an in-office position goes
beyond my medical provider's recommendation.

Please clarify whether I am expected to go into the office 4 days per week.

Note: I am currently under anesthesia and may not be  providing an accurate
response.

Best,
Kay

**On Mon, Apr 21, 2025 at 15:11 Mary Chlopecki <mc2672@georgetown.edu>
wrote:**

Good Afternoon Kaymarie,

Following up on our correspondence of earlier today, and per your request,
I am sharing with you in writing a Notice of Accommodation. This letter
describes the interactive process that occurred in relation to your request
for reasonable accommodation, and the outcome, which is the approval of
a reassignment for you. I have attached the position description for the
position into which you are being reassigned. If you have any questions or
wish to discuss this matter further, please let me know.

Thank you for your cooperation and patience in this process. I wish you all
the best on your return to Georgetown.

Kind regards,
Mary

| | | | | | | | | | | | | | | | | | | |

**[Quoted text hidden]**

 Gmail

**Kay Williams <joneskjdoc@gmail.com>**

---

## Re: 2nd Email
6 messages

---

**Kay Williams** <joneskjdoc@gmail.com>                                      Tue, Jun 3 at 12:51
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Just checking if you received my email from my doctor's office and whether ai needed to continue applying for
positions at Georgetown.. Please let me know.

Best,
Kay

On Fri, May 30, 2025 at 15:26 Kay Williams <joneskjdoc@gmail.com> wrote:

On Fri, May 30, 2025 at 15:25 Kay Williams <joneskjdoc@gmail.com> wrote:
  Hello Mary,

  I have attached a letter from my doctor conscerning my accommodation request.

It seems the letter has been ready since the 20th, per my portal, but the nurse failed to upload it until I got help today.

I asked another nurse to complete it, which is why I received it today. I hope this helps.

Should I still apply to other positions? Are the ones that I applied for absolute?

Please let me know.

Best,
Kaymarie Williams

On Thu, May 8, 2025 at 09:15 Kay Williams <joneskjdoc@gmail.com> wrote:
> Good morning,
>
> Were you able to get in touch with my primary care physician to get the information you needed?
>
> Please let me know.
>
> Best,
> Kaymarie Williams
>
> On Mon, Apr 28, 2025 at 15:56 Mary Chlopecki <mc2672@georgetown.edu> wrote:
>> Hi Kaymarie,
>>
>> Thank you for your email. I would be happy to speak with you and address your questions. I think I can clarify some things for you, as well. Please let me know a good time for you to talk. I am free today at or after 4:30 p.m. or tomorrow between 10-12:30 and 2-5.
>>
>> Thanks!
>> Mary
>>
>> On Fri, Apr 25, 2025 at 9:38 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>>> Mary,
>>>
>>> Thank you for your message. I want to take this opportunity to clarify several key points to ensure the record accurately reflects my communication and intentions.
>>>
>>> I only asked that you shared information in writing on Monday, April 21st as I had surgery that day and I was under anesthesia. Currently, I am available to have phone conversations and is open to one at any time on Monday, April 28th.
>>>
>>> First, I have not refused reemployment nor have I withdrawn from the interactive process. It is Georgetown University that went from May of 2024 to December of 2024 without interacting with me after my expressed interest in returning to the university, not the other way around. To be clear, the university only became "interactive" after I opened my investigation with DOL VETS. Also, It has been brought to my attention that the lawyers at Georgetown are fully aware of my accommodation progress or the lack thereof, but DOL VETS is not privy to the same information. I was not asking to share my medical information with DOL VETS, even though I have shared all medical documentation with their office, I was simply asking to include Investigator Lendof as she has knowledge and training on USERRA while IDEEA may only have a handle on ADA, PDA, etc. Also, I accepted the employment with hopes that I would be accommodated and because I felt forced to do so, since during my inquiry about the position, you were so quick to conclude that I did not want to accept the position.
>>>
>>> I remain willing and available to work in a position that is aligned with both the essential functions of the role and the limitations documented by my healthcare provider. I have consistently acted in good faith, and I appreciate the efforts to identify a suitable role.
>>>
>>> To clarify a specific misstatement: I did not say that I am "only available one day per week." Never have I

made any medical guesses or shared any medical recommendations based on my current diagnosis. What I communicated was that I am requesting a fully remote position due to my need to attend regular medical appointments, which are far more manageable given that I reside on a military base which is located just minutes from the hospital. I also stated that if full remote status is not possible, I would request that any in-office requirement be limited to one day per week or so and that my direct report be made aware that these limitations are connected to medical care — not personal preference. I also offered to provide doctor's notes following each appointment.

When asked how many days I could report in person, I stated that I was unsure and deferred to my healthcare provider for proper documentation — which is consistent with the guidance I received about handling medical disclosures during the accommodation process. Despite that, I was offered a position requiring four days in the office without confirmation that this met my medical limitations. I was not told until after the offer that this requirement was considered essential and non-negotiable.

I am committed to continuing the interactive process and to identifying a role that allows me to contribute meaningfully within the scope of my medical capacity. Please let me know how I may further support the continued search, and thank you again for your time.

Best,
Kaymarie Williams

On Fri, Apr 25, 2025 at 17:49 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Greetings Kaymarie,

I am in receipt of your three emails of 4/24/25, raising concerns about the accommodation process, indicating that you accept the Business Administrator position that we offered you on 4/21/25, and requesting that I include your DOL VETS investigator on all correspondence going forward. Each matter is addressed in turn, below.

In regard to the accommodation process, I want to assure you that I and others have been working hard to locate an appropriate reassignment for you. As you know, I coordinated with you and your healthcare provider (HCP) before looking for a reassignment for you to determine your disability-based functional limitations and specific accommodation requirements. I and others then expended a significant amount of time and effort searching for a reassignment for you that was similar in seniority, status, and pay to your Assistant Coach position, for which you possessed the necessary qualifications, and that you could perform with or without reasonable accommodation. Based on the information you and your HCP provided to us, we searched for both fully remote and hybrid roles. Although I specifically asked you about your availability to work in-person, you did not inform me during the search process that you were only able to work one day or so in-person per week. When we located a position that met all the known and necessary search criteria, we offered it to you. After being offered this position, which has a four days per week in-person reporting requirement, you informed me for the first time that you are only able to work in person one or so days per week. Had this been known earlier, the role would not have been offered to you. While it is sometimes possible to change job duties and/or reporting requirements as a reasonable accommodation, that is not the case when the duty/reporting requirement is an essential function of the job. In the case of the Business Administrator role that was offered to you, in-person reporting four days per week during most of the year is an essential function. Accordingly, that aspect of the job is not something that could be changed under an accommodation. Given your representation that you can only work in-person one or so days per week, you would not be able to perform the essential functions of this job.

Although you advised me on 4/24/25 that you will accept the position, you have made it clear that you cannot perform the essential functions of the job. Accepting the job but saying you cannot perform its essential functions are mutually exclusive options. Because you have stated you cannot perform the essential functions of this job, we will advise the department that it has been determined that you are not a match for the role and that the department should proceed with its recruitment process. IDEAA will resume the interactive process in an effort to locate another position for you. As previously discussed, as a first step, I will reach out to your HCP to request confirmation that the accommodation you seek of a maximum of one day per week or so of in-person reporting is medically supported. IDEAA will begin the search process anew, in coordination with HR, upon receipt of that confirmation.

In regard to your request that I copy the DOL VETS investigator on all future correspondence, so doing is not consistent with IDEAA's obligation to maintain confidentiality in this process, including with respect to your medical information. Accordingly, I will continue to write to you without copying the investigator.

Should you have any questions or wish to speak in person, please let me know. I understand this is all quite complicated and has clearly been frustrating to you. I had hoped to speak with you in person on Monday to explain the offer of reassignment in greater detail and answer any questions you may have had, but as you requested to be provided with the information in writing, that is how I proceeded.

Kind regards,
Mary

On Thu, Apr 24, 2025 at 1:14 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hello again Mary,

As of the date of this email, I am requesting my DOL VETS investigator be included in any and all correspondence moving forward.  Without Investigator Lendof's inclusion, I will not be able to answer any further inquiries.

Best,
Kaymarie Wiliams

On Thu, Apr 24, 2025 at 13:04 Kay Williams <joneskjdoc@gmail.com> wrote:
MARY,

TO CLARIFY, YES I ACCEPT THE ADMINISTRATIVE ROLE, HOWEVER, I NEED TO BE CLEARED BY MY MEDICAL PROVIDER.

BEST,
KAYMARIE WILLIAMS

On Thu, Apr 24, 2025 at 12:24 Kay Williams <joneskjdoc@gmail.com> wrote:
Mary,

I am NOT declining the Business Administration role! Please do not conclude anything from my responses if it is not utterly expressed.

I want to emphasize that I have been transparent and cooperative throughout this process, and I remain willing to work. However, I am concerned that I am being placed in a position where I'm expected to accept a role that conflicts with my medical limitations. I waited over 12 months to be offered a position, yet I had to accept my first and only offer in less than 3 days.

As I've shared, I experience significant difficulty even with one day of in-person work. Pressuring me to accept a position that requires 4 in-person days disregards those limitations and feels inconsistent with the supportive, individualized accommodation process I was initially told to expect. I was previously advised not to worry about whether a role could be performed with accommodations — and I trusted that guidance. You graciously recommended I apply to any position that I am interested in and that I should allow you and IDEEA to work out the in-person requirements, etc. Has that changed?

I respectfully ask that my lived experience be considered as part of the ongoing accommodation process, without requiring me to overexplain or quantify my hardship in a way that feels inconsistent with the interactive and supportive approach initially described.

My provider was never asked to quantify the number of days I am able to work — if she was

asked, the question would have been answered. I provided my medical documentation on March 14th and was asked more about my limitations on April 9th. I do not have the medical expertise to answer some of your questions. Sometimes I feel I can move mountains but at my first step, I fall even deeper, hence, I rerouted your inquiry to my medical provider.

Now, probing and or forcing me to make a quick decision to meet the desire of the hiring party and frankly, my be IDEEA's protocol, but this is quite traumatic! Considering the trauma, torture, and constant disregard for my health, as I try to get reinstated at Georgetown University, is extremely overwhelming.

The repeated delays, shifting expectations, and lack of care for my documented limitations have constantly triggered my disabilities, to include my mental health conditions, in ways that make me feel completely disregarded, depleted, and dismissed.

Let it be known that I have no restrictions on asking my medical provider to complete your request, but asking her to do so now will mean new appointments, longer wait times, and even more added stress.

I will try to get an immediate appointment with my medical provider so she is aware of your inquiry so that I can complete the medical release from the hospital as well.

Please see the requested medical release form attached.

Best,
Kaymarie Williams

On Thu, Apr 24, 2025 at 11:06 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Hi Kaymarie,

Many thanks for your prompt reply. In response to your request, I will reach out to your medical provider to ask for additional information in support of your updated accommodation request.

In addition, I conclude from your email that you will not be accepting the Business Administrator position offered to you, given that the in-person reporting requirement exceeds your ability to report in-person. Will you kindly confirm, to ensure we are both clear on this?

Thank you,
Mary

On Wed, Apr 23, 2025 at 7:28 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Hello Mary,

Thank you very much for your continued follow-up.

Please reach out to my medical provider to assist with the accommodation process.

Best,

Kaymarie Williams

On Wed, Apr 23, 2025 at 18:52 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Hi Kaymarie,

Thank you for your email of yesterday afternoon, for the additional information you provided, and for the update to your accommodation request.

In response to your question about the Business Administrator role into which we have

offered to reassign you, IDEAA has been advised that performance of the essential functions of the role require in-person attendance more than one day per week or so, as you have now indicated you are available. As the department is currently holding this role open for you and has many other applicants, we need to let them know whether you will accept the job or not. Kindly let me know as soon as possible, and no later than the end of the day tomorrow, April 24, 2025, whether you accept or decline the offer, and if you accept, when you will be available to begin work.

If you do not accept this offer, IDEAA will resume the interactive process relating to your accommodation request. As a first step, as this is the first time you have conveyed to IDEAA that you are generally only able to work one day a week or so in-person, at the most, I would request that your healthcare provider (HCP) answer a few additional questions about your condition and updated accommodation request, so that we have medical documentation that supports what you are seeking. (As I noted in my prior email, your HCP had previously indicated you could work a fully remote OR hybrid role, without stating that there was a limitation in the number of days you could work in-person.) If you decline the Business Administrator role, I will share these questions for your HCP with you. I am also happy to follow up directly with your HCP, with your permission, if that is easier.

Upon receipt of medical documentation that supports your updated accommodation request, IDEAA will refresh our search for available positions into which you may be reassigned.

I look forward to your reply.

Thank you,
Mary


On Tue, Apr 22, 2025 at 3:41 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hi Mary,

Trust you are well!

If it helps, I was fully remote with the VA when I came off active duty even though the position required I telework once per week. This was due to my medical conditions.

I am requesting to be fully remote at Georgetown as I have several appointments to keep up with, which is easier for me since I live on a military base and the hospital is only 5mins away.

If fully remote is impossible, I ask that you try to limit my in-office requirement to 1 day per week, or so, and that you also share with my direct report that I have several appointments that I need to keep up with so that no one thinks I am just trying to stay home. I have no problem providing a doctor's note after each visit.

Other than the in office requirement, I have no issues with the position offered and would love to have started yesterday :)

I hope this helps.

Best,
Kay

On Tue, Apr 22, 2025 at 11:07 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Good Morning Kaymarie,

I hope your recovery from surgery is going well! Yes, my understanding is that the position requires in-office presence 4 days per week.

IDEAA did review your healthcare provider's (HCP) recommended accommodations for you (set out in his March 14, 2025, responses to IDEAA's questions) prior to identifying this reassignment. What your HCP stated is that you require a remote or hybrid position. He did not specify the number of days you would need to work from home. On April 9, 2025, I emailed you to ask if you could tell me how many days per week you would be able to work in-person. You replied, "I am currently unable to determine the number of days I can work in-person" (see attached email chain). Based on this information, IDEAA concluded that the position offered to you for reassignment falls within your HCP's recommendations as a hybrid role.

If you have any updates from your HCP on your physical limitations and related recommended accommodations, including the number of days that you would be able to work in-person, kindly provide it to me as soon as possible. I will circle back with you later this week to see where things stand and to discuss next steps.

Kind regards,
Mary

On Mon, Apr 21, 2025 at 5:09 PM Kay Williams <joneskjdoc@gmail.com> wrote:
> Mary,
>
> Thank you, however, it seems the demand for an in-office position goes beyond my medical provider's recommendation.
>
> Please clarify whether I am expected to go into the office 4 days per week.
>
> Note: I am currently under anesthesia and may not be providing an accurate response.
>
> Best,
> Kay
> On Mon, Apr 21, 2025 at 15:11 Mary Chlopecki <mc2672@georgetown.edu> wrote:
>> Good Afternoon Kaymarie,
>>
>> Following up on our correspondence of earlier today, and per your request, I am sharing with you in writing a Notice of Accommodation. This letter describes the interactive process that occurred in relation to your request for reasonable accommodation, and the outcome, which is the approval of a reassignment for you. I have attached the position description for the position into which you are being reassigned. If you have any questions or wish to discuss this matter further, please let me know.
>>
>> Thank you for your cooperation and patience in this process. I wish you all the best on your return to Georgetown.
>>
>> Kind regards,
>> Mary

[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                    Tue, Jun 3 at 15:15
To: Kay Williams <joneskjdoc@gmail.com>

Good Afternoon Kaymarie,

Thank you for reaching out and following up. Yes, I received the note from your doctor. Thank you for that. HR has been, and will continue, watching for open positions for which you are qualified, that are comparable to your prior position in seniority, status, and pay, and that are either fully remote or that you can perform coming into work one day per week, per your accommodation request. We will alert you if any positions are identified. You may certainly continue to apply for positions yourself, and if there are any that you see that meet your criteria that have yet to be brought to your attention through HR, please let me know and I will follow up.

Kind regards,
Mary

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                  Tue, Jun 3 at 15:22
To: Mary Chlopecki <mc2672@georgetown.edu>

Thanks, Mary. What happened to all the other jobs in which I applied that HR recommended?

Best,
Kay
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                  Wed, Jun 11 at 06:57
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

I am reaching out in reference to my inquiry on June 3rd. Are there any steps I am missing in my request for reinstatement?

I have not heard from you but do hope all is well. I applied to another position. See email from last week. I will continue to apply but please let me know where you are in the process. Thank you.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                               Wed, Jun 11 at 07:01
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Thank you for reaching out. I apologize for my delayed reply. I have been traveling for the past week. I will be back in touch later today or tomorrow to respond to your email.

Thank you,
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                  Wed, Jun 11 at 07:02
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mary,

Looking forward to your response.

Best,
Kaymarie Williams

[Quoted text hidden]

 Gmail

**Kay Williams <joneskjdoc@gmail.com>**

## Re: 3rd Email
3 messages

**Kay Williams** <joneskjdoc@gmail.com>                                                                Wed, Jun 18 at 19:05
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mary,

Do you have an update for me? I never received a response. Were you able to return to the office? Please let me know soon.

Best,
Kay

On Wed, Jun 11, 2025 at 07:02 Kay Williams <joneskjdoc@gmail.com> wrote:

Hi Mary,

Looking forward to your response.

Best,
Kaymarie Williams

On Wed, Jun 11, 2025 at 07:01 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

Thank you for reaching out. I apologize for my delayed reply. I have been traveling for the past week. I will be back in touch later today or tomorrow to respond to your email.

Thank you,
Mary

On Wed, Jun 11, 2025 at 12:58 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Hello Mary,

I am reaching out in reference to my inquiry on June 3rd. Are there any steps I am missing in my request for reinstatement?

I have not heard from you but do hope all is well. I applied to another position. See email from last week. I will continue to apply but please let me know where you are in the process. Thank you.

Best,
Kaymarie Williams

On Tue, Jun 3, 2025 at 15:22 Kay Williams <joneskjdoc@gmail.com> wrote:

Thanks, Mary. What happened to all the other jobs in which I applied that HR recommended?

Best,
Kay

On Tue, Jun 3, 2025 at 15:15 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Good Afternoon Kaymarie,

Thank you for reaching out and following up. Yes, I received the note from your doctor. Thank you for

that. HR has been, and will continue, watching for open positions for which you are qualified, that are comparable to your prior position in seniority, status, and pay, and that are either fully remote or that you can perform coming into work one day per week, per your accommodation request. We will alert you if any positions are identified. You may certainly continue to apply for positions yourself, and if there are any that you see that meet your criteria that have yet to be brought to your attention through HR, please let me know and I will follow up.

Kind regards,
Mary

On Tue, Jun 3, 2025 at 12:52 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hello Mary,

Just checking if you received my email from my doctor's office and whether ai needed to continue applying for positions at Georgetown.. Please let me know.

Best,
Kay

On Fri, May 30, 2025 at 15:26 Kay Williams <joneskjdoc@gmail.com> wrote:



On Fri, May 30, 2025 at 15:25 Kay Williams <joneskjdoc@gmail.com> wrote:
Hello Mary,

I have attached a letter from my doctor conscerning my accommodation request.

It seems the letter has been ready since the 20th, per my portal, but the nurse failed to upload it until I got help today.

I asked another nurse to complete it, which is why I received it today. I hope this helps.

Should I still apply to other positions? Are the ones that I applied for absolute?

Please let me know.

Best,
Kaymarie Williams

On Thu, May 8, 2025 at 09:15 Kay Williams <joneskjdoc@gmail.com> wrote:
Good morning,

Were you able to get in touch with my primary care physician to get the information you needed?

Please let me know.

Best,
Kaymarie Williams

On Mon, Apr 28, 2025 at 15:56 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Hi Kaymarie,

Thank you for your email. I would be happy to speak with you and address your questions. I think I can clarify some things for you, as well. Please let me know a good time for you to talk. I am free today at or after 4:30 p.m. or tomorrow between 10-12:30 and 2-5.

Thanks!
Mary

On Fri, Apr 25, 2025 at 9:38 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Mary,

Thank you for your message. I want to take this opportunity to clarify several key points to ensure the record accurately reflects my communication and intentions.

I only asked that you shared information in writing on Monday, April 21st as I had surgery that day and I was under anesthesia. Currently, I am available to have phone conversations and is open to one at any time on Monday, April 28th.

First, I have not refused reemployment nor have I withdrawn from the interactive process. It is Georgetown University that went from May of 2024 to December of 2024 without interacting with me after my expressed interest in returning to the university, not the other way around. To be clear, the university only became "interactive" after I opened my investigation with DOL VETS. Also, It has been brought to my attention that the lawyers at Georgetown are fully aware of my accommodation progress or the lack thereof, but DOL VETS is not privy to the same information. I was not asking to share my medical information with DOL VETS, even though I have shared all medical documentation with their office, I was simply asking to include Investigator Lendof as she has knowledge and training on USERRA while IDEEA may only have a handle on ADA, PDA, etc. Also, I accepted the employment with hopes that I would be accommodated and because I felt forced to do so, since during my inquiry about the position, you were so quick to conclude that I did not want to accept the position.

I remain willing and available to work in a position that is aligned with both the essential functions of the role and the limitations documented by my healthcare provider. I have

consistently acted in good faith, and I appreciate the efforts to identify a suitable role.

To clarify a specific misstatement: I did not say that I am "only available one day per week." Never have I made any medical guesses or shared any medical recommendations based on my current diagnosis. What I communicated was that I am requesting a fully remote position due to my need to attend regular medical appointments, which are far more manageable given that I reside on a military base which is located just minutes from the hospital. I also stated that if full remote status is not possible, I would request that any in-office requirement be limited to one day per week or so and that my direct report be made aware that these limitations are connected to medical care — not personal preference. I also offered to provide doctor's notes following each appointment.

When asked how many days I could report in person, I stated that I was unsure and deferred to my healthcare provider for proper documentation — which is consistent with the guidance I received about handling medical disclosures during the accommodation process. Despite that, I was offered a position requiring four days in the office without confirmation that this met my medical limitations. I was not told until after the offer that this requirement was considered essential and non-negotiable.

I am committed to continuing the interactive process and to identifying a role that allows me to contribute meaningfully within the scope of my medical capacity. Please let me know how I may further support the continued search, and thank you again for your time.

Best,
Kaymarie Williams

On Fri, Apr 25, 2025 at 17:49 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Greetings Kaymarie,

I am in receipt of your three emails of 4/24/25, raising concerns about the accommodation process, indicating that you accept the Business Administrator position that we offered you on 4/21/25, and requesting that I include your DOL VETS investigator on all correspondence going forward. Each matter is addressed in turn, below.

In regard to the accommodation process, I want to assure you that I and others have been working hard to locate an appropriate reassignment for you. As you know, I coordinated with you and your healthcare provider (HCP) before looking for a reassignment for you to determine your disability-based functional limitations and specific accommodation requirements. I and others then expended a significant amount of time and effort searching for a reassignment for you that was similar in seniority, status, and pay to your Assistant Coach position, for which you possessed the necessary qualifications, and that you could perform with or without reasonable accommodation. Based on the information you and your HCP provided to us, we searched for both fully remote and hybrid roles. Although I specifically asked you about your availability to work in-person, you did not inform me during the search process that you were only able to work one day or so in-person per week. When we located a position that met all the known and necessary search criteria, we offered it to you. After being offered this position, which has a four days per week in-person reporting requirement, you informed me for the first time that you are only able to work in person one or so days per week. Had this been known earlier, the role would not have been offered to you. While it is sometimes possible to change job duties and/or reporting requirements as a reasonable accommodation, that is not the case when the duty/reporting requirement is an essential function of the job. In the case of the Business Administrator role that was offered to you, in-person reporting four days per week during most of the year is an essential function. Accordingly, that aspect of the job is not something that could be changed under an accommodation. Given your representation that you can only work in-person one or so days per week, you would not be able to perform the essential functions of this job.

Although you advised me on 4/24/25 that you will accept the position, you have made it clear that you cannot perform the essential functions of the job. Accepting the job but

saying you cannot perform its essential functions are mutually exclusive options. Because you have stated you cannot perform the essential functions of this job, we will advise the department that it has been determined that you are not a match for the role and that the department should proceed with its recruitment process. IDEAA will resume the interactive process in an effort to locate another position for you. As previously discussed, as a first step, I will reach out to your HCP to request confirmation that the accommodation you seek of a maximum of one day per week or so of in-person reporting is medically supported. IDEAA will begin the search process anew, in coordination with HR, upon receipt of that confirmation.

In regard to your request that I copy the DOL VETS investigator on all future correspondence, so doing is not consistent with IDEAA's obligation to maintain confidentiality in this process, including with respect to your medical information. Accordingly, I will continue to write to you without copying the investigator.

Should you have any questions or wish to speak in person, please let me know. I understand this is all quite complicated and has clearly been frustrating to you. I had hoped to speak with you in person on Monday to explain the offer of reassignment in greater detail and answer any questions you may have had, but as you requested to be provided with the information in writing, that is how I proceeded.

Kind regards,
Mary

On Thu, Apr 24, 2025 at 1:14 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hello again Mary,

As of the date of this email, I am requesting my DOL VETS investigator be included in any and all correspondence moving forward.  Without Investigator Lendof's inclusion, I will not be able to answer any further inquiries.

Best,
Kaymarie Wiliams

On Thu, Apr 24, 2025 at 13:04 Kay Williams <joneskjdoc@gmail.com> wrote:
MARY,

TO CLARIFY, YES I ACCEPT THE ADMINISTRATIVE ROLE, HOWEVER, I NEED TO BE CLEARED BY MY MEDICAL PROVIDER.

BEST,
KAYMARIE WILLIAMS

On Thu, Apr 24, 2025 at 12:24 Kay Williams <joneskjdoc@gmail.com> wrote:
Mary,

I am NOT declining the Business Administration role! Please do not conclude anything from my responses if it is not utterly expressed.

I want to emphasize that I have been transparent and cooperative throughout this process, and I remain willing to work. However, I am concerned that I am being placed in a position where I'm expected to accept a role that conflicts with my medical limitations. I waited over 12 months to be offered a position, yet I had to accept my first and only offer in less than 3 days.

As I've shared, I experience significant difficulty even with one day of in-person work. Pressuring me to accept a position that requires 4 in-person days disregards

those limitations and feels inconsistent with the supportive, individualized accommodation process I was initially told to expect. I was previously advised not to worry about whether a role could be performed with accommodations — and I trusted that guidance. You graciously recommended I apply to any position that I am interested in and that I should allow you and IDEEA to work out the in-person requirements, etc. Has that changed?

I respectfully ask that my lived experience be considered as part of the ongoing accommodation process, without requiring me to overexplain or quantify my hardship in a way that feels inconsistent with the interactive and supportive approach initially described.

My provider was never asked to quantify the number of days I am able to work — if she was asked, the question would have been answered. I provided my medical documentation on March 14th and was asked more about my limitations on April 9th. I do not have the medical expertise to answer some of your questions. Sometimes I feel I can move mountains but at my first step, I fall even deeper, hence, I rerouted your inquiry to my medical provider.

Now, probing and or forcing me to make a quick decision to meet the desire of the hiring party and frankly, my be IDEEA's protocol, but this is quite traumatic! Considering the trauma, torture, and constant disregard for my health, as I try to get reinstated at Georgetown University, is extremely overwhelming.

The repeated delays, shifting expectations, and lack of care for my documented limitations have constantly triggered my disabilities, to include my mental health conditions, in ways that make me feel completely disregarded, depleted, and dismissed.

Let it be known that I have no restrictions on asking my medical provider to complete your request, but asking her to do so now will mean new appointments, longer wait times, and even more added stress.

I will try to get an immediate appointment with my medical provider so she is aware of your inquiry so that I can complete the medical release from the hospital as well.

Please see the requested medical release form attached.

Best,
Kaymarie Williams

On Thu, Apr 24, 2025 at 11:06 Mary Chlopecki <mc2672@georgetown.edu> wrote:
 Hi Kaymarie,

 Many thanks for your prompt reply. In response to your request, I will reach out to your medical provider to ask for additional information in support of your updated accommodation request.

 In addition, I conclude from your email that you will not be accepting the Business Administrator position offered to you, given that the in-person reporting requirement exceeds your ability to report in-person. Will you kindly confirm, to ensure we are both clear on this?

 Thank you,
 Mary

 On Wed, Apr 23, 2025 at 7:28 PM Kay Williams <joneskjdoc@gmail.com> wrote:

  Hello Mary,

  Thank you very much for your continued follow-up.

Please reach out to my medical provider to assist with the accommodation process.

Best,

Kaymarie Williams

On Wed, Apr 23, 2025 at 18:52 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

Thank you for your email of yesterday afternoon, for the additional information you provided, and for the update to your accommodation request.

In response to your question about the Business Administrator role into which we have offered to reassign you, IDEAA has been advised that performance of the essential functions of the role require in-person attendance more than one day per week or so, as you have now indicated you are available. As the department is currently holding this role open for you and has many other applicants, we need to let them know whether you will accept the job or not. Kindly let me know as soon as possible, and no later than the end of the day tomorrow, April 24, 2025, whether you accept or decline the offer, and if you accept, when you will be available to begin work.

If you do not accept this offer, IDEAA will resume the interactive process relating to your accommodation request. As a first step, as this is the first time you have conveyed to IDEAA that you are generally only able to work one day a week or so in-person, at the most, I would request that your healthcare provider (HCP) answer a few additional questions about your condition and updated accommodation request, so that we have medical documentation that supports what you are seeking. (As I noted in my prior email, your HCP had previously indicated you could work a fully remote OR hybrid role, without stating that there was a limitation in the number of days you could work in-person.) If you decline the Business Administrator role, I will share these questions for your HCP with you. I am also happy to follow up directly with your HCP, with your permission, if that is easier.

Upon receipt of medical documentation that supports your updated accommodation request, IDEAA will refresh our search for available positions into which you may be reassigned.

I look forward to your reply.

Thank you,
Mary

On Tue, Apr 22, 2025 at 3:41 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hi Mary,

Trust you are well!

If it helps, I was fully remote with the VA when I came off active duty even

though the position required I telework once per week. This was due to my medical conditions.

I am requesting to be fully remote at Georgetown as I have several appointments to keep up with, which is easier for me since I live on a military base and the hospital is only 5mins away.

If fully remote is impossible, I ask that you try to limit my in-office requirement to 1 day per week, or so, and that you also share with my direct report that I have several appointments that I need to keep up with so that no one thinks I am just trying to stay home. I have no problem providing a doctor's note after each visit.

Other than the in office requirement, I have no issues with the position offered and would love to have started yesterday :)

I hope this helps.

Best,
Kay

On Tue, Apr 22, 2025 at 11:07 Mary Chlopecki <mc2672@georgetown.edu> wrote:

> Good Morning Kaymarie,
>
> I hope your recovery from surgery is going well! Yes, my understanding is that the position requires in-office presence 4 days per week.
>
> IDEAA did review your healthcare provider's (HCP) recommended accommodations for you (set out in his March 14, 2025, responses to IDEAA's questions) prior to identifying this reassignment. What your HCP stated is that you require a remote or hybrid position. He did not specify the number of days you would need to work from home. On April 9, 2025, I emailed you to ask if you could tell me how many days per week you would be able to work in-person. You replied, "I am currently unable to determine the number of days I can work in-person" (see attached email chain). Based on this information, IDEAA concluded that the position offered to you for reassignment falls within your HCP's recommendations as a hybrid role.
>
> If you have any updates from your HCP on your physical limitations and related recommended accommodations, including the number of days that you would be able to work in-person, kindly provide it to me as soon as possible. I will circle back with you later this week to see where things stand and to discuss next steps.
>
> Kind regards,
> Mary
>
> On Mon, Apr 21, 2025 at 5:09 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>
> > Mary,
> >
> > Thank you, however, it seems the demand for an in-office position goes beyond my medical provider's recommendation.
> >
> > Please clarify whether I am expected to go into the office 4 days per week.



Note: I am currently under anesthesia and may not be providing an accurate response.

Best,
Kay
On Mon, Apr 21, 2025 at 15:11 Mary Chlopecki <mc2672@georgetown.edu> wrote:
> Good Afternoon Kaymarie,
>
> Following up on our correspondence of earlier today, and per your request, I am sharing with you in writing a Notice of Accommodation. This letter describes the interactive process that occurred in relation to your request for reasonable accommodation, and the outcome, which is the approval of a reassignment for you. I have attached the position description for the position into which you are being reassigned. If you have any questions or wish to discuss this matter further, please let me know.
>
> Thank you for your cooperation and patience in this process. I wish you all the best on your return to Georgetown.
>
> Kind regards,
> Mary

[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                              Sun, Jun 22 at 22:55
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Thank you for your email. I apologize for my delay in responding. I have been on vacation and have had limited access to email. I got back yesterday. I have reached out to HR to request an update on the job search for you, as well to request further information about the status of your prior applications. I will get back to you as soon as I hear back, hopefully early this coming week. In the meantime, I can tell you that it is my understanding that HR has been continuing to monitor job openings in search of a match for you. Last time I checked in with HR, the challenge had been that there were no open opportunities for fully remote or 1-day/week in-person hybrid positions for which you are qualified and/or that are at your level of pay. I know that HR had also inquired with at least one department as to whether any such job openings were in the pipeline, and heard back that none were at that time. I will see what I can find out about the job you mentioned that you recently applied for.

I will be back in touch as soon as I have an update.

Thank you,
Mary

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                              Mon, Jun 23 at 06:46
To: Mary Chlopecki <mc2672@georgetown.edu>

Thank you, Mary!

Best,
Kay
[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

## Re: Follow-up Email
4 messages

**Kay Williams** <joneskjdoc@gmail.com>                                                    Tue, Jul 8 at 17:01
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

I have not heard from you or the university about my reinstatement. Please share any updates you may have on my case.  Please also respond to my email within the next 48 hours.

Best,
Kay

On Mon, Jun 23, 2025 at 06:46 Kay Williams <joneskjdoc@gmail.com> wrote:
> Thank you, Mary!
>
> Best,
> Kay

On Sun, Jun 22, 2025 at 22:55 Mary Chlopecki <mc2672@georgetown.edu> wrote:
> Hi Kaymarie,
>
> Thank you for your email. I apologize for my delay in responding. I have been on vacation and have had limited access to email. I got back yesterday. I have reached out to HR to request an update on the job search for you, as well to request further information about the status of your prior applications. I will get back to you as soon as I hear back, hopefully early this coming week. In the meantime, I can tell you that it is my understanding that HR has been continuing to monitor job openings in search of a match for you. Last time I checked in with HR, the challenge had been that there were no open opportunities for fully remote or 1-day/week in-person hybrid positions for which you are qualified and/or that are at your level of pay. I know that HR had also inquired with at least one department as to whether any such job openings were in the pipeline, and heard back that none were at that time. I will see what I can find out about the job you mentioned that you recently applied for.
>
> I will be back in touch as soon as I have an update.
>
> Thank you,
> Mary

On Wed, Jun 18, 2025 at 7:06 PM Kay Williams <joneskjdoc@gmail.com> wrote:
> Hi Mary,
>
> Do you have an update for me? I never received a response. Were you able to return to the office? Please let me know soon.
>
> Best,
> Kay

On Wed, Jun 11, 2025 at 07:02 Kay Williams <joneskjdoc@gmail.com> wrote:
Hi Mary,

Looking forward to your response.

Best,
Kaymarie Williams

On Wed, Jun 11, 2025 at 07:01 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Hi Kaymarie,

Thank you for reaching out. I apologize for my delayed reply. I have been traveling for the past week. I will be back in touch later today or tomorrow to respond to your email.

Thank you,
Mary

On Wed, Jun 11, 2025 at 12:58 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hello Mary,

I am reaching out in reference to my inquiry on June 3rd. Are there any steps I am missing in my request for reinstatement?

I have not heard from you but do hope all is well. I applied to another position. See email from last week. I will continue to apply but please let me know where you are in the process. Thank you.

Best,
Kaymarie Williams

On Tue, Jun 3, 2025 at 15:22 Kay Williams <joneskjdoc@gmail.com> wrote:
Thanks, Mary. What happened to all the other jobs in which I applied that HR recommended?

Best,
Kay

On Tue, Jun 3, 2025 at 15:15 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Good Afternoon Kaymarie,

Thank you for reaching out and following up. Yes, I received the note from your doctor. Thank you for that. HR has been, and will continue, watching for open positions for which you are qualified, that are comparable to your prior position in seniority, status, and pay, and that are either fully remote or that you can perform coming into work one day per week, per your accommodation request. We will alert you if any positions are identified. You may certainly continue to apply for positions yourself, and if there are any that you see that meet your criteria that have yet to be brought to your attention through HR, please let me know and I will follow up.

Kind regards,
Mary

On Tue, Jun 3, 2025 at 12:52 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hello Mary,

Just checking if you received my email from my doctor's office and whether ai needed to continue applying for positions at Georgetown.. Please let me know.

Best,
Kay

**On Fri, May 30, 2025 at 15:26 Kay Williams <joneskjdoc@gmail.com> wrote:**



**On Fri, May 30, 2025 at 15:25 Kay Williams <joneskjdoc@gmail.com> wrote:**
Hello Mary,

I have attached a letter from my doctor conscerning my accommodation request.

It seems the letter has been ready since the 20th, per my portal, but the nurse failed to upload it until I got help today.

I asked another nurse to complete it, which is why I received it today. I hope this helps.

Should I still apply to other positions? Are the ones that I applied for absolute?

Please let me know.

Best,
Kaymarie Williams

**On Thu, May 8, 2025 at 09:15 Kay Williams <joneskjdoc@gmail.com> wrote:**
Good morning,

Were you able to get in touch with my primary care physician to get the information you needed?

Please let me know.

Best,
Kaymarie Williams

On Mon, Apr 28, 2025 at 15:56 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Hi Kaymarie,

Thank you for your email. I would be happy to speak with you and address your questions. I think I can clarify some things for you, as well. Please let me know a good time for you to talk. I am free today at or after 4:30 p.m. or tomorrow between 10-12:30 and 2-5.

Thanks!
Mary

On Fri, Apr 25, 2025 at 9:38 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Mary,

Thank you for your message. I want to take this opportunity to clarify several key points to ensure the record accurately reflects my communication and intentions.

I only asked that you shared information in writing on Monday, April 21st as I had surgery that day and I was under anesthesia. Currently, I am available to have phone conversations and is open to one at any time on Monday, April 28th.

First, I have not refused reemployment nor have I withdrawn from the interactive process. It is Georgetown University that went from May of 2024 to December of 2024 without interacting with me after my expressed interest in returning to the university, not the other way around. To be clear, the university only became "interactive" after I opened my investigation with DOL VETS. Also, It has been brought to my attention that the lawyers at Georgetown are fully aware of my accommodation progress or the lack thereof, but DOL VETS is not privy to the same information. I was not asking to share my medical information with DOL VETS, even though I have shared all medical documentation with their office, I was simply asking to include Investigator Lendof as she has knowledge and training on USERRA while IDEEA may only have a handle on ADA, PDA, etc. Also, I accepted the employment with hopes that I would be accommodated and because I felt forced to do so, since during my inquiry about the position, you were so quick to conclude that I did not want to accept the position.

I remain willing and available to work in a position that is aligned with both the essential functions of the role and the limitations documented by my healthcare provider. I have consistently acted in good faith, and I appreciate the efforts to identify a suitable role.

To clarify a specific misstatement: I did not say that I am "only available one day per week." Never have I made any medical guesses or shared any medical recommendations based on my current diagnosis. What I communicated was that I am requesting a fully remote position due to my need to attend regular medical appointments, which are far more manageable given that I reside on a military base which is located just minutes from the hospital. I also stated that if full remote status is not possible, I would request that any in-office requirement be limited to one day per week or so and that my direct report be made aware that these limitations are connected to medical care — not personal preference. I also offered to provide doctor's notes following each appointment.

When asked how many days I could report in person, I stated that I was unsure and deferred to my healthcare provider for proper documentation — which is consistent with the guidance I received about handling medical disclosures during the

accommodation process. Despite that, I was offered a position requiring four days in the office without confirmation that this met my medical limitations. I was not told until after the offer that this requirement was considered essential and non-negotiable.

I am committed to continuing the interactive process and to identifying a role that allows me to contribute meaningfully within the scope of my medical capacity. Please let me know how I may further support the continued search, and thank you again for your time.

Best,
Kaymarie Williams

On Fri, Apr 25, 2025 at 17:49 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Greetings Kaymarie,

I am in receipt of your three emails of 4/24/25, raising concerns about the accommodation process, indicating that you accept the Business Administrator position that we offered you on 4/21/25, and requesting that I include your DOL VETS investigator on all correspondence going forward. Each matter is addressed in turn, below.

In regard to the accommodation process, I want to assure you that I and others have been working hard to locate an appropriate reassignment for you. As you know, I coordinated with you and your healthcare provider (HCP) before looking for a reassignment for you to determine your disability-based functional limitations and specific accommodation requirements. I and others then expended a significant amount of time and effort searching for a reassignment for you that was similar in seniority, status, and pay to your Assistant Coach position, for which you possessed the necessary qualifications, and that you could perform with or without reasonable accommodation. Based on the information you and your HCP provided to us, we searched for both fully remote and hybrid roles. Although I specifically asked you about your availability to work in-person, you did not inform me during the search process that you were only able to work one day or so in-person per week. When we located a position that met all the known and necessary search criteria, we offered it to you. After being offered this position, which has a four days per week in-person reporting requirement, you informed me for the first time that you are only able to work in person one or so days per week. Had this been known earlier, the role would not have been offered to you. While it is sometimes possible to change job duties and/or reporting requirements as a reasonable accommodation, that is not the case when the duty/reporting requirement is an essential function of the job. In the case of the Business Administrator role that was offered to you, in-person reporting four days per week during most of the year is an essential function. Accordingly, that aspect of the job is not something that could be changed under an accommodation. Given your representation that you can only work in-person one or so days per week, you would not be able to perform the essential functions of this job.

Although you advised me on 4/24/25 that you will accept the position, you have made it clear that you cannot perform the essential functions of the job. Accepting the job but saying you cannot perform its essential functions are mutually exclusive options. Because you have stated you cannot perform the essential functions of this job, we will advise the department that it has been determined that you are not a match for the role and that the department should proceed with its recruitment process. IDEAA will resume the interactive process in an effort to locate another position for you. As previously discussed, as a first step, I will reach out to your HCP to request confirmation that the accommodation you seek of a maximum of one day per week or so of in-person reporting is medically supported. IDEAA will begin the search process anew, in coordination with HR, upon receipt of that

confirmation.

In regard to your request that I copy the DOL VETS investigator on all future correspondence, so doing is not consistent with IDEAA's obligation to maintain confidentiality in this process, including with respect to your medical information. Accordingly, I will continue to write to you without copying the investigator.

Should you have any questions or wish to speak in person, please let me know. I understand this is all quite complicated and has clearly been frustrating to you. I had hoped to speak with you in person on Monday to explain the offer of reassignment in greater detail and answer any questions you may have had, but as you requested to be provided with the information in writing, that is how I proceeded.

Kind regards,
Mary

On Thu, Apr 24, 2025 at 1:14 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hello again Mary,

As of the date of this email, I am requesting my DOL VETS investigator be included in any and all correspondence moving forward.  Without Investigator Lendof's inclusion, I will not be able to answer any further inquiries.

Best,
Kaymarie Wiliams

On Thu, Apr 24, 2025 at 13:04 Kay Williams <joneskjdoc@gmail.com> wrote:
MARY,

TO CLARIFY, YES I ACCEPT THE ADMINISTRATIVE ROLE, HOWEVER, I NEED TO BE CLEARED BY MY MEDICAL PROVIDER.

BEST,
KAYMARIE WILLIAMS

On Thu, Apr 24, 2025 at 12:24 Kay Williams <joneskjdoc@gmail.com> wrote:
Mary,

I am NOT declining the Business Administration role! Please do not conclude anything from my responses if it is not utterly expressed.

I want to emphasize that I have been transparent and cooperative throughout this process, and I remain willing to work. However, I am concerned that I am being placed in a position where I'm expected to accept a role that conflicts with my medical limitations. I waited over 12 months to be offered a position, yet I had to accept my first and only offer in less than 3 days.

As I've shared, I experience significant difficulty even with one day of in-person work. Pressuring me to accept a position that requires 4 in-person days disregards those limitations and feels inconsistent with the supportive, individualized accommodation process I was initially told to expect. I was previously advised not to worry about whether a role could be performed with accommodations — and I trusted that guidance. You graciously recommended I apply to any position that I am interested in and that I should allow you and IDEAA to work out the in-person requirements, etc. Has that changed?

I respectfully ask that my lived experience be considered as part of the ongoing accommodation process, without requiring me to overexplain or quantify my hardship in a way that feels inconsistent with the interactive and supportive approach initially described.

My provider was never asked to quantify the number of days I am able to work — if she was asked, the question would have been answered. I provided my medical documentation on March 14th and was asked more about my limitations on April 9th. I do not have the medical expertise to answer some of your questions. Sometimes I feel I can move mountains but at my first step, I fall even deeper, hence, I rerouted your inquiry to my medical provider.

Now, probing and or forcing me to make a quick decision to meet the desire of the hiring party and frankly, my be IDEEA's protocol, but this is quite traumatic! Considering the trauma, torture, and constant disregard for my health, as I try to get reinstated at Georgetown University, is extremely overwhelming.

The repeated delays, shifting expectations, and lack of care for my documented limitations have constantly triggered my disabilities, to include my mental health conditions, in ways that make me feel completely disregarded, depleted, and dismissed.

Let it be known that I have no restrictions on asking my medical provider to complete your request, but asking her to do so now will mean new appointments, longer wait times, and even more added stress.

I will try to get an immediate appointment with my medical provider so she is aware of your inquiry so that I can complete the medical release from the hospital as well.

Please see the requested medical release form attached.

Best,
Kaymarie Williams

On Thu, Apr 24, 2025 at 11:06 Mary Chlopecki <mc2672@georgetown.edu> wrote:

> Hi Kaymarie,
>
> Many thanks for your prompt reply. In response to your request, I will reach out to your medical provider to ask for additional information in support of your updated accommodation request.
>
> In addition, I conclude from your email that you will not be accepting the Business Administrator position offered to you, given that the in-person reporting requirement exceeds your ability to report in-person. Will you kindly confirm, to ensure we are both clear on this?
>
> Thank you,
> Mary
>
> On Wed, Apr 23, 2025 at 7:28 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>
>> Hello Mary,
>>
>> Thank you very much for your continued follow-up.
>>
>> Please reach out to my medical provider to assist with the

accommodation process.

Best,

Kaymarie Williams


On Wed, Apr 23, 2025 at 18:52 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

Thank you for your email of yesterday afternoon, for the additional information you provided, and for the update to your accommodation request.

In response to your question about the Business Administrator role into which we have offered to reassign you, IDEAA has been advised that performance of the essential functions of the role require in-person attendance more than one day per week or so, as you have now indicated you are available. As the department is currently holding this role open for you and has many other applicants, we need to let them know whether you will accept the job or not. Kindly let me know as soon as possible, and no later than the end of the day tomorrow, April 24, 2025, whether you accept or decline the offer, and if you accept, when you will be available to begin work.

If you do not accept this offer, IDEAA will resume the interactive process relating to your accommodation request. As a first step, as this is the first time you have conveyed to IDEAA that you are generally only able to work one day a week or so in-person, at the most, I would request that your healthcare provider (HCP) answer a few additional questions about your condition and updated accommodation request, so that we have medical documentation that supports what you are seeking. (As I noted in my prior email, your HCP had previously indicated you could work a fully remote OR hybrid role, without stating that there was a limitation in the number of days you could work in-person.) If you decline the Business Administrator role, I will share these questions for your HCP with you. I am also happy to follow up directly with your HCP, with your permission, if that is easier.

Upon receipt of medical documentation that supports your updated accommodation request, IDEAA will refresh our search for available positions into which you may be reassigned.

I look forward to your reply.

Thank you,
Mary


On Tue, Apr 22, 2025 at 3:41 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Hi Mary,

Trust you are well!

If it helps, I was fully remote with the VA when I came off active duty even though the position required I telework once per week. This was due to my medical conditions.

I am requesting to be fully remote at Georgetown as I have several appointments to keep up with, which is easier for me since I live on a military base and the hospital is only 5mins away.

If fully remote is impossible, I ask that you try to limit my in-office requirement to 1 day per week, or so, and that you also share with my direct report that I need to keep up with several appointments that I need to keep up with so that no one thinks I am just trying to stay home. I have no problem providing a doctor's note after each visit.

Other than the in office requirement, I have no issues with the position offered and would love to have started yesterday :)

I hope this helps.

Best,
Kay

On Tue, Apr 22, 2025 at 11:07 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Good Morning Kaymarie,

I hope your recovery from surgery is going well! Yes, my understanding is that the position requires in-office presence 4 days per week.

IDEAA did review your healthcare provider's (HCP) recommended accommodations for you (set out in his March 14, 2025, responses to IDEAA's questions) prior to identifying this reassignment. What your HCP stated is that you require a remote or hybrid position. He did not specify the number of days you would need to work from home. On April 9, 2025, I emailed you to ask if you could tell me how many days per week you would be able to work in-person. You replied, "I am currently unable to determine the number of days I can work in-person" (see attached email chain). Based on this information, IDEAA concluded that the position offered to you for reassignment falls within your HCP's recommendations as a hybrid role.

If you have any updates from your HCP on your physical limitations and related recommended accommodations, including the number of days that you would be able to work in-person, kindly provide it to me as soon as possible. I will circle back with you later this week to see where things stand and to discuss next steps.

Kind regards,
Mary

On Mon, Apr 21, 2025 at 5:09 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Mary,

Thank you, however, it seems the demand for an in-office position goes beyond my medical provider's recommendation.



Please clarify whether I am expected to go into the office 4 days per week.

Note: I am currently under anesthesia and may not be providing an accurate response.

Best,
Kay
On Mon, Apr 21, 2025 at 15:11 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Good Afternoon Kaymarie,

Following up on our correspondence of earlier today, and per your request, I am sharing with you in writing a Notice of Accommodation. This letter describes the interactive process that occurred in relation to your request for reasonable accommodation, and the outcome, which is the approval of a reassignment for you. I have attached the position description for the position into which you are being reassigned. If you have any questions or wish to discuss this matter further, please let me know.

Thank you for your cooperation and patience in this process. I wish you all the best on your return to Georgetown.

Kind regards,
Mary

[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                    Wed, Jul 9 at 18:01
To: Kay Williams <joneskjdoc@gmail.com>

Good Evening Kaymarie,

I hope this email finds you well. I want to acknowledge receipt of your email and to let you know that I am putting together an update that I will get out to you this evening or tomorrow morning. I will get back to you shortly.

Kind regards,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                    Wed, Jul 9 at 18:10
To: Mary Chlopecki <mc2672@georgetown.edu>

Wonderful news, Mary. Thank you. I look forward to hearing from you tomorrow morning.

Best,
Kay
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                    Thu, Jul 10 at 17:11
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Just a note to let you know that I am still putting together the information I have for you. I have to step away from my computer for a couple hours but will complete and send the email upon my return. In the meantime, I am also sending you a meeting invitation for 3pm tomorrow. If you are available, it would be helpful for us to go over the information I will be sending you tonight in person. If 3pm is not good for you and you are available another time Friday, please let me know. I am free except from 11am -noon. If Friday does not work, kindly let me know your next available time.

Many thanks,
Mary
[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

---

# Invitation: Mary To Call Kaymarie @ Thu Jul 10, 2025 3pm - 4pm (EDT) (joneskjdoc@gmail.com)

**Mary Chlopecki** <mc2672@georgetown.edu>                                     Thu, Jul 10 at 17:12
Reply-To: Mary Chlopecki <mc2672@georgetown.edu>
To: <joneskjdoc@gmail.com>

**When**

Thursday Jul 10, 2025 · 3pm – 4pm (Eastern Time - New York)

**Guests**

Mary Chlopecki - organizer
joneskjdoc@gmail.com

**View all guest info**

**Reply** for joneskjdoc@gmail.com

| Yes | No | Maybe |   | More options |

Invitation from Google Calendar

You are receiving this email because you are subscribed to calendar notifications. To stop receiving these emails, go to Calendar settings, select this calendar, and change "Other notifications".

Forwarding this invitation could allow any recipient to send a response to the organizer, be added to the guest list, invite others regardless of their own invitation status, or modify your RSVP. Learn more

**invite.ics**

                                    Kay Williams <joneskjdoc@gmail.com>

---

# Updated invitation: Mary To Call Kaymarie @ Fri Jul 11, 2025 3pm - 4pm (EDT) (joneskjdoc@gmail.com)

**Mary Chlopecki** <mc2672@georgetown.edu>                          Thu, Jul 10 at 17:12
Reply-To: Mary Chlopecki <mc2672@georgetown.edu>
To: <joneskjdoc@gmail.com>

**This event has been updated**
**Changed:** time

**When**   *CHANGED*

Friday Jul 11, 2025 · 3pm – 4pm (Eastern Time - New York)
~~Thursday Jul 10, 2025 · 3pm – 4pm (Eastern Time - New York)~~

**Guests**

Mary Chlopecki - organizer
joneskjdoc@gmail.com

**View all guest info**

**Reply** for joneskjdoc@gmail.com

| Yes | No | Maybe |   | More options |

Invitation from Google Calendar

You are receiving this email because you are subscribed to calendar notifications. To stop receiving these emails, go to Calendar settings, select this calendar, and change "Other notifications".

Forwarding this invitation could allow any recipient to send a response to the organizer, be added to the guest list, invite others regardless of their own invitation status, or modify your RSVP. Learn more

**invite.ics**

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

___

**Re: 2nd Email Update on Reassignment Efforts**
4 messages
___

**Kay Williams <joneskjdoc@gmail.com>**
To: Mary Chlopecki <mc2672@georgetown.edu>

Good morning,

Just a reminder, I meet with my primary care provider today about the documentation you sent to her office.

Also, during our call last week, you mentioned you would like information from my mental health counselor. Please provide the documentation that you would like to complete, or you can reach o

Finally, I trust that your continued efforts to reinstatement at Georgetown is running smoothly. My interest in any jobs available that I am able to do, medically, remains highly appreciated. As a r

Happy Monday!

Best,
Kaymarie Williams

On Wed, Jul 23, 2025 at 17:05 Kay Williams <joneskjdoc@gmail.com> wrote:
> Hello Mary,
>
> Thank you for your call on Monday, July 21st. I am hoping the conversation helped with my reinstatement.
>
> I just received a call from Dr. Reddy's office. The nurse shared that Dr. Reddy is "in receipt of documentation from Georgetown Unuversity" and would like to meet. We are scheduled to meet on
>
> Please let me know if you have any questions.
>
> Best,
> Kay
>
> On Mon, Jul 21, 2025 at 14:15 Mary Chlopecki <mc2672@georgetown.edu> wrote:
>> Great, thank you.
>>
>> On Mon, Jul 21, 2025 at 1:53 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>>> Sounds good, talk to you then.
>>>
>>> On Mon, Jul 21, 2025 at 13:30 Mary Chlopecki <mc2672@georgetown.edu> wrote:
>>>> Good Afternoon Kaymarie,
>>>>
>>>> Thank you for your email of Friday, July 18th, letting me know why you were unable to speak as scheduled, and for providing your availability to talk today. I will give you a call today at 4
>>>>
>>>> Best,
>>>> Mary
>>>>
>>>> On Fri, Jul 18, 2025 at 8:05 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>>>>> Hi Mary,
>>>>>
>>>>> I misplaced my charger and was on a 2hr drive that turned into 4 due to stops. Forgive my absence.
>>>>>
>>>>> Yes, please give me a call on Monday, July 21st between 2:30 PM and 5:00 PM.
>>>>>
>>>>> On Fri, Jul 18, 2025 at 15:55 Mary Chlopecki <mc2672@georgetown.edu> wrote:
>>>>>> Hi Kaymarie,
>>>>>>
>>>>>> As I have not heard back from you, I assume you are no longer available to speak today. Are you available Monday, July 21, 2025, any time between 2:30 and 5:00 PM? If so, kindly le
>>>>>>
>>>>>> Thank you and have a good weekend.
>>>>>>
>>>>>> Mary
>>>>>>
>>>>>> On Fri, Jul 18, 2025 at 3:35 PM Mary Chlopecki <mc2672@georgetown.edu> wrote:
>>>>>>> Hi Kaymarie,
>>>>>>>
>>>>>>> I just phoned you at 864-209-9775 and you did not pick up. Are you still available to talk?
>>>>>>>
>>>>>>> Thank you,
>>>>>>> Mary
>>>>>>>
>>>>>>> On Fri, Jul 18, 2025 at 2:38 PM Mary Chlopecki <mc2672@georgetown.edu> wrote:
>>>>>>>> Hi Kaymarie,
>>>>>>>>
>>>>>>>> I will give you a call then. The number I have for you is 864-209-9775. If this is incorrect, please let me know.
>>>>>>>>
>>>>>>>> Thank you,
>>>>>>>> Mary
>>>>>>>>
>>>>>>>> On Fri, Jul 18, 2025 at 1:20 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>>>>>>>>> Yes, I am available today. Please call my cell. Thanks so much!
>>>>>>>>>
>>>>>>>>> On Fri, Jul 18, 2025 at 13:18 Mary Chlopecki <mc2672@georgetown.edu> wrote:
>>>>>>>>>> Hi Kay,
>>>>>>>>>>
>>>>>>>>>> Thank you for your email and for letting me know you scheduled an appointment with your provider. I am available today from 3:30-4pm, if that works for you. Do you want
>>>>>>>>>>
>>>>>>>>>> Thank you,
>>>>>>>>>> Mary

On Fri, Jul 18, 2025 at 11:58 AM Kay Williams <joneskjdoc@gmail.com> wrote:

Hi Mary,

Thank you for your email. I have scheduled ab appointment with my provider. Please let me know if you are available today. I am fr

Best,
Kay

On Thu, Jul 17, 2025 at 15:00 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Good Afternoon Kaymarie,

Thank you for your reply to my email yesterday. You raised a number of questions and concerns to which I am working on a detailed reply. In the meantime, I am sharing and/or number of days required in-office. I know that you believe you have provided sufficient medical information to enable GU to determine what roles you can perform accommodation process typically requires interaction among the requestor, the requestor's medical provider, and the management team for the role, which is facilitate

The potential jobs that HR located are listed in the table below. I understand that you have applied for the first one. The dollar amount listed in the table is the budgeted selectee will be paid $60K or above. Also listed in the table are, where known, the number of in-office reporting days being sought in association with the roles. You wil

I have other matters I hope to discuss with you, including connecting you with someone from GU's Talent Acquisition team to further assist you.

I am free tomorrow from 10am to 4pm. Do you have an hour within that window to speak? If not, I am available Monday from 2:30-5pm. Kindly let me know what works f

Kind regards,
Mary

| Program Coordinator for the Experiential Education Office | Law Center | JR22383 - Applied |
|---|---|---|
| Assistant Director, Pathway Programs and Student Belonging | Medical Center | JR22355 |
| Senior Event Coordinator | Law Center | JR22365 |
| Senior Shared Services Administrator, Dean's Office | College of Arts & Sciences (Main Campus) | JR22258 |

On Wed, Jul 16, 2025 at 11:19 AM Kay Williams <joneskjdoc@gmail.com> wrote:

Mary,

Thank you for your follow-up message and for identifying potential positions for consideration. Please share those positions with me so we may have a more informe

I am available now and throughout the day, if you have time.

I would like to note that I am still awaiting a response to my June 4th email, in which I respectfully requested clarification regarding the roles the University deemed w

- The defined seniority level and pay range of both my prior role and the positions considered, or the ones in which I applied;

- The criteria Georgetown uses to determine equivalency under the accommodation and USERRA/disability reinstatement framework.

To clarify, I am requesting clear documentation that outlines my disqualification for each role in which I applied, the ones HR recommended and I applied, and a clear

Lastly, regarding my previous provider, Dr. Reddy, there was no request received from your office to my provider since you claimed you were reaching out to her offic

However, on March 14, 2025, Dr. Reddy clearly outlined the functional limitations relevant to my accommodation request (that you drafted and all she had to do was f

Thank you, and I look forward to your response regarding my June 4th request and whether you would like to meet today.

Best,

Dr. Kaymarie Williams

On Wed, Jul 16, 2025 at 10:33 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Good Morning Kaymarie,

I hope this email finds you well. I am circling back regarding my email to you of July 10, 2025, the questions I posed to you therein, and my request to meet. As men when you are available. Also, if you have not done so, would you kindly check in with your doctor's office regarding my interest in meeting and the questions I faxed

Many thanks,
Mary

On Fri, Jul 11, 2025 at 4:43 PM Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

Thank you for your reply. I am available Monday 7/14 from 10am-noon, 1-2:30pm, and 4-5pm. I am also available Tuesday 7/15 from 10am-5pm. Please let me kno

Thank you, and I hope you have a nice weekend.

Mary

On Fri, Jul 11, 2025 at 1:06 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Hello Mary,

Thank you for your email and for continuing to follow up on my reinstatement process.

Unfortunately, I am unable to meet today as proposed. However, I remain committed to engaging in this process and would be happy to coordinate a meeting at

Thank you again for your time and attention.

Best,
Dr. Kay Williams

On Fri, Jul 11, 2025 at 10:46 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Good Morning Kaymarie,

I hope this email finds you well. I am writing to provide you with an update on IDEAA's and HR's efforts to find a reassignment for you. You will find an overvie

1. HR continues to review job openings for potential reassignments for you: 1) for which you are qualified in terms of your education and experience (or may b

2. Few fully remote positions have opened over the past six weeks, unfortunately, and HR did not identify any that met all of the above criteria.

3. I checked specifically with HR regarding the status of the job opening you shared with me last month (JR21795 - Executive Director - Road to Recovery). A
work experience sought for the role, and that you also lack at least some of the preferred qualifications. I note that the role requires 9-11 years of experience

4. HR has identified some hybrid job openings that are potential matches for you. There are potential issues with each, however. Some require physical effort
connection. I would like to talk to you about that.

5. I reached out to your doctor (Dr. Reddy) by phone last month to discuss your accommodation needs and determined that she was out on leave until June 3
what you can on your side to ask her to set up a call with me, and/or answer my questions in writing, I would very much appreciate it.

6. I am also interested in better understanding what conditions Dr. Reddy is treating you for. If we need to pursue an accommodation of your physical limitatic
interact if specific questions come up relating to your accommodation needs?

It would be very helpful if we could discuss the matters above by phone or Zoom, especially the jobs I reference in paragraph 4. I sent you an invitation to me

Thank you and kind regards,
Mary

[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                                                                                      Mon, Jul 28 at 07:48
To: Kay Williams <joneskjdoc@gmail.com>

Good Morning Kaymarie,

Thank you for your follow-up. I will send you an email with the information you request shortly. What time is your appointment?

Thanks,
Mary
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                                                                                      Mon, Jul 28 at 09:42
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Sorry, I see you told me already your appointment is at 1:40 pm today. I have a meeting from 10-10:30 and will reply to your email in more detail right after that. In a nutshell, I would
appreciate a response to my written questions of June 30, 2025, or an appointment with Dr. Reddy to discuss them. I would also like to know, from Dr. Reddy's and Dr. Thompson's
perspectives, whether you can perform the essential functions of the jobs you referenced, with or without accommodation, given your functional limitations.

Thank you,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                                                                         Mon, Jul 28 at 10:48
To: Mary Chlopecki <mc2672@georgetown.edu>

Mary,

Thank you for your inquiry. I will provide the response to your written request from Dr. Reddy and Ms. Thompson whenever I receive the information from both parties. Feel free to contact
Dr. Reddy's office for your requested appointment.

Please note that your written request of June 30th was sent to my email on July 11, 2025. Therefore, your June 30, 2025 written request was received on July 11, 2025.

Best,
Kaymarie Williams
[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

---

## Re: BH Follow-up: Medical Information Follow Up - Questions for Dr. Reddy
2 messages

---

**Kay Williams** <joneskjdoc@gmail.com>                                       Mon, Jul 28 at 15:27
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

During my appointment with Ms. Thompson, she asks that I provide her email address
(tammythompson@therapyemail.com) and that you send an encrypted email with all the information/questions you
need answered so that she can complete one form instead of several.

Best,
Kaymarie Williams

On Mon, Jul 28, 2025 at 12:22 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Hi Kaymarie,

Following up on your inquiry, the medical information I am currently requesting from Dr. Reddy is listed below:

1) Please respond in writing to the questions in my letter dated June 30, 2025. Alternatively, if you would find it
easier to speak in person, please contact me at this email address and we can schedule a phone or Zoom
conversation.
2) Our office is currently reviewing three jobs (listed below) to determine whether Kaymarie can perform the
essential functions of those jobs with or without accommodation/s. Please review the job requirements with
Kaymarie and advise my office whether she can perform the job functions of each job with or without
accommodation/s, and if accommodation is needed, please advise what accommodation is being requested, the
basis for the accommodation (i.e., what functional limitation/s it is needed to address), and any alternative
accommodations that would be effective. I have noted some particular job functions for each role that may be
relevant as this is evaluated.

JR22355 (Pathways Program & Student Belonging). This role is forward facing as it relates to work with students,
program partners, faculty and staff. Among other things, the incumbent will be frequently required to move up to
25lbs weight and walk or stand with operation of controls, and will be occasionally tasked with moving items
weighing up to 50lbs. It is hybrid with 4 days per week in-office reporting currently expected.
JR22258 (Senior Shared Services Administrator). Among other things, the incumbent in this position attends
events to greet guests, speak with students about upcoming courses, majors, minors and facilitate events as
needed, and serves as first point of contact for visitors' inquiries, and deliveries. It is hybrid with 2-3 days per
week in-office reporting currently expected.
JR22653 (Associate Director, Recruitment and Admissions). This position is sedentary, and the incumbent will be
occasionally required to move up to 10lbs of weight. It is hybrid. We are researching the number of days per week
in-office reporting currently expected and will advise Ms. Williams of the same as soon as we determine this.

Kaymarie, I will follow up with you with separate questions for Dr. Thompson.

Thank you,
Mary
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Mon, Jul 28 at 15:34
To: Kay Williams <joneskjdoc@gmail.com>

Thank you Kaymarie. I will write Dr. Thompson as you request.

Best,
Mary
[Quoted text hidden]



Kay Williams <joneskjdoc@gmail.com>

---

**Re: Job Applications - Update on Reassignment Efforts**
5 messages

---

**Kay Williams** <joneskjdoc@gmail.com>
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello again?

During our call last week, you asked that I share other jobs with you, if I found any that may interests me. I applied for JR22653 and JR22628.

Please let me if you have questions.

Best,
Kay

On Mon, Jul 28, 2025 at 10:48 Kay Williams <joneskjdoc@gmail.com> wrote:
> Mary,
>
> Thank you for your inquiry. I will provide the response to your written request from Dr. Reddy and Ms. Thompson whenever I receive the information from both parties. Feel free to contact Dr. [...]
>
> Please note that your written request of June 30th was sent to my email on July 11, 2025. Therefore, your June 30, 2025 written request was received on July 11, 2025.
>
> Best,
> Kaymarie Williams
>
> On Mon, Jul 28, 2025 at 09:42 Mary Chlopecki <mc2672@georgetown.edu> wrote:
>> Hi Kaymarie,
>>
>> Sorry, I see you told me already your appointment is at 1:40 pm today. I have a meeting from 10-10:30 and will reply to your email in more detail right after that. In a nutshell, I would appreci[...]
>>
>> Thank you,
>> Mary
>>
>> On Mon, Jul 28, 2025 at 7:47 AM Mary Chlopecki <mc2672@georgetown.edu> wrote:
>>> Good Morning Kaymarie,
>>>
>>> Thank you for your follow-up. I will send you an email with the information you request shortly. What time is your appointment?
>>>
>>> Thanks,
>>> Mary
>>>
>>> On Mon, Jul 28, 2025 at 6:30 AM Kay Williams <joneskjdoc@gmail.com> wrote:
>>>> Good morning,
>>>>
>>>> Just a reminder, I meet with my primary care provider today about the documentation you sent to her office.
>>>>
>>>> Also, during our call last week, you mentioned you would like information from my mental health counselor. Please provide the documentation that you would like to complete, or you ca[...]
>>>>
>>>> Finally, I trust that your continued efforts to reinstatement at Georgetown is running smoothly. My interest in any jobs available that I am able to do, medically, remains highly appreciate[...]
>>>>
>>>> Happy Monday!
>>>>
>>>> Best,
>>>> Kaymarie Williams
>>>>
>>>> On Wed, Jul 23, 2025 at 17:05 Kay Williams <joneskjdoc@gmail.com> wrote:
>>>>> Hello Mary,
>>>>>
>>>>> Thank you for your call on Monday, July 21st. I am hoping the conversation helped with my reinstatement.
>>>>>
>>>>> I just received a call from Dr. Reddy's office. The nurse shared that Dr. Reddy is "in receipt of documentation from Georgetown Unuversity" and would like to meet. We are scheduled to[...]
>>>>>
>>>>> Please let me know if you have any questions.
>>>>>
>>>>> Best,
>>>>> Kay
>>>>>
>>>>> On Mon, Jul 21, 2025 at 14:15 Mary Chlopecki <mc2672@georgetown.edu> wrote:
>>>>>> Great, thank you.
>>>>>>
>>>>>> On Mon, Jul 21, 2025 at 1:53 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>>>>>>> Sounds good, talk to you then.
>>>>>>>
>>>>>>> On Mon, Jul 21, 2025 at 13:30 Mary Chlopecki <mc2672@georgetown.edu> wrote:
>>>>>>>> Good Afternoon Kaymarie,
>>>>>>>>
>>>>>>>> Thank you for your email of Friday, July 18th, letting me know why you were unable to speak as scheduled, and for providing your availability to talk today. I will give you a call to[...]
>>>>>>>>
>>>>>>>> Best,
>>>>>>>> Mary
>>>>>>>>
>>>>>>>> On Fri, Jul 18, 2025 at 8:05 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>>>>>>>>> Hi Mary,
>>>>>>>>>
>>>>>>>>> I misplaced my charger and was on a 2hr drive that turned into 4 due to stops. Forgive my absence.
>>>>>>>>>
>>>>>>>>> Yes, please give me a call on Monday, July 21st between 2:30 PM and 5:00 PM.

On Fri, Jul 18, 2025 at 15:55 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

As I have not heard back from you, I assume you are no longer available to speak today. Are you available Monday, July 21, 2025, any time between 2:30 and 5:00 PM? If so,

Thank you and have a good weekend.

Mary

On Fri, Jul 18, 2025 at 3:35 PM Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

I just phoned you at 864-209-9775 and you did not pick up. Are you still available to talk?

Thank you,
Mary

On Fri, Jul 18, 2025 at 2:38 PM Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

I will give you a call then. The number I have for you is 864-209-9775. If this is incorrect, please let me know.

Thank you,
Mary

On Fri, Jul 18, 2025 at 1:20 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Yes, I am available today. Please call my cell. Thanks so much!

On Fri, Jul 18, 2025 at 13:18 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kay,

Thank you for your email and for letting me know you scheduled an appointment with your provider. I am available today from 3:30-4pm, if that works for you. Do y

Thank you,
Mary

On Fri, Jul 18, 2025 at 11:58 AM Kay Williams <joneskjdoc@gmail.com> wrote:

Hi Mary,

Thank you for your email. I have scheduled ab appointment with my provider. Please let me know if you are available today.

Best,
Kay

On Thu, Jul 17, 2025 at 15:00 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Good Afternoon Kaymarie,

Thank you for your reply to my email yesterday. You raised a number of questions and concerns to which I am working on a detailed reply. In the meantime, I an and/or number of days required in-office. I know that you believe you have provided sufficient medical information to enable GU to determine what roles you ca accommodation process typically requires interaction among the requestor, the requestor's medical provider, and the management team for the role, which is

The potential jobs that HR located are listed in the table below. I understand that you have applied for the first one. The dollar amount listed in the table is the b selectee will be paid $60K or above. Also listed in the table are, where known, the number of in-office reporting days being sought in association with the roles

I have other matters I hope to discuss with you, including connecting you with someone from GU's Talent Acquisition team to further assist you.

I am free tomorrow from 10am to 4pm. Do you have an hour within that window to speak? If not, I am available Monday from 2:30-5pm. Kindly let me know wha

Kind regards,
Mary

| Program Coordinator for the Experiential Education Office | Law Center | JR22383 - Applied |
| Assistant Director, Pathway Programs and Student Belonging | Medical Center | JR22355 |
| Senior Event Coordinator | Law Center | JR22365 |
| Senior Shared Services Administrator, Dean's Office | College of Arts & Sciences (Main Campus) | JR22258 |

On Wed, Jul 16, 2025 at 11:19 AM Kay Williams <joneskjdoc@gmail.com> wrote:

Mary,

Thank you for your follow-up message and for identifying potential positions for consideration. Please share those positions with me so we may have a more

I am available now and throughout the day, if you have time.

I would like to note that I am still awaiting a response to my June 4th email, in which I respectfully requested clarification regarding the roles the University d

- The defined seniority level and pay range of both my prior role and the positions considered, or the ones in which I applied;
- The criteria Georgetown uses to determine equivalency under the accommodation and USERRA/disability reinstatement framework.

To clarify, I am requesting clear documentation that outlines my disqualification for each role in which I applied, the ones HR recommended I and I applied, and

Lastly, regarding my previous provider, Dr. Reddy, there was no request received from your office since you claimed you were reaching out to

However, on March 14, 2025, Dr. Reddy clearly outlined the functional limitations relevant to my accommodation request (that you drafted and all she had to

Thank you, and I look forward to your response regarding my June 4th request and whether you would like to meet today.

Best,

Dr. Kaymarie Williams

On Wed, Jul 16, 2025 at 10:33 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Good Morning Kaymarie,

I hope this email finds you well. I am circling back regarding my email to you of July 10, 2025, the questions I posed to you therein, and my request to meet when you are available. Also, if you have not done so, would you kindly check in with your doctor's office regarding my interest in meeting and the question

Many thanks,
Mary

On Fri, Jul 11, 2025 at 4:43 PM Mary Chlopecki <mc2672@georgetown.edu> wrote:
Hi Kaymarie,

Thank you for your reply. I am available Monday 7/14 from 10am-noon, 1-2:30pm, and 4-5pm. I'm also available Tuesday 7/15 from 10am-5pm. Please le

Thank you, and I hope you have a nice weekend.

Mary

On Fri, Jul 11, 2025 at 1:06 PM Kay Williams <joneskjdoc@gmail.com> wrote:
Hello Mary,

Thank you for your email and for continuing to follow up on my reinstatement process.

Unfortunately, I am unable to meet today as proposed. However, I remain committed to engaging in this process and would be happy to coordinate a m

Thank you again for your time and attention.

Best,
Dr. Kay Williams

On Fri, Jul 11, 2025 at 10:46 Mary Chlopecki <mc2672@georgetown.edu> wrote:
Good Morning Kaymarie,

I hope this email finds you well. I am writing to provide you with an update on IDEAA's and HR's efforts to find a reassignment for you. You will find a

1. HR continues to review job openings for potential reassignments for you: 1) for which you are qualified in terms of your education and experience i

2. Few fully remote positions have opened over the past six weeks, unfortunately, and HR did not identify any that met all of the above criteria.

3. I checked specifically with HR regarding the status of the job opening you shared with me last month (JR21795 - Executive Director - Road to Rec work experience sought for the role, and that you also lack at least some of the preferred qualifications. I note that the role requires 9-11 years of ex

4. HR has identified some hybrid job openings that are potential matches for you. There are potential issues with each, however. Some require physi connection. I would like to talk to you about that.

5. I reached out to your doctor (Dr. Reddy) by phone last month to discuss your accommodation needs and determined that she was out on leave unt what you can on your side to ask her to set up a call with me, and/or answer my questions in writing, I would very much appreciate it.

6. I am also interested in better understanding what conditions Dr. Reddy is treating you for. If we need to pursue an accommodation of your physica interact if specific questions come up relating to your accommodation needs?

It would be very helpful if we could discuss the matters above by phone or Zoom, especially the jobs I reference in paragraph 4. I sent you an invitati

Thank you and kind regards,
Mary

[Quoted text hidden]

---

**Mary Chlopecki <mc2672@georgetown.edu>**                                                                                          Mon, Jul 28 at 12:28
To: Kay Williams <joneskjdoc@gmail.com>

Thank you Kaymarie. I appreciate your sharing those with me. HR also identified JR22653, as well. We are currently trying to determine how many days of in-person reporting are expected and will update you once we determine that. You will see that I included this job in the list I just emailed to you for discussion with Dr. Reddy. I will ask HR about JR22628, but in the meantime, I encourage you to review that job with Dr. Reddy to determine, based on the description, whether you would need reasonable accommodation in order to perform the essential functions of the job, and if so, what accommodation is needed (just as I asked that you review these questions with her relating to the other three jobs in the email I just sent you). This will save us from looping back to her later, if HR determines you meet the minimum qualifications and the job is a match in terms of salary, etc.

Thanks!
[Quoted text hidden]

---

**Kay Williams <joneskjdoc@gmail.com>**                                                                                              Mon, Jul 28 at 14:52
To: Mary Chlopecki <mc2672@georgetown.edu>

Mary,

Thank you. There was limited time for Dr. Reddy to review your written request and the new request for each of the job you recommended, however, she was able to address your written request.

I am capable of doing the positions referenced, as mentioned to you. Dr. Reddy may be able to share more.

Best,

Kay
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                                                                              Mon, Jul 28 at 15:14
To: Kay Williams <joneskjdoc@gmail.com>

Thank you for this update Kay. Will Dr. Reddy be submitting the written response directly to me or through you?

Also, when you say you are capable of doing the positions referenced, do you mean without accommodation, or will Dr. Reddy be addressing requested accommodations?

I will still go ahead and send you a request for information Dr. Thompson, in case that information is needed as well.

Thank you,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                                                                 Mon, Jul 28 at 20:12
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mary,

Dr. Reddy should be reaching out to you as she got the request from you. The only way it will come from me is if she cannot reach you, like last time.

I do not know what Dr. Reddy will write. I just know I do not think I need accommodation for those particular positions listed but her medical opinion and that of the mental health provider will make that determination.

Also, Tammy Thompson is Ms. Thompson, not Dr. Thompson.

Best,
Kaymarie Williams
[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

---

## Medical Information Follow Up - Questions for Dr. Reddy
2 messages

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Mon, Jul 28 at 12:22
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Following up on your inquiry, the medical information I am currently requesting from Dr. Reddy is listed below:

1) Please respond in writing to the questions in my letter dated June 30, 2025. Alternatively, if you would find it easier to speak in person, please contact me at this email address and we can schedule a phone or Zoom conversation.
2) Our office is currently reviewing three jobs (listed below) to determine whether Kaymarie can perform the essential functions of those jobs with or without accommodation/s. Please review the job requirements with Kaymarie and advise my office whether she can perform the job functions of each job with or without accommodation/s, and if accommodation is needed, please advise what accommodation is being requested, the basis for the accommodation (i.e., what functional limitation/s it is needed to address), and any alternative accommodations that would be effective. I have noted some particular job functions for each role that may be relevant as this is evaluated.

JR22355 (Pathways Program & Student Belonging). This role is forward facing as it relates to work with students, program partners, faculty and staff. Among other things, the incumbent will be frequently required to move up to 25lbs weight and walk or stand with operation of controls, and will be occasionally tasked with moving items weighing up to 50lbs. It is hybrid with 4 days per week in-office reporting currently expected.
JR22258 (Senior Shared Services Administrator). Among other things, the incumbent in this position attends events to greet guests, speak with students about upcoming courses, majors, minors and facilitate events as needed, and serves as first point of contact for visitors' inquiries, and deliveries. It is hybrid with 2-3 days per week in-office reporting currently expected.
JR22653 (Associate Director, Recruitment and Admissions). This position is sedentary, and the incumbent will be occasionally required to move up to 10lbs of weight. It is hybrid. We are researching the number of days per week in-office reporting currently expected and will advise Ms. Williams of the same as soon as we determine this.

Kaymarie, I will follow up with you with separate questions for Dr. Thompson.

Thank you,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Mon, Aug 4 at 10:57
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

I sent the follow-up request to Dr. Reddy. her nurse says she has a document ready for pick up but I went by on Friday and it was not available.

I had trouble accessing my patient portal last week but I got through this morning. I asked the nurse to leave the document at the front desk for pick up. I also told the nurse the DOCUMENT could be sent by email but she said she could not send it that way due to HIPAA.

Did you get a chance to speak with Ms. Tammy Thompson? Please let me know.

Trust you are having a great morning!

Best,
Kay
[Quoted text hidden]
**IMG_7532.png, IMG_7531.png**

 **Gmail**                                          **Kay Williams <joneskjdoc@gmail.com>**

---

## Re: 2nd Email: Medical Information Follow Up - Questions for Dr. Reddy
4 messages

**Kay Williams** <joneskjdoc@gmail.com>                                  Tue, Aug 5 at 14:12
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mart,

Trusting you are having a great day!

I went by again but the document was not at the front desk, however, the nurse messaged around 12:20 PM today stating it is ready for pick up now.

Once I get a chance, I will go by before close of business and will send it to you, unless you already received it some how on your end.

A response in receipt of this email is appreciated.

Best,
Kaymarie Williams



On Mon, Aug 4, 2025 at 10:57 Kay Williams <joneskjdoc@gmail.com> wrote:
> Hello Mary,
>
> I sent the follow-up request to Dr. Reddy. her nurse says she has a document ready for pick up but I went by on Friday and it was not available.
>
> I had trouble accessing my patient portal last week but I got through this morning. I asked the nurse to leave the document at the front desk for pick up. I also told the nurse the DOCUMENT could be sent by email but she said she could not send it that way due to HIPAA.
>
> Did you get a chance to speak with Ms. Tammy Thompson? Please let me know.
>
> Trust you are having a great morning!
>
> Best,
> Kay
>
> On Mon, Jul 28, 2025 at 12:22 Mary Chlopecki <mc2672@georgetown.edu> wrote:
>> Hi Kaymarie,
>>
>> Following up on your inquiry, the medical information I am currently requesting from Dr. Reddy is listed below:
>>
>> 1) Please respond in writing to the questions in my letter dated June 30, 2025. Alternatively, if you would find it easier to speak in person, please contact me at this email address and we can schedule a phone or Zoom conversation.
>> 2) Our office is currently reviewing three jobs (listed below) to determine whether Kaymarie can perform the essential functions of those jobs with or without accommodation/s. Please review the job requirements with Kaymarie and advise my office whether she can perform the job functions of each job with or without

accommodation/s, and if accommodation is needed, please advise what accommodation is being requested, the basis for the accommodation (i.e., what functional limitation/s it is needed to address), and any alternative accommodations that would be effective. I have noted some particular job functions for each role that may be relevant as this is evaluated.

JR22355 (Pathways Program & Student Belonging). This role is forward facing as it relates to work with students, program partners, faculty and staff. Among other things, the incumbent will be frequently required to move up to 25lbs weight and walk or stand with operation of controls, and will be occasionally tasked with moving items weighing up to 50lbs. It is hybrid with 4 days per week in-office reporting currently expected.

JR22258 (Senior Shared Services Administrator). Among other things, the incumbent in this position attends events to greet guests, speak with students about upcoming courses, majors, minors and facilitate events as needed, and serves as first point of contact for visitors' inquiries, and deliveries. It is hybrid with 2-3 days per week in-office reporting currently expected.

JR22653 (Associate Director, Recruitment and Admissions). This position is sedentary, and the incumbent will be occasionally required to move up to 10lbs of weight. It is hybrid. We are researching the number of days per week in-office reporting currently expected and will advise Ms. Williams of the same as soon as we determine this.

Kaymarie, I will follow up with you with separate questions for Dr. Thompson.

Thank you,
Mary

[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Tue, Aug 5 at 15:56
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Thank you for your emails regarding the medical information from Dr. Reddy. I was curious why I had not received an email from their office, per my call with them last week, or anything from you, but now I understand. I was able to get a fax number that they can use to send me the document, which I left for the nurse earlier today. But I still have not received the document. If you can please send it to me when you get it, that would be great. I will reach out to Tammy Johnson today or tomorrow and keep you posted.

There are two more positions that have been identified as potential matches for you -- #s JR22478 and JR22628. I know you also applied for JR22653. All are hybrid. I am trying to find out how many days of in-person reporting are expected for each. I hope to have that information this week. Once we have your updated medical documentation in hand, we can evaluate whether you may be able to perform the essential job functions of any of those jobs with or without accommodation.

Also, if needed, I would like to connect you with an employee from Talent Acquisition, who has agreed to act as a resource for you going forward. She has offered to meet with you weekly to discuss any questions you have regarding specific job openings and your qualifications relevant thereto. Let's see how things work out regarding the three jobs noted above, and if we can't make a match there, I will put you in touch with her.

Thank you,
Mary

[Quoted text hidden]

**Kay Williams** <joneskjdoc@gmail.com>                                       Tue, Aug 5 at 16:12
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mary,

It is great to hear from you. I am happy you were able to send the fax number to the nurse today. Also happy you will connect with Ms. Tammy Thompson (tammythompson@therapyemaul.com) soon.

I am happy to connect with Takent Acquisition whenever available.

Heading over to the hospital to acquire the document as we speak.

Best,
Kay
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                       Tue, Aug 5 at 16:26
To: tammythompson@therapyemail.com <tammythompson@therapyemail.com>

[Quoted text hidden]

 Gmail

**Kay Williams <joneskjdoc@gmail.com>**

---

## Re: See Attached | Medical Information Follow Up - Questions for Dr. Reddy

**Kay Williams** <joneskjdoc@gmail.com>                                                                Tue, Aug 5 at 17:40
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mary,

Please see attached. I hope you get the fax directly as well. Please let me know if you have any questions and thank
you for reaching out to Ms. Thompson.

Best,
Kay

On Tue, Aug 5, 2025 at 15:56 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

Thank you for your emails regarding the medical information from Dr. Reddy. I was curious why I had not received
an email from their office, per my call with them last week, or anything from you, but now I understand. I was able
to get a fax number that they can use to send me the document, which I left for the nurse earlier today. But I
still have not received the document. If you can please send it to me when you get it, that would be great. I will
reach out to Tammy Johnson today or tomorrow and keep you posted.

There are two more positions that have been identified as potential matches for you -- #s JR22478 and JR22628.
I know you also applied for JR22653. All are hybrid. I am trying to find out how many days of in-person
reporting are expected for each. I hope to have that information this week. Once we have your updated medical
documentation in hand, we can evaluate whether you may be able to perform the essential job functions of any of
those jobs with or without accommodation.

Also, if needed, I would like to connect you with an employee from Talent Acquisition, who has agreed to act as a
resource for you going forward. She has offered to meet with you weekly to discuss any questions you have
regarding specific job openings and your qualifications relevant thereto. Let's see how things work out regarding
the three jobs noted above, and if we can't make a match there, I will put you in touch with her.

Thank you,
Mary

On Tue, Aug 5, 2025 at 2:13 PM Kay Williams <joneskjdoc@gmail.com> wrote:

Hi Mart,

Trusting you are having a great day!

I went by again but the document was not at the front desk, however, the nurse messaged around 12:20 PM
today stating it is ready for pick up now.

Once I get a chance, I will go by before close of business and will send it to you, unless you already received it

some how on your end.

A response in receipt of this email is appreciated.

Best,
Kaymarie Williams

[?]

On Mon, Aug 4, 2025 at 10:57 Kay Williams <joneskjdoc@gmail.com> wrote:

Hello Mary,

I sent the follow-up request to Dr. Reddy. her nurse says she has a document ready for pick up but I went by on Friday and it was not available.

I had trouble accessing my patient portal last week but I got through this morning. I asked the nurse to leave the document at the front desk for pick up. I also told the nurse the DOCUMENT could be sent by email but she said she could not send it that way due to HIPAA.

Did you get a chance to speak with Ms. Tammy Thompson? Please let me know.

Trust you are having a great morning!

Best,
Kay

On Mon, Jul 28, 2025 at 12:22 Mary Chlopecki <mc2672@georgetown.edu> wrote:

Hi Kaymarie,

Following up on your inquiry, the medical information I am currently requesting from Dr. Reddy is listed below:

1) Please respond in writing to the questions in my letter dated June 30, 2025. Alternatively, if you would find it easier to speak in person, please contact me at this email address and we can schedule a phone or Zoom conversation.

2) Our office is currently reviewing three jobs (listed below) to determine whether Kaymarie can perform the essential functions of those jobs with or without accommodation/s. Please review the job requirements with Kaymarie and advise my office whether she can perform the job functions of each job with or without accommodation/s, and if accommodation is needed, please advise what accommodation is being requested, the basis for the accommodation (i.e., what functional limitation/s it is needed to address), and any alternative accommodations that would be effective. I have noted some particular job functions for each role that may be relevant as this is evaluated.

JR22355 (Pathways Program & Student Belonging). This role is forward facing as it relates to work with students, program partners, faculty and staff. Among other things, the incumbent will be frequently required to move up to 25lbs weight and walk or stand with operation of controls, and will be occasionally tasked with moving items weighing up to 50lbs. It is hybrid with 4 days per week in-office reporting currently expected.

JR22258 (Senior Shared Services Administrator). Among other things, the incumbent in this position attends events to greet guests, speak with students about upcoming courses, majors, minors and facilitate events as needed, and serves as first point of contact for visitors' inquiries, and deliveries. It is hybrid with 2-3 days per week in-office reporting currently expected.

JR22653 (Associate Director, Recruitment and Admissions). This position is sedentary, and the incumbent will be occasionally required to move up to 10lbs of weight. It is hybrid. We are researching the number of days per week in-office reporting currently expected and will advise Ms. Williams of the same as soon as we determine this.

Kaymarie, I will follow up with you with separate questions for Dr. Thompson.

Thank you,
Mary

[Quoted text hidden]

**FT Belvoir Response to GU June 2025 Med Request.pdf**



**Kay Williams <joneskjdoc@gmail.com>**

---

## Your Offer Letter and Request To Meet Re Placement
4 messages

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Wed, Apr 2 at 13:42
To: Kay Williams <joneskjdoc@gmail.com>

Good Afternoon Kaymarie,

I hope this email finds you well. Please find attached a copy of your offer letter, per your request. I would like to set up a meeting with you this Friday, if you are available, to review potential placement options and next steps. Will you kindly let me know your availability?

Many thanks,
Mary
[Quoted text hidden]
**Kaymarie Williams offer letter.pdf**

---

**Kay Williams** <joneskjdoc@gmail.com>                                        Wed, Apr 2 at 14:39
To: Mary Chlopecki <mc2672@georgetown.edu>

Good afternoon Mary,

Thank you for providing my offer letter.

I am available today, all-day, everyday.
Please note that Friday marks 1 year since I have been trying to get reinstated at Georgetown so if you find a sooner availability in your schedule, that would be great.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Wed, Apr 2 at 15:37
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Glad I could assist in obtaining the offer letter. As I understand it, HR is in the process of coordinating with departments with open positions about a placement for you. I am hoping to receive an update today or tomorrow. I will set a tentative meeting for us for this Friday, and if I have any news before then, I will change the meeting to an earlier time.

I hear you that you have been awaiting return to GU for a long time. My ability to assist was limited until I received your medical documentation a couple weeks ago, which supported your reassignment to another position. Since that time, I have been working closely with HR to identify an open position for you. I appreciate that you are ready to get started and ask for just a little more patience as we go through the final steps necessary to get you placed.

Kind regards,
Mary

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                    Thu, Aug 21 at 10:29
To: Monique Miles <mmiles@oldtowneassociates.com>

[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

## Request To Meet Re Reasonable Accommodation
31 messages

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Mon, Feb 10 at 14:53
To: <joneskjdoc@gmail.com>

Good Afternoon Kaymarie,

I hope this email finds you well. While we await the return of your medical documentation in support of your IDEAA accommodation request, I would like to set up a meeting with you, me, and Katina Porter of HR to discuss the types of jobs you would be interested in, if it turns out reassignment is the only option to accommodate you. I understand you have already been working with Katina to some extent, but I think it would be helpful for us all to meet and get on the same page regarding what kind of roles you are interested in, what HR can do to assist in identifying those roles, what you should be doing to help identify potential roles, and how to stay coordinated.

Based on Katina's calendar, it looks like she and I are available this Wednesday from 9-10am, 12noon-2:30pm, and 4-5pm. Would you be available for a 45 minute Zoom or phone meeting in any of those time frames? If not, kindly let me know your availability to meet early next week, as Katina appears to be out Thursday and Friday.

Many thanks,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Mon, Feb 10 at 17:07
To: Mary Chlopecki <mc2672@georgetown.edu>
Bcc: <damiagrussell@gmail.com>, <howardhuejohnson@gmail.com>, Kay Williams <joneskjdoc@gmail.com>

Good Afternoon Mary,

Thank you for reaching out regarding my accommodation request. While I appreciate the effort to coordinate a meeting, I am not comfortable speaking with Katina Porter due to previous challenges in the reinstatement process.

I have already provided my resume and requested reassignment to any suitable position that aligns with my medical limitations, my qualifications, and the needs of the university to HR. I am consistently asked to apply and compete for jobs, and I have been doing just as I am asked.

To ensure a productive process, at this time, I request that all discussions related to my accommodation be handled directly through IDEAA and or DOL VETS. If there are specific questions about potential roles, I am happy to provide input, but at this time, a request to discuss job preference is an ongoing, overwhelming experience that I cannot continue to face.

On April 4, 2024, I asked if there were any jobs available for me to return to Georgetown. As of the date of this email, "any jobs" would have sufficed but my reinstatement continues to be delayed. Therefore, another meeting with Katina will only add to my trauma.

Additionally, I am still awaiting acknowledgment of the delays in the interactive process that have already occurred.

I have an appointment with my medical provider on February 19th so that my provider can complete the medical documentation you requested, however, if you need a copy of my NARSUM that I received from the Army and my VA Disability letter, which I received upon my release from active duty, I can provide that to your office.

Please confirm how IDEAA will proceed with my accommodation request while respecting my communication

preferences.

Despite my explicit request, that Katina communicate through the investigator due to my trauma, she disregarded my request and contacted me directly. She asked me to confirm whether I needed to be reinstated in my position without considering my disabilities. It seems she was only interested in forcing me into that position even though I I kept requesting accommodation, causing additional distress. Therefore, I hope you can understand why a meeting with her would not help.

I attached a copy of your resume. Again, I am open to any position that you find suitable.

Best,

Kaymarie Williams

[Quoted text hidden]
Kaymarie_Williams_Resume_Georgetown.pdf

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Tue, Feb 11 at 15:45
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Thank you for your response to my email. I hear you that you do not wish to communicate directly with Katina regarding your accommodation. I am happy to serve as the point person for ADA accommodation related matters, so that you do not have to interact directly with Katina in regard to that. I would like to give some thought to the most efficient approach to this and will be back in touch within the next couple of days to propose a plan. In the meantime, thank you for your resume and update on your next doctor's appointment. Also, I am not familiar with what information is typically included in a NARSUM or VA Disability letter, but if you don't mind sharing those with me, I think it wouldn't hurt and might help address the questions we need to have addressed to move forward.

Many thanks and I will be back in touch soon.

Kind regards,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Tue, Feb 11 at 23:53
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Thank you. I was medically discharged based on an in-service injury.

The NARSUM is a summary of the medical board's evaluation, finding me permanently disabled. I could not perform essential duties in the Army due to the injury, hence the honorable discharge.

The VA Letter is another confirmation of my injury, granting me permanent and total disability status. There's a more thorough version of the VA letter but its around 50 pages.

These two documents have not been shared with HR (but they have my DD 214). Please do not share it with them — I was not asked to provide any documentation to the HR department as of this date.

My DD 214, which I provided to HR on April 5, 2024, states my permanent and total disability status.

Please let me know if you need anything further.

Best,
Kaymarie Williams

[Quoted text hidden]

**VA Entitlement and Benefits Williams Kaymarie.pdf, NARSUM Williams K FT Bragg.pdf, DD 214 RET Member-4.pdf**

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                                    Wed, Feb 12 at 09:45
To: Kay Williams <joneskjdoc@gmail.com>

Many thanks for this information, Kaymarie.
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                                    Fri, Feb 21 at 13:30
To: Kay Williams <joneskjdoc@gmail.com>

Good Afternoon Kaymarie,

I hope this email finds you well. I am writing to touch base regarding your accommodation request, our related correspondence, and your medical records.

First, I want to confirm that I am happy to act as the point person relating to your potential reassignment, and can work directly with you on the interactive process relating to that without your having to meet with Katina. I am going to create a document in which we can list jobs of potential interest for you, either identified by you or HR, as a way of all keeping informed and staying on the same page. I will send that to you shortly.

Second, I want to confirm that I will not share the military medical documents you provided to me on February 11th, or any other medical documents you provide to me, with anyone outside of IDEAA, including HR.

Third, I know you had an appointment on February 19th with your medical provider, during which you hoped to receive responses to IDEAA's questions about your disabilities, functional limitations, and accommodation request. Were you able to get your medical provider to respond to those questions?

Thanks much, and I hope you have a nice weekend,

Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                    Fri, Feb 21 at 13:41
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Thank you for the confirmation and the inquiry about my medical appointment.

I provided the documentation to my medical provider during my appointment on February 19.  I have a follow up on February 26. Since my provider is a military service provider, I cannot promise a speedy  outcome but I will share information as received.

As for job placement, I want to confirm that I have never declined any particular job and have been open to any that is accommodating. My issue is with HR forcing me back into my current role and forcing me to apply to other positions without considering my disabilities, hence my IDEAA complaint.

Will I not be assigned an investigator to evaluate my ADA/PDA discrimination and harassment claim? How is my IDEAA case being handled? Am I only working with you and not IDEAA?

Best,
Kaymarie Williams
[Quoted text hidden]

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Fri, Feb 21 at 14:11
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Many thanks for your email and update. I understand that it sometimes takes a while to receive medical documentation. We can see where things stand after your appointment on February 26th, and if you haven't received it by then, perhaps I can reach out directly to your medical provider. We can discuss.

Regarding your question, as I understand it, you have two matters pending with IDEAA -- a request for reasonable accommodation and a complaint. I have been assigned to handle your accommodation request, but have not been assigned to handle your complaint. Typically complaints that come in are reviewed to ensure they fall within IDEAA's jurisdiction, are timely, are clear, and include claims that if true would constitute a violation of GU policy. As part of that process, our intake team may reach out to you to request a short interview. They may also explore with you whether there is interest in informal resolution. I will check on the status of your complaint and ask that you be informed as to next steps.

If you have any more questions, feel free to reach out by email or set up a call. I would be happy to assist.

Kind regards,
Mary


[Quoted text hidden]

**Kay Williams** <joneskjdoc@gmail.com>                                    Fri, Feb 21 at 14:19
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Thank you for your assistance. Your efforts to assist me during such a traumatic experience is greatly appreciated.
[Quoted text hidden]

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Fri, Feb 21 at 14:21
To: Kay Williams <joneskjdoc@gmail.com>

Of course. Happy to help.
[Quoted text hidden]

**Kay Williams** <joneskjdoc@gmail.com>                                    Wed, Feb 26 at 16:37
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

I trust all is well with you. I met with my medical provider today. I have a follow-up on March 5th. I will keep you posted.

Best,
Kaymarie Williams
[Quoted text hidden]

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Tue, Mar 4 at 13:12
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

I am well, thanks, and I hope the same for you! Many thanks for this update. I hope your appointment goes well tomorrow, and I look forward to receiving any update you may obtain on the medical information we requested. If you don't receive any response, perhaps I could reach out directly to your medical provider, if that might help. We can discuss after your appointment tomorrow, if necessary.

Kind regards,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                          Tue, Mar 4 at 13:13
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mary,

Yes, I have no problem with you reaching out if it does not go well tomorrow. I would just have to complete a medical release. Thanks.

Best,
Kay
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                      Fri, Mar 7 at 16:48
To: Kay Williams <joneskjdoc@gmail.com>

Good Afternoon Kay,

I hope this email finds you well. I also hope your appointment with your medical provider went well this week. I am wondering if you would be available to meet next week to go over status and next steps? Topics I would like to discuss are:

1) The status of responses to the questions I provided to you for your medical provider's response, which you gave to your medical provider last month. If you have not received responses by the time we speak, I would like to coordinate with you regarding my reaching out directly to set up an appointment to speak with your provider. As you correctly noted, I would need a signed release from you to do that. Here is a link to a release form we can use for that purpose.

2) The spreadsheet I have created wherein HR is going to list jobs in which you may be interested and qualified. I would like to review that spreadsheet with you to discuss the information contained therein, whether I can make any improvements to the spreadsheet, and how we can best share information about potential jobs for you going forward.

Kindly let me know your windows of availability to meet. I think we will need about 30 minutes.

Thanks!
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                          Sat, Mar 8 at 08:31
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

My doctor's appointment went well, thank you. You should have received my paperwork by now but if not, please give it another week or two.

I completed the medical release form upon my request for accommodation so you should be able to reach out to Dr. Reddy at the AT Augusta Military Medical Center.

As for the list of jobs, please understand that Katina has been providing a variety of positions since last year. It seems the constant repeated action is a sort of delay tactic for whatever reason, or to say the department has been actively trying to place me. While I have enough evidence to prove otherwise, it may just be best for all parties to simply reinstate me before things get out of hand.

There is truly no need to continuously review positions. I just need to be reinstated in any position that I am physically able to do. I have expressed this interest since day one but have been repeatedly dismissed.

As a result of this delay, I wonder if I am missing something? How much longer should I wait to be placed into an accommodating role? Why do I have to compete for other positions? It seems accommodation is not an option for my current role, considering my current limitations, is this so?

Please advise.

Best,
Kaymarie Williams

Please let me know.

Best,
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                    Fri, Mar 14 at 15:22
To: Mary Chlopecki <mc2672@georgetown.edu>

Mary,

My doctor tried to send you y documentation but was unsuccessful. She said her assistant reached out to you to confirm your email address but you stated that you could not confirm as you did not know what the doctor was trying to send to you.

I competed the medical release form for Georgetown University to accept documents from the military hospital. I do not understand the miscommunication.
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                                 Fri, Mar 14 at 16:02
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Many thanks for reaching out. I did receive a call from someone a little while ago today stating that they were asking for my email address relating to a patient matter. They would not tell me who the patient was, however, and did not identify themselves as being associated with your doctor, so I thought it was a phishing call. (Unfortunately, many of the calls I receive on my work phone are phishing calls.) I just tried to call back on the number from which I received the call, but am getting a general voicemail message that does not give an option to reach your doctor's office directly.

Would you be able to provide your doctor's office with this email address (mary.chlopecki@georgetown.edu), or, alternatively, ask them to call again, or provide me with their direct number and I can call them? That would be most helpful.

Once I receive your medical documentation, that should help move things forward on your accommodation request and potential related reassignment, as we need the medical information to confirm your eligibility for an accommodation and reassignment.

In regard to the list of jobs that Katina listed for you on the spreadsheet, it would be helpful if you looked at those jobs and applied for any in which you are interested, and updated the spreadsheet accordingly. Although HR and IDEAA understand that you seek a reassignment, and can assist you with this process once we receive your medical

documentation and confirm your eligibility, we need your help in indicating what jobs you are interested in and for you to participate in the application and interview processes, to ensure a good fit is made in matching you with a position in which you are interested, for which you are qualified, and that you can perform with or without reasonable accommodation.

I understand this is all quite complicated and am happy to talk with you in person about it at any time. I also understand this has been a long process for you, but once we get the medical documentation, that will take us a big step forward and hopefully things will move more quickly from there.

Shall we set up a time to talk next week? If that works for you, please let me know some dates and times that work for you.

Thank you and I hope you have a nice weekend,

Mary

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                                   Fri, Mar 14 at 16:16
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mary,

We can meet at any time convenient to you. I have reviewed the spreadsheet and have interest in most positions, if not all. We can discuss when we meet but I will be applying to all positions this weekend.

Best,
Kay
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                                                Fri, Mar 14 at 16:19
To: Kay Williams <joneskjdoc@gmail.com>

Terrific. Thank you for letting me know. I will look at my calendar and send you a meeting invitation, which we can update as needed based on your availability.

Thank you!
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                                   Fri, Mar 14 at 16:20
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mary,

Please see the documentation attached. I have asked my doctor's nurse to send it to you, per the email you shared.

I apologize that she did not identify herself. I do understand your phishing concerns. I hope the documentation helps and if not, feel free to reach out to Dr. Reddy.

Thank you for your patient.

Best,
Kay
[Quoted text hidden]
**Georgetown University Medical Documentation RR p0630-855815102.pdf**

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Fri, Mar 14 at 16:21
To: Mary Chlopecki <mc2672@georgetown.edu>

Patience - I meant patience :)
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Sat, Mar 15 at 01:32
To: Mary Chlopecki <mc2672@georgetown.edu>

Mary,

Please see my applications attached. I am no longer interested in the events manager position and I am not interested in a short term position.I am interested in positions that will help me grow, professionally, at Georgetown.

Best,
Kay



image.png

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Mon, Mar 17 at 15:25
To: Mary Chlopecki <mc2672@georgetown.edu>

Good afternoon,

Please let me know if you are in receipt of my medical documentation.

Best,
Kaymarie Williams
[Quoted text hidden]

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Mon, Mar 17 at 15:29
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

I hope this message finds you well. Thank you for sending me your medical documentation on March 14th. It is very helpful to have this. I am reviewing it now, along with the listing of jobs for which you applied, in an effort to determine what roles you would be able to perform with or without accommodation. I will be coordinating with HR and will be back in touch with you this week with an update.

Kind regards,
Mary
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Mon, Mar 17 at 15:33
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Yes, I was just drafting an email to you when your message came in, which I have now sent. I did receive the documentation. Thanks much for tracking it down and getting it to me. I will be back in touch later this week to coordinate with you regarding next steps.

Best,
Mary

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                        Mon, Mar 17 at 15:33
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Thank you for the update. The sooner, the better, as I am not working and would be able to start immediately.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Mon, Mar 17 at 15:42
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Now that we have the medical documentation, things should move quickly from here. I am coordinating with HR to determine options and will be in touch within the next few days with an update. I appreciate your letting me know you are available to start immediately. I will keep this at the top of my priority list and be back in touch as soon as I have an update.

Thanks,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                        Mon, Mar 17 at 15:47
To: Mary Chlopecki <mc2672@georgetown.edu>

Mary,

Thank you. Looking forward to hearing from you soon.

Best,
Kaymarie Willliams
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Tue, Apr 1 at 15:10
To: <jackie.bailey@eeoc.gov>

Hi Ms. Jackie,

I forgot to include this in my case. Does it matter now? Please see my doctor's note attached.

Best,
Kaymarie Williams

---------- Forwarded message ---------
From: **Kay Williams** <joneskjdoc@gmail.com>
Date: Fri, Mar 14, 2025 at 16:20
Subject: Re: Request To Meet Re Reasonable Accommodation
To: Mary Chlopecki <mc2672@georgetown.edu>


Hi Mary,

Please see the documentation attached. I have asked my doctor's nurse to send it to you, per the email you shared.

I apologize that she did not identify herself. I do understand your phishing concerns. I hope the documentation helps and if not, feel free to reach out to Dr. Reddy.

Thank you for your patience.
[Quoted text hidden]
**Georgetown University Medical Documentation RR p0630-855815102.pdf, Jobs Search for Kaymarie Williams**

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                 Tue, May 13 at 12:28
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

I hope this message finds you well. I am writing to request additional information from you doctor regarding your reasonable accommodation request, in follow-up to the information your doctor provided in writing (dated March 14, 2025). If you would kindly convey my questions to your doctor, I would very much appreciate it, as well as your doctor's written response.

Q: You have indicated that Ms. Williams would benefit from an accommodation of either fully remote or hybrid work. Georgetown University has hybrid positions that require different numbers of in-person reporting days, typically between two and four days. (Although it may be possible to find a position that requires only one day of in-person work, such opportunities, if they exist, likely would be few and far between.) Please indicate the maximum number of in-person days that Ms. Williams is able to work per week and the basis for your assessment of her ability in this regard.

Q: You further indicated that documentation received from Ms. Williams' mental health provider indicates that she has a limited capacity to engage in extensive in-person interactions. Are you able to provide more detail regarding this, specifically whether there are any job-related functional limitations that result from this (other than the need

for fully remote or hybrid work) or is this something that we should request from her mental health provider? If you are able to provide further detail regarding any job-related functional limitations Ms. Williams may be experiencing in relation to this, please do, and advise whether you believe any additional accommodations are needed to enable Ms. Williams to perform her essential job functions.

Thank you,
Mary


**Georgetown University Medical Documentation RR p0630-855815102.pdf**

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Thu, Aug 21 at 10:30
To: Monique Miles <mmiles@oldtowneassociates.com>

[Quoted text hidden]



**Kaymarie Williams <drkayjwill@gmail.com>**

---

## No Phone/Email Access

**Kaymarie Williams** <drkayjwill@gmail.com>                               Tue, Aug 26 at 08:20
To: <mc2672@georgetown.edu>, <joneskjdoc@gmail.com>

Good morning, Mary.

Unfortunately, since last Thursday, I have no access to my phone number ending in 9775 or my email address @joneskjdoc@gmail.com due to an issue with updating IOS.

If you tried to reach me since my last email, which clarified I did not need accomodations for the two jobs you recommended, I apologize.

Feel free to share any updates you my
At have here and I will do the same.

Trust you are doing well!

Best,
KW

 Gmail

**Kay Williams <joneskjdoc@gmail.com>**

---

## Request for Confirmation of Accommodation Needs for Specific Positions
11 messages

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                     Mon, Aug 11 at 17:23
To: Kay Williams <joneskjdoc@gmail.com>

Good Afternoon Kaymarie,

I hope this email finds you well. I have reviewed the most recent written information from your doctor, Dr. Reddy. Thank you for forwarding that. Unfortunately, her responses were unclear in regard to your current and expected accommodation needs for remote/hybrid work. I have also written to your therapist, Tammy Thompson, twice now (copying you) regarding your accommodation needs and await her reply.

Putting that aside for the moment, as previously discussed, there are two positions currently open that I believe are potential matches for you -- JR22653 (Associate Director, Recruitment and Admissions, MSBA) and JR22478 (Associate Director of Recruitment and Marketing, MS-Environment and Sustainability Management). Both of these are hybrid and, we have determined, require 2-3 days of in-person reporting. (I have been advised, FYI, that JR22628, for which you applied, is a 4-day in-person hybrid role, so unless you tell me otherwise this week, I will assume you are not interested in that role.) Given that the physical demands of JR22653 and JR22478 appear to be within your current functional abilities, I would like to determine if they are otherwise feasible options for you. Specifically, whether you would be able to meet the in-person reporting requirements.

What I need to know in regard to each role is the following:

1) Are you able to perform the essential functions of the job, including 2-3 days/week in-person reporting, with or without reasonable accommodation?
2) If you require reasonable accommodation, specifically what do you need and for how long, if known?

Will you please follow up with both Dr. Reddy and Tammy Thompson to gather any information you need to respond to those questions? I am happy to talk with either or both of them over the phone and think that would actually be the most efficient way to communicate on this. However, I have not had success in getting Dr. Reddy to call me, despite reaching out to her office multiple times, and I await a response from Ms. Thompson. **I really need your help in getting responses to these questions or setting up phone calls during which I can discuss them with Dr. Reddy and Ms. Thompson.** Without responses to these questions, HR/IDEAA cannot move forward in coordinating with the departments about a potential reassignment for you, and the jobs may be filled.

Your earliest response would be most appreciated. If you would find it helpful to talk in person, please let me know,

Thanks,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                     Tue, Aug 12 at 01:53
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mary,

Great to hear from you!

Thank you for your email and for identifying potential positions. As mentioned, I believe I can perform the essential functions of JR22653 and JR22478
without accommodations, however, I need more details on "traveling to represent MSB...domestically/

internationally." Once I have the necessary input from you and my providers, we can proceed.

I reached out to both Dr. Reddy and Ms. Thompson regarding the functional information you are seeking. I await their response.

As you know, the request for this information comes after more than a year since I first notified Georgetown of my readiness to return and have never been asked for medical documentation until you took my case this year. Therefore, I ask for flexibility to allow my providers adequate time to respond. I will follow up with them promptly and keep you updated.

Sincerely,

Kaymarie Williams

[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Tue, Aug 12 at 07:48
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Thank you for your response. I will inquire about the domestic and international travel referred to in the job announcements and let you know.

May I ask, when you say you can perform the essential functions of these jobs without accommodation, what do you mean? I am confused by that, given that we are seeking information from your medical providers because you requested an accommodation relating to reduced in-person reporting requirements through at least the end of this month. Can you please clarify? Are you no longer seeking this accommodation? If you have any questions or would find it helpful to discuss this in person, please let me know.

Thank you,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                       Tue, Aug 12 at 07:58
To: Mary Chlopecki <mc2672@georgetown.edu>

Good morning,

Thank you for your message. To clarify, I am still seeking an accommodation for reduced in-person reporting requirements, however, my request for "one day or so" was made several weeks ago and I am in a different space since, hence the supporting document from Dr. Reddy that outlined the August 31st date. Additionally, 2-3 days seems feasible at this time and allows time for appointments and recovery from travel.

When I say I can perform the essential functions of a job "with or without accommodation," I mean that I can fulfill the core duties of the position as long as reasonable accommodations—such as modified on-site requirements—are provided where needed.

Hope this helps!

Best,

Kaymarie Williams

[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Tue, Aug 12 at 09:08

To: Kay Williams <joneskjdoc@gmail.com>

Thank you for the clarification, Kaymarie. This is very helpful. It was your statement that you "can perform the essential functions of JR22653 and JR22478
without accommodations," that was confusing to me. I will let you know what I hear about the travel requirements. Aside from the travel requirements, is there anything else that you would be wanting to hear from your healthcare providers about in relation to these jobs? I just want to be clear what information we are waiting for.

Thank you,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                     Thu, Aug 14 at 07:54
To: Mary Chlopecki <mc2672@georgetown.edu>

Good morning,

No Ma'am, I have no other request at this time. Also, please provide your fax number to Ms. Tammy Thompson as Telemynd is trying to reach you.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                                  Thu, Aug 14 at 12:32
To: Kay Williams <joneskjdoc@gmail.com>

Good Morning Kaymarie,

Thank you for your email. I sent Ms. Thompson an email with my fax number and copied you. FYI, it is 202-687-7778.

Regarding the travel responsibilities for the two jobs we have been discussing, I have received the following information. **The department decides a team agenda for travel and assigns it out to recruiters. Recruiter preferences are considered in this process. Each recruiter could expect at most two total weeks in time per year on travel, either domestic or international, within the months of September/October/November and January/February/March/April.**

**Kindly let me know by August 18th whether you would require any accommodations of any nature to perform the essential functions of theses jobs. It is my understanding from our prior communications that you are comfortable with reporting 2-3 days in person now, so that an accommodation of lesser reporting days is no longer needed. Please correct me if I am wrong.**

Thank you,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                      Fri, Aug 15 at 13:04
To: Mary Chlopecki <mc2672@georgetown.edu>

Hi Mary,

Happy to hear from you and thank you for the clarification.

No accommodation is required at this time. Yes, 2-3 days reporting for any of the mentioned positions is fine as well.

Best,
Kaymarie Williams

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Wed, Aug 20 at 20:40
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

Trust all is well with you! Just checking on the progress of my reinstatement.

Ms. Tammy Thompson shared that she delivered the information you requested and you should have received the information you requested from Dr. Reddy last week as well.

Please let me know where you are with the two jobs you mentioned and whether I need to provide any more information.

Thank you, always, for your support.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                 Wed, Aug 20 at 21:33
To: Kay Williams <joneskjdoc@gmail.com>

Hi Kaymarie,

Thank you for reaching out. I did receive a document from Tammy Thompson, but it only contained diagnostic information. She subsequently emailed me and invited me to submit questions to her. Can you please clarify for me whether you are still seeking any reasonable accommodations in connection with your reemployment that relate to Ms. Thompson's treatment of you? I thought the reason why you had wanted me to talk to Ms. Thompson is that you were seeking as an accommodation a fully remote or 1-day per week hybrid role. Given that you recently advised me that you are no longer seeking this, will you please clarify what, if any, accommodation you are seeking that Ms. Thompson could provide information to support?

In regard to the two positions we have been looking at for potential reassignment, we plan to reach out to the hiring department of one of the roles to ask for their review of your qualifications, to get their perspective on whether you have the necessary experience for the job. If you have any relevant experience for those positions that is not included in your resume, will you please let me know?

There is another role that has come up that we are also looking at as a possibility for you. It is JR22978. Will you please let me know your thoughts on this one?

I know you are hoping to return to work at Georgetown soon and appreciate your patience as we try to find a suitable position for you.

Kind regards,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Thu, Aug 21 at 10:44
To: Mary Chlopecki <mc2672@georgetown.edu>
Bcc: Monique Miles <mmiles@oldtowneassociates.com>

# Mary,

To clarify for you, the two jobs we discussed (JR22653 and JR22478), I am not seeking accommodation. I am under the care of my doctor and my health has improved. Please let me know, by the end of business today, when I can start in a position at the university.

I do not need accommodations to take on any of the two roles. I previously provided my doctor's information, per your request. I have been unemployed long enough and it has affected me tremendously, emotionally, physically, and financially.

Feel free to call me to discuss.

Best,
Kaymarie Williams

[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

## Re: 2nd Email _No Phone/Email Access
2 messages

---

**Kaymarie Williams** <drkayjwill@gmail.com>                                          Thu, Aug 28 at 08:23
To: <mc2672@georgetown.edu>, <joneskjdoc@gmail.com>

Good morning, Mary. I am requesting an update on my reinstatement by close of business today.

Your effort in such trying times is greatly appreciated.

Best,
Kaymarie Williams

> On Tue, Aug 26, 2025, 8:20 AM Kaymarie Williams <drkayjwill@gmail.com> wrote:
> Good morning, Mary.
>
> Unfortunately, since last Thursday, I have no access to my phone number ending in 9775 or my email address
> @joneskjdoc@gmail.com due to an issue with updating IOS.
>
> If you tried to reach me since my last email, which clarified I did not need accomodations for the two jobs you
> recommended, I apologize.
>
> Feel free to share any updates you my
> At have here and I will do the same.
>
> Trust you are doing well!
>
> Best,
> KW

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                          Thu, Aug 28 at 10:17
To: Kaymarie Williams <drkayjwill@gmail.com>
Cc: <joneskjdoc@gmail.com>

Good Morning Kaymarie,

Thank you for your email. I apologize for not getting back to you right away. I have been out sick for a number of
days the past week and am still catching up on my emails. I'm sorry about the problems you had with your phone
and email. I know that can be very frustrating. I'm glad you are back on-line.

IDEAA and HR continue to coordinate to try to find an appropriate position for you. I am awaiting some information
right now about potential jobs we are looking at for you that I hope to receive early next week. It has taken longer
than expected due to people being on vacation. I will let you know as soon as I have an update. I assure you that I
continue to actively work on a potential reassignment for you and appreciate your patience.

Thank you, and I hope you have a nice weekend.
[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

## Re Kaymarie Williams - Request for Information Re Accommodation Needs

4 messages

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Tue, Aug 5 at 16:11
To: tammythompson@therapyemail.com <tammythompson@therapyemail.com>
Cc: Kay Williams <joneskjdoc@gmail.com>

CONFIDENTIAL

Good Afternoon Ms. Thompson,

My name is Mary Chlopecki, and I work for Georgetown University. We are working to find a job reassignment for your patient, Kaymarie Williams. Ms. Wiliams has suggested that we contact you for information regarding her workplace  accommodation needs. In correspondence from Ms. Williams' medical provider, Dr. Reddy, we were advised that Ms. Williams may need reasonable accommodation due to challenges she experiences with in-person interactions. It would be helpful to understand more about the nature of those challenges, specifically, if they flow from a disability and whether they may result in functional limitations relating to job performance, and if so, whether and what reasonable accommodation may be required to enable her to perform her essential job functions. I am hoping that I can discuss this matter with you, either via phone or Zoom, or by submission of written questions and job descriptions for potential reassignments for your response.

Kindly let me know what method of communication you would prefer, and if you would prefer to speak, some windows of availability in the coming days.

Many thanks in advance for your assistance.

Kind regards,
Mary Chlopecki
[Quoted text hidden]

**Mary Chlopecki** <mc2672@georgetown.edu>                                   Mon, Aug 11 at 16:10
To: tammythompson@therapyemail.com <tammythompson@therapyemail.com>
Cc: Kay Williams <joneskjdoc@gmail.com>

Dear Ms. Thompson,

I hope this email finds you well. I am writing to follow up on my email to you of August 5, 2025, regarding Kaymarie Williams. We are looking at potential job reassignments for Ms. Williams and hope to speak with you as soon as possible to discuss her request for reasonable accommodation. Are you available for a short phone conversation this week? If so, kindly let me know your availability. If you could provide a few windows, that would be most helpful.

Kind regards,
Mary Chlopecki
[Quoted text hidden]

**Mary Chlopecki** <mc2672@georgetown.edu>                                    Thu, Aug 14 at 09:39
To: tammythompson@therapyemail.com <tammythompson@therapyemail.com>
Cc: Kay Williams <joneskjdoc@gmail.com>

Good Morning Ms. Thompson,

I understand you have requested a fax number for me. My fax number is 202-687-7778.

Thank you,
Mary
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                          Wed, Aug 27 at 07:24
To: Tammy Thompson <tammythompson@therapyemail.com>, Kay Williams <joneskjdoc@gmail.com>

Good Morning Tammy,

Thank you for reaching out to me last week, and for circling back yesterday. I apologize for my late response. I was out sick three days last week and am just catching up on my emails. I have been advised by Kaymarie Williams that she is no longer in need of a reasonable accommodation for the performance of her work, so at this time, my office does not need further information from you. Should that situation change, I will reach out again.

Thank you very much for your assistance.

Kind regards,
Mary

On Tue, Aug 26, 2025 at 2:45 PM Tammy Thompson <tammythompson@therapyemail.com> wrote:
Good afternoon Ms. Chlopecki,
I have not yet received a response from my previous email dated 8/19/2025. Are you still requesting information regarding Mrs. Williams?


On 8/19/2025 at 8:43 AM, "Tammy Thompson" <tammythompson@therapyemail.com> wrote:

Good morning Ms. Chlopecki,
I am happy to fill out your questionnaire for Kaymarie Williams.  I am sorry for the late response, as I was waiting on the proper release of information so that I would be given consent to have contact with you. Please understand that I am not comfortable with a phone conversation when Kaymarie is not present, thus, I prefer to complete the form that you had suggested in a previous email.

I look forward to hearing back from you.

Warm regards,
Tammy Thompson, LPC
tammythompson@therapyemail.com

[Quoted text hidden]


**Tammy Thompson**, LCMHC, LMHC, LPC
tammythompson@therapyemail.com

**Please do not include detailed personal information in your response.**

**If you are in CRISIS please contact:**

- 988 Suicide & Crisis Lifeline – **Call or text 988** for 24/7, free and confidential support for people in distress, prevention and crisis resources for you or your loved ones, and best practices for professionals. (Chat option is also available at 988lifeline.org).
- Trans Lifeline – Call 1-877-565-8860 for a hotline staffed by transgender people for transgender people. Trans Lifeline volunteers are ready to respond to whatever support needs community members might have.
- Veterans Crisis Line – Veterans and their loved ones can call 988 and Press 1, chat online, or send a text message to 838255 to receive confidential support 24 hours a day, 7 days a week, 365 days a year. Support for deaf and hard of hearing individuals is available.
- Crisis Text Line – Free, 24/7 support for those in crisis. Text 741741 from anywhere in the US to text with a trained Crisis Counselor.
- The LGBT National Help Center – Call 1-888-843-4564. Open to callers of all ages. Provides peer-counseling, information, and local resources.

**Tammy Thompson,** LCMHC, LMHC, LPC
tammythompson@therapyemail.com

**Please do not include detailed personal information in your response.**

**If you are in CRISIS please contact:**

- 988 Suicide & Crisis Lifeline – **Call or text 988** for 24/7, free and confidential support for people in distress, prevention and crisis resources for you or your loved ones, and best practices for professionals. (Chat option is also available at 988lifeline.org).
- Trans Lifeline – Call 1-877-565-8860 for a hotline staffed by transgender people for transgender people. Trans Lifeline volunteers are ready to respond to whatever support needs community members might have.
- Veterans Crisis Line – Veterans and their loved ones can call 988 and Press 1, chat online, or send a text message to 838255 to receive confidential support 24 hours a day, 7 days a week, 365 days a year. Support for deaf and hard of hearing individuals is available.
- Crisis Text Line – Free, 24/7 support for those in crisis. Text 741741 from anywhere in the US to text with a trained Crisis Counselor.
- The LGBT National Help Center – Call 1-888-843-4564. Open to callers of all ages. Provides peer-

counseling, information, and local resources.

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

---

## Re: 2nd Email _No Phone/Email Access
2 messages

---

**Kaymarie Williams** <drkayjwill@gmail.com>                                      Thu, Aug 28 at 08:23
To: <mc2672@georgetown.edu>, <joneskjdoc@gmail.com>

Good morning, Mary. I am requesting an update on my reinstatement by close of business today.

Your effort in such trying times is greatly appreciated.

Best,
Kaymarie Williams

> On Tue, Aug 26, 2025, 8:20 AM Kaymarie Williams <drkayjwill@gmail.com> wrote:
> Good morning, Mary.
>
> Unfortunately, since last Thursday, I have no access to my phone number ending in 9775 or my email address @joneskjdoc@gmail.com due to an issue with updating IOS.
>
> If you tried to reach me since my last email, which clarified I did not need accomodations for the two jobs you recommended, I apologize.
>
> Feel free to share any updates you my
> At have here and I will do the same.
>
> Trust you are doing well!
>
> Best,
> KW

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                      Thu, Aug 28 at 10:17
To: Kaymarie Williams <drkayjwill@gmail.com>
Cc: <joneskjdoc@gmail.com>

Good Morning Kaymarie,

Thank you for your email. I apologize for not getting back to you right away. I have been out sick for a number of days the past week and am still catching up on my emails. I'm sorry about the problems you had with your phone and email. I know that can be very frustrating. I'm glad you are back on-line.

IDEAA and HR continue to coordinate to try to find an appropriate position for you. I am awaiting some information right now about potential jobs we are looking at for you that I hope to receive early next week. It has taken longer than expected due to people being on vacation. I will let you know as soon as I have an update. I assure you that I continue to actively work on a potential reassignment for you and appreciate your patience.

Thank you, and I hope you have a nice weekend.
[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

# Re Kaymarie Williams - Request for Information Re Accommodation Needs

4 messages

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                          Tue, Aug 5 at 16:11
To: tammythompson@therapyemail.com <tammythompson@therapyemail.com>
Cc: Kay Williams <joneskjdoc@gmail.com>

CONFIDENTIAL

Good Afternoon Ms. Thompson,

My name is Mary Chlopecki, and I work for Georgetown University. We are working to find a job reassignment for
your patient, Kaymarie Williams. Ms. Wiliams has suggested that we contact you for information regarding her
workplace  accommodation needs. In correspondence from Ms. Williams' medical provider, Dr. Reddy, we were
advised that Ms. Williams may need reasonable accommodation due to challenges she experiences with in-person
interactions. It would be helpful to understand more about the nature of those challenges, specifically, if they flow
from a disability and whether they may result in functional limitations relating to job performance, and if so,
whether and what reasonable accommodation may be required to enable her to perform her essential job functions.
I am hoping that I can discuss this matter with you, either via phone or Zoom, or by submission of written questions
and job descriptions for potential reassignments for your response.

Kindly let me know what method of communication you would prefer, and if you would prefer to speak, some
windows of availability in the coming days.

Many thanks in advance for your assistance.

Kind regards,
Mary Chlopecki
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                          Mon, Aug 11 at 16:10
To: tammythompson@therapyemail.com <tammythompson@therapyemail.com>
Cc: Kay Williams <joneskjdoc@gmail.com>

Dear Ms. Thompson,

I hope this email finds you well. I am writing to follow up on my email to you of August 5, 2025, regarding Kaymarie
Williams. We are looking at potential job reassignments for Ms. Williams and hope to speak with you as soon as
possible to discuss her request for reasonable accommodation. Are you available for a short phone conversation
this week? If so, kindly let me know your availability. If you could provide a few windows, that would be most
helpful.

Kind regards,
Mary Chlopecki
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                          Thu, Aug 14 at 09:39
To: tammythompson@therapyemail.com <tammythompson@therapyemail.com>
Cc: Kay Williams <joneskjdoc@gmail.com>

Good Morning Ms. Thompson,

I understand you have requested a fax number for me. My fax number is 202-687-7778.

Thank you,
Mary
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                              Wed, Aug 27 at 07:24
To: Tammy Thompson <tammythompson@therapyemail.com>, Kay Williams <joneskjdoc@gmail.com>

Good Morning Tammy,

Thank you for reaching out to me last week, and for circling back yesterday. I apologize for my late response. I was out sick three days last week and am just catching up on my emails. I have been advised by Kaymarie Williams that she is no longer in need of a reasonable accommodation for the performance of her work, so at this time, my office does not need further information from you. Should that situation change, I will reach out again.

Thank you very much for your assistance.

Kind regards,
Mary

On Tue, Aug 26, 2025 at 2:45 PM Tammy Thompson <tammythompson@therapyemail.com> wrote:
> Good afternoon Ms. Chlopecki,
> I have not yet received a response from my previous email dated 8/19/2025. Are you still requesting
> information regarding Mrs. Williams?
>
>
> On 8/19/2025 at 8:43 AM, "Tammy Thompson" <tammythompson@therapyemail.com> wrote:
>
>> Good morning Ms. Chlopecki,
>> I am happy to fill out your questionnaire for Kaymarie Williams.  I am sorry for the late response,
>> as I was waiting on the proper release of information so that I would be given consent to have
>> contact with you. Please understand that I am not comfortable with a phone conversation when
>> Kaymarie is not present, thus, I prefer to complete the form that you had suggested in a previous
>> email.
>>
>> I look forward to hearing back from you.
>>
>> Warm regards,
>> Tammy Thompson, LPC
>> tammythompson@therapyemail.com
>
> [Quoted text hidden]
>
>
>> **Tammy Thompson,** LCMHC, LMHC, LPC
>> tammythompson@therapyemail.com

**Please do not include detailed personal information in your response.**

**If you are in CRISIS please contact:**

- 988 Suicide & Crisis Lifeline – **Call or text 988** for 24/7, free and confidential support for people in distress, prevention and crisis resources for you or your loved ones, and best practices for professionals. (Chat option is also available at 988lifeline.org).
- Trans Lifeline – Call 1-877-565-8860 for a hotline staffed by transgender people for transgender people. Trans Lifeline volunteers are ready to respond to whatever support needs community members might have.
- Veterans Crisis Line – Veterans and their loved ones can call 988 and Press 1, chat online, or send a text message to 838255 to receive confidential support 24 hours a day, 7 days a week, 365 days a year. Support for deaf and hard of hearing individuals is available.
- Crisis Text Line – Free, 24/7 support for those in crisis. Text 741741 from anywhere in the US to text with a trained Crisis Counselor.
- The LGBT National Help Center – Call 1-888-843-4564. Open to callers of all ages. Provides peer-counseling, information, and local resources.

**Tammy Thompson,** LCMHC, LMHC, LPC
tammythompson@therapyemail.com

**Please do not include detailed personal information in your response.**

**If you are in CRISIS please contact:**

- 988 Suicide & Crisis Lifeline – **Call or text 988** for 24/7, free and confidential support for people in distress, prevention and crisis resources for you or your loved ones, and best practices for professionals. (Chat option is also available at 988lifeline.org).
- Trans Lifeline – Call 1-877-565-8860 for a hotline staffed by transgender people for transgender people. Trans Lifeline volunteers are ready to respond to whatever support needs community members might have.
- Veterans Crisis Line – Veterans and their loved ones can call 988 and Press 1, chat online, or send a text message to 838255 to receive confidential support 24 hours a day, 7 days a week, 365 days a year. Support for deaf and hard of hearing individuals is available.
- Crisis Text Line – Free, 24/7 support for those in crisis. Text 741741 from anywhere in the US to text with a trained Crisis Counselor.
- The LGBT National Help Center – Call 1-888-843-4564. Open to callers of all ages. Provides peer-

counseling, information, and local resources.

 Gmail

**Kay Williams <joneskjdoc@gmail.com>**

---

## Response to Update on Reinstatement Efforts
2 messages

---

**Kaymarie Williams** <drkayjwill@gmail.com>                                    Thu, Sep 4 at 21:23
To: Mary Chlopecki <mc2672@georgetown.edu>
Cc: <joneskjdoc@gmail.com>

Hello Mary,

Thank you for your email. While I appreciate your continued communication, I remain concerned that the University's approach is becoming circular and unnecessarily prolonged.

As you know, my healthcare provider supported remote work through August 31, 2025, and I complied with that guidance. Since then, I have been working on my ability to work in person. SonI ask again, what happened to the two positions you mentioned you found that you would place me in?

At this time, I am open to considering roles that require in-person reporting, but I need to ensure that any expectations are consistent with my ongoing medical needs and treatment schedule.

I believe the most appropriate way forward is for the University to remain guided by my documented accommodation requests and coordinate directly with my healthcare providers for clarification, as needed. This will ensure accuracy and fairness while avoiding misunderstandings.

Thank you again for your patience and continued communication. I look forward to a speedy reinstatement.

Best,

Kaymarie Williams

On Thu, Sep 4, 2025 at 18:23 Mary Chlopecki <mc2672@georgetown.edu> wrote:
> Hi Kaymarie,
>
> Thank you for your email. I'm sorry you have been having so many problems with your electronics. That must be very frustrating. Glad you are up and running again.
>
> Our efforts to find you a reinstatement are ongoing. In addition to the two recruiter jobs I shared with you earlier, we have been looking at several other possibilities. We are working to maximize the possibility that we will find you a placement as soon as possible. I am very hopeful that I will have news for you next week. One matter I have been asked to clarify is how many days you would be able to report into the office, and specifically whether you are now able to report 4 days per week?
>
> Thanks much for your continued patience, and I will reach back next week with an update.
>
> Kind regards,
> Mary
>
>
>
> On Tue, Sep 2, 2025 at 6:27 AM Kaymarie Williams <drkayjwill@gmail.com> wrote:
> > Good morning, Mary.
> >
> > I am up and running again — an update of my phone led to a factory reset which led to a complete shutdown of my mobile device.

Anyhow, I trust that you are feeling much better this week and will be able to provide some information on the two jobs you found, JR22653 and JR22478, later today.

Look forward to hearing from you soon!

Best,
Kay Williams


On Thu, Aug 28, 2025 at 15:37 Kaymarie Williams <drkayjwill@gmail.com> wrote:
> Okay, thank you.

>> On Thu, Aug 28, 2025, 11:02 AM Mary Chlopecki <mc2672@georgetown.edu> wrote:
>> Hi Kaymarie,
>>
>> I see that you have responded to my email and requested a response by the end of the day. I want to let you know that I am delivering training at the University this afternoon and may not have time to respond today. If I do not, I will reach back to you tomorrow.
>>
>> Thank you,
>> Mary
>>
>>> On Thu, Aug 28, 2025 at 10:44 AM Kaymarie Williams <drkayjwill@gmail.com> wrote:
>>> Hello Mary,
>>>
>>> I am sorry to hear about your illness and wish for a speedy recovery.
>>>
>>> It is quite disheartening to hear that I still have to wait for placement, especially after you shared that you found two positions for me about three weeks ago  What happened to those two positions? What changed?
>>>
>>> You requested Information from my providers and both have responded to your inquiry. Am I missing something? What else do I need to do? How much longer should I wait? Do I need to be someone else to get the help I need? Did I need to hold another position at Georgetown to get the help I am requesting? Am I being penalized for obeying my active duty orders? Or, am I being tactically delayed with these repeated responses of how IDEEA is supposedly working with HR and or the university to get me reinstated (since February)?
>>>
>>> I may need accomodations for other roles so why not reinstatement me into the two roles you mentioned so that I do not need accomodations?
>>>
>>> This is such a traumatic experience that I do not wish on anyone, any Soldier, any employee. I hope the university understands that this delay is causing severe hardship and I am now forced to take my matters to those who will make fair judgements on my experience.
>>>
>>> Your response to this matter is greatly appreciated by close of business, today.
>>>
>>> Get well soon!
>>>
>>> Best,
>>> Kaymarie Williams
>>>
>>>> On Thu, Aug 28, 2025, 10:17 AM Mary Chlopecki <mc2672@georgetown.edu> wrote:
>>>> Good Morning Kaymarie,
>>>>
>>>> Thank you for your email. I apologize for not getting back to you right away. I have been out sick for a number of days the past week and am still catching up on my emails. I'm sorry about the problems you had with your phone and email. I know that can be very frustrating. I'm glad you are back on-line.

IDEAA and HR continue to coordinate to try to find an appropriate position for you. I am awaiting some information right now about potential jobs we are looking at for you that I hope to receive early next week. It has taken longer than expected due to people being on vacation. I will let you know as soon as I have an update. I assure you that I continue to actively work on a potential reassignment for you and appreciate your patience.

Thank you, and I hope you have a nice weekend.

Mary

On Thu, Aug 28, 2025 at 8:23 AM Kaymarie Williams <drkayjwill@gmail.com> wrote:
Good morning, Mary. I am requesting an update on my reinstatement by close of business today.

Your effort in such trying times is greatly appreciated.

Best,
Kaymarie Williams

On Tue, Aug 26, 2025, 8:20 AM Kaymarie Williams <drkayjwill@gmail.com> wrote:
Good morning, Mary.

Unfortunately, since last Thursday, I have no access to my phone number ending in 9775 or my email address joneskjdoc@gmail.com due to an issue with updating IOS.

If you tried to reach me since my last email, which clarified I did not need accomodations for the two jobs you recommended, I apologize.

Feel free to share any updates you my
At have here and I will do the same.

Trust you are doing well!

Best,
KW

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                     Fri, Sep 5 at 07:21
To: Tammy Thompson <tammythompson@therapyemail.com>
Cc: Kay Williams <joneskjdoc@gmail.com>

Good Morning Ms. Thompson,

I hope this email finds you well. In our efforts to locate a position for Kaymarie Williams, the question has arisen as to whether she is able to work a job that requires in-person reporting four days per week (see forwarded email correspondence). She has referred us to her medical providers for a response to this question. Will you kindly provide your opinion as to whether she is able to report in-person four days per week, and if not, let us know the reason for this and how many days per week you believe she's able to report.

Your prompt response would be most helpful.

Thank you,
Mary

---------- Forwarded message ---------
From: **Mary Chlopecki** <mc2672@georgetown.edu>

**Date: Fri, Sep 5, 2025 at 6:34 AM**
**Subject: Fwd: Response to Update on Reinstatement Efforts**
**To: Bisi Okubadejo <olabisi.okubadejo@georgetown.edu>**

**FYI**
**[Quoted text hidden]**

 **Gmail**                                     **Kaymarie Williams <drkayjwill@gmail.com>**

---

## Re: 2nd Email _No Phone/Email Access
7 messages

---

**Kaymarie Williams** <drkayjwill@gmail.com>                    Thu, Aug 28 at 08:22
To: <mc2672@georgetown.edu>, <joneskjdoc@gmail.com>

> Good morning, Mary. I am requesting an update on my reinstatement by close of business today.
>
> Your effort in such trying times is greatly appreciated.
>
> Best,
> Kaymarie Williams
>
> On Tue, Aug 26, 2025, 8:20 AM Kaymarie Williams <drkayjwill@gmail.com> wrote:
>> Good morning, Mary.
>>
>> Unfortunately, since last Thursday, I have no access to my phone number ending in 9775 or my email address @joneskjdoc@gmail.com due to an issue with updating IOS.
>>
>> If you tried to reach me since my last email, which clarified I did not need accomodations for the two jobs you recommended, I apologize.
>>
>> Feel free to share any updates you my
>> At have here and I will do the same.
>>
>> Trust you are doing well!
>>
>> Best,
>> KW

---

**Mary Chlopecki** <mc2672@georgetown.edu>                    Thu, Aug 28 at 10:17
To: Kaymarie Williams <drkayjwill@gmail.com>
Cc: <joneskjdoc@gmail.com>

Good Morning Kaymarie,

Thank you for your email. I apologize for not getting back to you right away. I have been out sick for a number of days the past week and am still catching up on my emails. I'm sorry about the problems you had with your phone and email. I know that can be very frustrating. I'm glad you are back on-line.

IDEAA and HR continue to coordinate to try to find an appropriate position for you. I am awaiting some information right now about potential jobs we are looking at for you that I hope to receive early next week. It has taken longer than expected due to people being on vacation. I will let you know as soon as I have an update. I assure you that I continue to actively work on a potential reassignment for you and appreciate your patience.

Thank you, and I hope you have a nice weekend.
[Quoted text hidden]

---

**Kaymarie Williams** <drkayjwill@gmail.com>                    Thu, Aug 28 at 10:44
To: Mary Chlopecki <mc2672@georgetown.edu>

Hello Mary,

I am sorry to hear about your illness and wish for a speedy recovery.

It is quite disheartening to hear that I still have to wait for placement, especially after you shared that you found two positions for me about three weeks ago  What happened to those two positions? What changed?

You requested Information from my providers and both have responded to your inquiry. Am I missing something? What else do I need to do? How much longer should I wait? Do I need to be someone else to get the help I need? Did I need to hold another position at Georgetown to get the help I am requesting? Am I being penalized for obeying my active duty orders? Or, am I being tactically delayed with these repeated responses of how IDEEA is supposedly working with HR and or the university to get me reinstated (since February)?

I may need accomodations for other roles so why not reinstatement me into the two roles you mentioned so that I do not need accomodations?

This is such a traumatic experience that I do not wish on anyone, any Soldier, any employee. I hope the university understands that this delay is causing severe hardship and I am now forced to take my matters to those who will make fair judgements on my experience.

Your response to this matter is greatly appreciated by close of business, today.

Get well soon!

Best,
[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                                        Thu, Aug 28 at 11:02
To: Kaymarie Williams <drkayjwill@gmail.com>

Hi Kaymarie,

I see that you have responded to my email and requested a response by the end of the day. I want to let you know that I am delivering training at the University this afternoon and may not have time to respond today. If I do not, I will reach back to you tomorrow.

Thank you,
Mary
[Quoted text hidden]

---

**Kaymarie Williams** <drkayjwill@gmail.com>                                       Thu, Aug 28 at 15:37
To: Mary Chlopecki <mc2672@georgetown.edu>

Okay, thank you.
[Quoted text hidden]

---

**Kaymarie Williams** <drkayjwill@gmail.com>                                       Tue, Sep 2 at 06:27
To: Mary Chlopecki <mc2672@georgetown.edu>

Good morning, Mary.

I am up and running again — an update of my phone led to a factory reset which led to a complete shutdown of my mobile device.

Anyhow, I trust that you are feeling much better this week and will be able to provide some information on the two jobs you found, JR22653 and JR22478, later today.

Look forward to hearing from you soon!

Best,
Kay Williams

[Quoted text hidden]

---

**Mary Chlopecki** <mc2672@georgetown.edu>                          Thu, Sep 4 at 18:23
To: Kaymarie Williams <drkayjwill@gmail.com>

Hi Kaymarie,

Thank you for your email. I'm sorry you have been having so many problems with your electronics. That must be very frustrating. Glad you are up and running again.

Our efforts to find you a reinstatement are ongoing. In addition to the two recruiter jobs I shared with you earlier, we have been looking at several other possibilities. We are working to maximize the possibility that we will find you a placement as soon as possible. I am very hopeful that I will have news for you next week. One matter I have been asked to clarify is how many days you would be able to report into the office, and specifically whether you are now able to report 4 days per week?

Thanks much for your continued patience, and I will reach back next week with an update.

Kind regards,
Mary

[Quoted text hidden]

 **Kay Williams <joneskjdoc@gmail.com>**

---

## Neuropathy RA June 2024

**Kay Williams** <joneskjdoc@gmail.com>                                         Mon, Sep 22 at 14:17
To: Sara Hellstedt <shellstedt@aletalaw.com>

   Neuropathy RA June 2024.pdf

 **Kay Williams <joneskjdoc@gmail.com>**

---

## Confidential Message

**Cheryl Rost** <cc1448@georgetown.edu>                                            Tue, Jul 29 at 11:22
To: Kay Williams <joneskjdoc@gmail.com>
Cc: Sara Hellstedt <shellstedt@aletalaw.com>

Dear Kay,

I hope you are doing well. I am writing to let you know that the investigation into the formal discrimination complaint that you filed with IDEAA has been reassigned to an outside investigator. Sara Hellstedt from Aleta Law, who is copied here, will be handling the investigation going forward.

You should plan to reach out to Sara directly with future questions or updates about this investigation. Sara also will be in touch with you about rescheduling your interview.

Thank you for your continued cooperation with the investigation.

Best,
Cheryl


--
**Cheryl Rost**
Senior Civil Rights Investigator and Compliance Manager
Office of Institutional Diversity, Equity, and Affirmative Action (IDEAA)
Georgetown University
M-36 Darnall Hall
37th and O Streets, N.W.
Washington, D.C. 20057
Phone: 202-573-4231
Email: cc1448@georgetown.edu

Pronouns: she/her


Please let me know if you need any accessibility accommodations.



**GEORGETOWN UNIVERSITY**
*Office of Institutional Diversity, Equity, and Affirmative Action*

**CONFIDENTIAL**

April 29, 2025

**Sent via Email:** joneskjdoc@gmail.com

Ms. Kaymarie Williams

### Re: Notification Letter for IDEAA Complaint filed on 2/8/25

Dear Ms. Williams,

Thank you for submitting a complaint with the Office of Institutional Diversity, Equity, and Affirmative Action (IDEAA) on February 8, 2025. In the complaint, you allege that HR Business Partner Katina Porter, in Georgetown University's Department of Human Resources, engaged in discrimination, harassment, and retaliation based on veteran's status, disability, and pregnancy. The allegations implicate Georgetown University's policy on *Equal Opportunity and Non-Discrimination in Employment*. We write to update you on the status of your complaint and next steps.

Set out below are the allegations IDEAA has accepted for investigation and related next steps. We further set out the allegations that IDEAA has not accepted for investigation because, even if substantiated following an investigation, those allegations would not rise to the level of a violation of University policy.

### Scope of Investigation

Pursuant to IDEAA's *Grievance Procedures to Investigate Allegations of Discrimination and Harassment*, IDEAA will investigate the following allegations involving the University. Please note that IDEAA has determined that the University is the appropriate Respondent in this matter rather than Ms. Porter, who instead will be considered as a witness in the investigation.

- **Allegation 1**: Whether, after you disclosed between April 2024-May 2024 that you disabled, the University discriminated against you based on disability by failing to engage in an interactive process to consider reasonable accommodations that could have allowed you to be reinstated to the Associate Head Coach of Track and Field/Cross Country position or could have allowed you to be reassigned to a different position.

- **Allegation 2**: Whether, after you disclosed your pregnancy in May 2024, the University discriminated against you based on pregnancy by failing to engage in an interactive process to consider reasonable accommodations that could have allowed you to be reinstated to the Associate Head Coach of Track and Field/Cross Country position or could have allowed you to be reassigned to a different position.

Please note that IDEAA's decision to review these allegations does not mean that IDEAA has made a determination about whether a violation of our institutional non-discrimination policy or policy statement on harassment has occurred. An individual is only deemed responsible for a policy violation if IDEAA determines that an allegation is supported by a preponderance of evidence. IDEAA will conduct a prompt, fair, and impartial response to your complaint, consistent with its *Grievance Procedures*. IDEAA's website provides some *Frequently Asked Questions* about the grievance process.

### Allegations Not Accepted for Investigation

In your complaint and during the intake process with IDEAA, you also alleged that you were discriminated against based on veteran's status and protected leave status, and subjected to harassment and retaliation based on veteran's status, disability, pregnancy, and protected leave status.

IDEAA has not accepted for investigation your discrimination allegations based on veteran's status and protected leave status. Based on the available information, those allegations relate solely to whether the University properly followed the Uniformed Services Employment and Reemployment Rights Act (USERRA) reinstatement process after you were discharged from military service. IDEAA understands that your allegations related to USERRA are already being addressed through your complaint before the United States Department of Labor's Veterans' Employment and Training Service (VETS). The University separately is engaged with VETS and you to address that complaint.

IDEAA also has not accepted for investigation the allegations of harassment and retaliation for the following reasons. First, the University's Policy Statement on Harassment (Relating to Protected Categories) defines harassment as verbal or physical conduct that denigrates or shows hostility or aversion to someone because of a Protected Category (e.g. disability, pregnancy, veteran's status), when such conduct has the purpose or effect of unreasonably interfering with an individual work performance; creating an intimidating, hostile, or offensive work environment; or otherwise adversely affecting an individual's employment opportunities. Here, you have not alleged verbal or physical conduct that denigrates or shows hostility or aversion to you based on a protected category, such as verbal abuse or ridicule, offensive jokes or comments, or threatening or intimidating acts. Rather, you allege that the University failed to promptly reinstate you to your prior position or an equivalent position following your military service and failed to engage in an interactive process to determine whether you needed reasonable accommodations based on your disability and/or pregnancy. Although these allegations do not meet the definition of harassment and thus, IDEAA will not investigate the harassment allegation, your allegations will be fully investigated as allegations of discrimination as set forth earlier in this letter.

Second, an allegation of retaliation must state that an individual engaged in a protected activity (for example, making a complaint in good faith, assisting in an investigation, opposing

harassment/discrimination or otherwise exercising rights protected by law). Here, you did not indicate that you suffered an adverse action after engaging in a protected activity – for example, you did not allege that you complained of discrimination to Human Resources, or otherwise engaged in protected conduct that led to an adverse action that would support a retaliation claim. Rather, you allege that you engaged in the protected activity of filing a discrimination complaint with a federal agency, which then prompted the University to re-engage with you on reinstatement. Even if the facts as you alleged them were substantiated following an investigation, they would not support a finding that retaliation occurred in violation of the University's non-discrimination or anti-harassment policies. Therefore, IDEAA determined that it will not investigate your claim of retaliation. As noted above, IDEAA will fully investigate your concerns as allegations of discrimination as set forth earlier in this letter.

**If you would like to request reconsideration of IDEAA's decision to close the harassment and retaliation allegations, you may do so by writing to the Associate Vice President for Equal Opportunity, Affirmative Action, and Compliance at ideaa@georgetown.edu. A request for reconsideration must be received by IDEAA within ten days of the date of this letter.**

### Next Steps

Step 1 of IDEAA's grievance process is to invite the parties to participate in informal resolution. IDEAA offered this option to you, and you declined it. Accordingly, IDEAA has moved to Step 2 of our process – investigation.

Please note IDEAA will provide the Respondent with a copy of your written complaint filed. If the Respondent chooses, it may respond to the complaint in writing within 20 calendar days of receiving the complaint. If the Respondent does so, you will be given an opportunity to submit a written rebuttal, to which the Respondent may reply in writing.

Please be aware that you have the opportunity to identify relevant witnesses and to provide any relevant, supporting documentation as part of the investigation. IDEAA also may collect evidence on its own, as it deems necessary, including through witness interviews and requests for documents, data, and/or physical evidence.

IDEAA remains available to speak with you about relevant policies, its *Grievance Procedures*, and supportive resources. You may choose to have an advisor participate in this process with you to provide support. An advisor may not be a witness or directly participate in the process on your behalf. More details regarding Step 2 of our process may be found in our *Grievance Procedures*.

### Confidentiality and Non-Retaliation

Due to this matter's serious nature, we require that complainants, respondents, and witnesses who participate in this process maintain confidentiality as described in IDEAA's *Grievance Procedures*. Though you are not precluded from discussing this matter with an advisor or support person, to protect the integrity of the investigation, we request that you maintain confidentiality as outlined in the *Grievance Procedures*.

This notice also serves as a reminder that the University's policies prohibit retaliation, harassment, or other adverse actions against an individual for making a complaint in good faith, assisting in an investigation, opposing harassment or discrimination, or otherwise exercising rights protected by law. Please immediately inform our office if you believe you have been subjected to retaliation at any point during this investigation.

For further information about the University's principles of confidentiality and non-retaliation, please see IDEAA's *Grievance Procedures.*

### Supportive Resources

Please be aware that we recognize that the investigative process may be challenging for parties. The University has supportive resources for staff and faculty. Feel free to contact the Faculty and Staff Assistance Program (FSAP) at https://hr.georgetown.edu/fsap/ or 202-687-2409 to schedule a confidential meeting with a trained counselor. Also, Journey Proactive EAP (Employee Assistance Program) is a comprehensive program designed to offer all benefits-eligible faculty and staff, as well as their spouses/partners and dependents mental health, meditation and work-life services. More information about Journey is located at https://app2.journey.live/. In addition, you may contact the Office of the University Staff Ombuds, a confidential, neutral, independent, informal, and voluntary resource providing assistance to Georgetown AAP/staff with university-related questions, concerns, and disputes.

IDEAA is committed to ensuring an inclusive and equitable environment. If you need a reasonable accommodation or other assistance to participate in any part of IDEAA's process, please send an email to ideaa@georgetown.edu and an IDEAA team member will contact you about your request.

If you have any questions or would like any additional information, please contact Cheryl Rost at (202) 573-4231 or at cc1448@georgetown.edu.

Sincerely,

Cheryl Rost
Senior Civil Rights Investigator and Compliance Manager
Office of Institutional Diversity, Equity, and Affirmative Action

 **Gmail**                                          **Kay Williams <joneskjdoc@gmail.com>**

---

## Introduction
7 messages

---

**Mary Chlopecki** <mc2672@georgetown.edu>                          Tue, Oct 7 at 10:23
To: Kay Williams <joneskjdoc@gmail.com>, Lynn Screen <lma57@georgetown.edu>

Greetings Kaymarie and Lynn,

I hope this email finds you both well. I am writing to introduce the two of you and to invite you to set up a meeting to
discuss the role of Learning and Development Program Coordinator, which has been offered to Kaymarie as a
reassignment, and which reports to Lynn. As I understand it, Lynn is looking forward to welcoming Kaymarie onto
her team, and Kaymarie has some questions regarding the role, including what training will be made available to
her. I thought it would be helpful for the two of you to meet and talk about the role.

I know Kaymarie is interested to see the formal offer letter. I understand that it is in process, and that it will be
provided to Kaymarie as soon as it is available. Kaymarie also has some questions regarding her leave balances,
which I will ask HR to address with her separately. If I can provide any further assistance, please let me know.

Kind regards,
Mary
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                          Tue, Oct 7 at 10:30
To: Mary Chlopecki <mc2672@georgetown.edu>
Cc: Lynn Screen <lma57@georgetown.edu>

Good morning,

Thank you, Mary. I look forward to meeting you, Lynn.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Lynn Screen** <Lynn.Screen@georgetown.edu>                          Tue, Oct 7 at 15:19
To: Kay Williams <joneskjdoc@gmail.com>
Cc: Mary Chlopecki <mc2672@georgetown.edu>, Marissa Allegra <ma1984@georgetown.edu>

Hi Kaymarie,

I'm so pleased to be connected with you. I am also including the L&D Assistant Director, Marissa Allegra to this
email as the L&D Coordinator position reports directly to Marissa.

Marissa and I would like to set up an opportunity to meet with you to discuss the position and answer any question
you might have.

Here are some dates and times to consider:

10/10 @ 11:00 am or 1:00 pm
10/15 @ 10:00 am
10/16 @ 1:00 pm

Please let me know which of these work for you.

In addition, you can find the offer letter for the position attached to this email.

We look forward to connecting with you soon.

Warm regards,
Lynn
[Quoted text hidden]
**Kaymarie Williams offer letter - L_D Program Coordinator.pdf**

---

**Kay Williams** <joneskjdoc@gmail.com>                                     Tue, Oct 7 at 17:11
To: Mary Chlopecki <mc2672@georgetown.edu>

Mary,

I am receipt of the offer letter sent by Lynn Screen. For the sake of my safety and the ongoing EEO investigation, I must share a few important points for consideration.

Classification and Role Status

My former role as Associate Head Coach was classified as an Academic and Administrative Professional (AAP) position — an exempt, salaried classification that reflected a professional-level role with greater autonomy and scope of responsibility, regardless of my contract end date. The Learning & Development Program Coordinator position, however, is non-exempt (hourly), representing a change in employment classification, pay structure, and professional standing. This difference makes the new role not comparable to my prior position.

Work Environment Considerations

As noted previously, the placement within the Department of Human Resources raises significant concerns related to my mental health. I have been transparent that my experiences throughout this reinstatement process have been overwhelming and emotionally taxing. My provider and I are concerned that continued placement within HR could aggravate my condition. I will meet with her again on Thursday to have her send the notification to you.

I remain committed to returning to work and would like to continue the interactive process to explore whether an alternative placement, or additional accommodations, could better align with my medical needs and prior employment level.

Thank you for your continued attention to this matter and for helping ensure a safe and appropriate return-to-work arrangement.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                     Thu, Oct 9 at 16:47
Draft To: Lynn Screen <Lynn.Screen@georgetown.edu>
Cc: Mary Chlopecki <mc2672@georgetown.edu>, Marissa Allegra <ma1984@georgetown.edu>

Hello,

Thank you for your offer. Further communication will be conducted by Mary.

Best,
Kayamrie Williams

[Quoted text hidden]

**Lynn Screen** <Lynn.Screen@georgetown.edu>                                      Tue, Oct 14 at 11:53
To: Kay Williams <joneskjdoc@gmail.com>
Cc: Mary Chlopecki <mc2672@georgetown.edu>, Marissa Allegra <ma1984@georgetown.edu>

Hi Kaymarie,

I am following up on my previous email. Have you had a chance to review the offer letter?  Are you available to meet on 10/16 @ 1:00 pm?

Please let me know if I can answer any questions for you.

Warm regards,
Lynn
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                          Tue, Oct 14 at 12:26
To: Lynn Screen <Lynn.Screen@georgetown.edu>
Cc: Mary Chlopecki <mc2672@georgetown.edu>, Marissa Allegra <ma1984@georgetown.edu>

Hello Lynn,

Thank you for the offer. It seems my email was undelivered as I responded to Mary immediately after I received your email, however, I have not received a response.

Also, due to my documented disability, I am requesting to be in any department, other than HR, and have completed the  request for such accommodation through IDEEA.

I hope you understand.

Best,
Kaymarie Williams


[Quoted text hidden]

Kaymarie Williams
5987 Emory Blvd
Fort Belvoir, VA 22060
joneskjdoc@gmail.com

July 17, 2025

Attention: Cheryl Rost
Senior Civil Rights Investigator and Compliance Manager
Office of Institutional Diversity, Equity, and Affirmative Action
Georgetown University

Subject: Rebuttal to HR's July 9, 2025 Response

Dear Ms. Rost,

I am writing this formal rebuttal in response to the Georgetown University Human Resources letter dated July 9, 2025, which addresses claims made under USERRA, ADA, and the Pregnancy Discrimination Act. I appreciate the University's response, but I must address several key inaccuracies and mischaracterizations—particularly related to the timeline and scope of the interactive process, my medical documentation, and the misrepresentation of my communications and limitations.

1. On the claim that the interactive process began in January 2025: It is incorrect to state that the interactive process began only when I submitted documentation to IDEAA in January. Under USERRA and ADA guidelines, the duty to engage in an interactive process is triggered upon notice of need or intent—not solely upon written medical documentation. I initially informed HR on April 4, 2024, of my return from military leave and made it clear that I am disabled and pregnant and needed to consider roles that were telework or remote. That notice alone triggered the University's duty to initiate the interactive process in good faith. I shared my DD 214 with Katina Porter on April 5, 2025, which clearly stated the reason for my separation from service as "Permanently Disabled" (see block 28 of DD 214). During that time, neither MS. Porter nor anyone from Georgetown University shared that they needed medical documentation or any sort of proof of my disability. DOL Vets asked for proof in January 2025, and I shared it immediately, then DOL VETS shared it with the university. Frankly, my initial email to HR was a request for any other job available since I knew my position was filled during my absence and I did not learn of the seriousness of my disabilities until after separation. Regardless, HR did not explain and or share that my position was still available until after I filed a complaint with DOL VETS in December of 2024.

2. The University repeatedly asserts that I did not clearly communicate any limitations before January 15, 2025. However, I clearly explained as early as May 2024, through direct communication with Ms. Porter and job applications, that I required hybrid or remote accommodation. I also shared with her, in April 2024, that I would return to the DC area once I receive employment. I moved to the DC area in May as my husband is on active duty

and re-enlisted in the Army for the DC area so I could return to Georgetown, all of which I shared with Ms. Porter and my supervisor, Coach Alton McKenzie. and shared that information with Ms. Porter. Also, Georgetown's own correspondence acknowledges my statements about work-related limitations, including travel, prolonged sitting or standing, and on-site presence. These limitations were further clarified by my medical provider on March 14, 2025, and do not require a full medical diagnosis to be protected under the ADA or PDA.

When I spoke to Ms. Porter in May 2024, I shared that I needed accommodation due to my service-connected disabilities and pregnancy. I also shared my role at the VA and the ongoing medical issues I faced, even as I worked remotely. Instead of asking for medical documentation, I received an email asking me to state that I only wanted hybrid or remote roles, entrapping and misleading me to think my medical issues were a personal preference and not a need for accommodation. My request for hybrid or telework was and still is preferred due to my service-connected disabilities and should not be misconstrued. I was asked about my availability to return to work on May 16, 2024, not about personal preference, hence the response given was taken out of context in December 2024 after I filed a complaint with DOL VETs. Please see the letter from Dr. Reddy and the emails to Katina on May 16, 2024. I did not speak with HR early June. My last interaction with HR was through email on May 23, 2024, when I asked HR to share insights on the links they provided. I indicated I was interested in some of the positions but do not know whether I qualified. I then asked Ms. Porter for her opinion but did not hear from her until December 18, 2024. Please see email on said date.

Also, all positions that HR shared with me were not full-time and regular positions. Some positions were 6 months, temporary positions and part-time. Please see the original spreadsheet I shared. Not the edited HR version. In addition, I was forced to apply and compete for the same positions HR offered to me, yet no concrete proof of why I have not been selected. I have applied to several other positions with no efforts made to train or retrain me for any of those positions.

3. Georgetown claims that it made reasonable efforts to accommodate me, but it simultaneously claims I was not 'qualified' for many roles, even without providing full transparency on qualification thresholds. Additionally, HR failed to answer my June 4, 2025, request for information comparing the pay, seniority, and classification of roles it deemed non-comparable. This lack of clarity calls into question the University's compliance with 38 U.S.C. § 4313(a)(3), which requires placement in the nearest approximation to the previous position in terms of status and pay. It is because of the seven-month gap, where Georgetown failed to interact with me, why I asked Ms. Porter, in December of 2025. for a copy of my contract. I asked for a copy of my employment contract twice and she has yet to provide me a copy or a reason why she could not provide a copy, a clear sign of retaliation after filing a formal complaint with DOL VETS.

I never denied the position offered and I did not share any reservation. I asked what the requirements were then shared more on my limitations based on the in-person

requirement. I also asked the university to reach out to my medical provider for more information, but the university never contacted my medical provided. Never, not once, did the university ask me how many days I could work in-person prior to offering the 1 position out of the hundreds posted weekly. I was clearly offered that position without consideration of my medical needs as if the university paid attention to their medical request form, HR would have seen that I have difficulty standing/sitting/traveling for long periods so a commute as the one offered would exacerbate my symptoms.

4. On the point of miscommunication with Coach McKenzie, Georgetown mischaracterizes the situation. I expressed concerns that he implied my coaching role had been filled, which HR denies. However, at no point did HR formally confirm that the position would remain open for reinstatement beyond temporary holds, nor did they facilitate a clear and formal transition plan back into that role. On April 4, 2024, I shared my interest in reinstatement to HR but it was not until January 2025, after I filed a formal complaint with DOL VETs on December 16, 2024, that HR decided to share that my position has been open since I went on military leave.

5. HR further claims that I failed to indicate interest in reviewed roles, but this contradicts email threads and application logs, which demonstrate I applied to several roles, and inquired about hybrid eligibility and accommodations. It is also distinguishing for HR to state I was not forthcoming, when delays in response and lack of clarity on my previous requests made it difficult to fully participate in any interactive process.

6. Finally, Georgetown's failure to acknowledge my pregnancy and its impact on my accommodation requests, despite medical documentation indicating such, constitutes a violation of the Pregnancy Discrimination Act and the ADA. Their assertion that my limitations were not raised until January 2025 again disregards earlier communications (from April 4, 2024, to May 23, 2024) and the March 2025 medical submission confirming both pregnancy and disability-related limitations.

In essence, the evidence suggests that the interactive process did not begin promptly, was inconsistently managed, and that key documentation and requests were minimized and punitively overlooked. I respectfully request that the record reflects my disagreement with the assertions in the July 9 letter and that my complaint remains active for continued review and resolution.

Sincerely,

Kaymarie Williams

# KAYMARIE WILLIAMS

7205 Shady Grove Lane, Fayetteville, NC 28314
864-209-9775
joneskjdoc@gmail.com

**Citizenship:**       U.S. Citizen
**Security Clearance:** Secret
**Federal Experience:** U.S. Military
**Desired Location:**   Open
**Availability:**       Permanent, Full-Time

**SKILLS SUMMARY:** Highly dedicated, organized, and team-oriented Personnel Security Manager with 10+ years of public and private sector work experience and 7 years of Military Service. Successful at managing multiple priorities with a positive attitude. Analyzes, resolves, and processes pay and compensation issues. Applies and interprets a wide range of HR laws, policies, and regulations. Communicates effectively with staff and resolves inquiries in a timely manner.

U.S. Army                                              2018-2024
Human Resources NCO, 4595 Butner Rd, Fort Liberty, NC    2023-2024
Full-time: 40+ hours, Monday-Friday, 9 AM - 5 PM, occasional weekends

- Managed personnel security matters. Completed security adjudications for personnel background investigations. Provided guidance to complete security questionnaires and prepare personnel for pre-employment and continued employment.

- Maintained liaison with the state of North Carolina to ensure timely personnel record investigations. Ensured the program meets all legal and mandatory requirements. Recommended and acted on cases with uncertain facts, contradictory evidence, inconclusive, or controversial materials.

- Notified management officials of pertinent information on investigative reports. Monitored and reported work progress to the supervisor. Communicated team assignment and reviewed personnel actions. Met program deadlines and provide work advice through effective problem-solving methods.

- Interpreted and applied laws, regulations, and organizational policies. Focused on analyzing evidence to make determinations. Researched routine issues to resolve discrepancies. Made decisions based on written rules and regulations, or laws. Provided guidance to personnel on HR policies and procedures.

**SPECIALIZED EXPERIENCE**

Georgetown University, 3700 O St., Washington D.C. 20057                    2021-2023
Associate Head Coach of Track & Field/Cross Country
Full-time: 40+ hours, Monday-Friday, 9 AM - 5 PM, occasional weekends

- Supervised 4 staff members to remain compliant with NCAA rules, and university policies and procedures. Organized training and professional development. Planned onboarding and developed performance evaluations.

- Encouraged and exercised student-first phenomenon through recruiting, retention, and graduation. Prioritized serving students, staff, university, and the community. Developed strategies and competition procedures, including skills and video sessions. Actively planned, executed, and organized practices and competitions.

- Worked individually with diverse personnel in various university departments. Made decisions to successfully achieve department, team, and university goals. Communicate clear expectations, praise, and provide supportive feedback. Fostered a cooperative environment. Coached, managed, and recruited 88 student-athletes.

Winston-Salem State University, 650 S Martin Luther King Jr. Dr., Winston-Salem, NC 27101
Adjunct Professor and Head Coach of Track & Field/Cross Country                    2018-2021
Full-time: 40+ hours, Monday-Friday, 9 AM - 5 PM, occasional weekends

- Supervised 3 staff members and two student workers. Provided support to facilities services, administrative management, and academic staff. Organized travel and reconciled travel cards and purchase orders. Shared appropriate problem-solving methods with support staff.

- Instructed undergraduate courses in physical education. Assisted students with questions and provided additional support towards graduation. Provided course syllabus and academic calendar to help students stay on track with progress towards degree. Prepared, administered, and graded exams to evaluate student progress.

- Provided advice and direction to the athletic director. Organized team fundraising initiatives and maintained a $150,000 budget. Monitored organizational changes and program missions. Developed and implemented team policies and procedures. Coached and recruited 63 student-athletes.

New Mexico Highlands University, 1005 Diamond St., Las Vegas NM 87701      2016-2018
Assistant Coach of Track & Field/Cross Country
Full-time: 40+ hours, Monday-Friday, 9 AM - 5 PM, occasional weekends

- Coached and recruited 42 student-athletes. Ensured organization and team goals are met. Integrated team strategies that benefited the athletic department and the university.

- Balanced and maintained a $110,000 budget. Coordinated community service, organized study hall, and assisted with monitoring academic progress. Managed and recruited 33 student-athletes and maintained equipment.

Clemson University, 310 Perimeter Rd., Clemson SC 29634      2015-2016
Volunteer Assistant Coach - Sprints, Hurdles & Jumps
Full-time: 40+ hours, Monday-Friday, 9 AM - 5 PM, occasional weekends

- Coached and managed 7 men and 8 women. Assisted with academic and athletic program development. Organized practices and competitions. Created a positive work environment for 9 staff members and 93 students.

Adams State University, 208 Edgemont Blvd., Alamosa, CO 81101      2013-2014
Graduate Assistant - Student Engagement & Success / New Student Orientation Coordination
Full-time: 40+ hours, Monday-Friday, 9 AM - 5 PM, occasional weekends

- Planned and executed new student orientation programs, activities, and initiatives. Provided leadership, budget planning, onboarding, and mentorship to 4 subordinates. Assisted incoming first-year students with navigating university platforms to help prepare for a successful transition to the ASU community.

- Provided instruction and guidance to incoming first-year interest groups enrolling in spring and summer courses using OneStop resources. Provided clerical support for faculty and staff. Completed other duties as assigned.

Adams State University, 208 Edgemont Blvd., Alamosa, CO 81101      2011-2014
Reference & Instruction Librarian
Full-time: 20+ hours, Monday-Friday, 7 PM - 11 PM, occasional weekends

- Provided library instruction in-person and virtually to 3000+ customers. Collaborated with 10+ departments and 40+ professors across campus to better assist students with research. Provided general and in-depth research assistance to students, staff, and faculty.

- Provided an engaging and approachable environment for patrons to use the library's reference and citation tools. Established, maintained, and promoted library outreach programs. Completed other duties as assigned.

**EDUCATION**

Grand Canyon University, 3300 W Camelback Rd., Phoenix, Arizona, 85017
     EdD in Organizational Leadership          Pending

 Adams State University, 208 Edgemont Blvd., Alamosa, CO 81101
     Master of Business Administration (Leadership)     2014
     Bachelor of Arts in English/Communications      2013

**Certifications**
- CPR/First Aid/AED
- USTFCCCA Track & Field Technical Certification
- USTFCCCA Sprints, Hurdle & Relay Event Specialist
- USTFCCCA Jumping Event Specialist
- USTFCCCA Strength & Conditioning Certification

**Technical Proficiencies**
Microsoft Office (Word, Excel, PowerPoint, Outlook, Windows).

**Honors & Awards**
- National Defense Service Medal     2019
- Army Service Ribbon     2019
- Armed Forces Service Medal     2020
- Army Certificate of Achievement     2023
- Risk Management     2023
- Concussion Training     2023
- Emergency Preparedness Response     2023
- Conflict Management Principles     2023
- United States Army Certificate of Retirement     2024

**REFERENCES**
Available upon request.

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

## Re: USERRA & ADA Violation Concerns

6 messages

**Kay Williams** <joneskjdoc@gmail.com>                                                    Wed, Jan 15 at 09:51
To: Katina Porter <krp8@georgetown.edu>, <ss667@georgetown.edu>
Cc: Alton McKenzie <aam83@georgetown.edu>, <lendof.cynthia.a@dol.gov>
Bcc: <damiagrussell@gmail.com>, <howardhuejohnson@gmail.com>

Good morning,

It has been nine months since I initially communicated my interest in returning to the university. During this time, I was not reinstated to my prior position but was instead directed to apply for several other roles. Despite following this guidance and applying to those positions, while keeping you informed throughout the process, I was not placed into any of the positions. I believe I have been subjected to ongoing discrimination throughout this process.

Based on our conversation on January 14, you shared that my position has been opened since I left the university on active duty and that "they knew not to hire anyone in your position." Upon speaking with my supervisor last evening, I was informed once more that my previous position is no longer available.

Additionally, I requested a copy of my contract from you, which I have yet to receive. You mentioned that you would send me information regarding other positions to apply for, but I have not received anything further on this matter. Regardless, your persistent approach of sending open positions for me to apply for, without reinstating me (especially after nine months of me trying), comes across as discriminatory and undermines my rights under USERRA.

As of now, the university remains in violation of my USERRA rights. Under USERRA, I should have been reinstated to my position within two weeks of providing my DD 214. Before I left for service, you told me to reach out 90 days after I returned from my tour, I reached out in 4, yet, no reinstatement. If my requested accommodations for telework or remote work due to my service-connected disabilities and pregnancy were not feasible, it was the university's responsibility to inform me and provide clear guidance toward an appropriate resolution.

The delays and lack of communication over the past nine months have been deeply distressing, and your call yesterday has only added to the stress of this already traumatic experience.

At this point, I am requesting that you contact Investigator Lendof regarding my reinstatement and further resolution of this matter.

Thank you for your attention to this issue.

Best,

Kaymarie Williams

On Tue, Jan 14, 2025 at 15:27 Kay Williams <joneskjdoc@gmail.com> wrote:
> Hello Katina,
>
> Thank you for reaching out to inform me about the availability of my position at Georgetown University.
>
> While I understand that I have the option to return to my current role at any time, I would prefer to first have a discussion with my supervisor, Coach McKenzie, before making a final decision regarding my next steps.

I will reach out to you tomorrow, January 15, before close of business.

Best,

Kay


On Tue, Jan 14, 2025 at 13:26 Katina Porter <krp8@georgetown.edu> wrote:
> Sounds good, talk to you then.
>
>> On Tue, Jan 14, 2025 at 1:14 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>> Katina,
>>
>> Please call 864-209-9775.
>>
>> Best,
>> Kay
>>
>>> On Tue, Jan 14, 2025 at 12:37 Katina Porter <krp8@georgetown.edu> wrote:
>>> Yes 3 is fine. Would you like to do a zoom call or over the phone?
>>>
>>>> On Tue, Jan 14, 2025 at 12:16 PM Kay Williams <joneskjdoc@gmail.com> wrote:
>>>> Katina,
>>>>
>>>> Thank you for your email. Today at 3 PM is fine with me, if that still works for you.
>>>>
>>>> Best,
>>>> Kay
>>>>
>>>>> On Tue, Jan 14, 2025 at 11:15 Katina Porter <krp8@georgetown.edu> wrote:
>>>>> Hi Kaymarie,
>>>>>
>>>>> Please let me know if you are available to talk today or tomorrow. I'm available this afternoon at 3pm, or tomorrow I'm open any time after 11:30am. Let me know what works best for you and I will set up a call.
>>>>>
>>>>> Thank you,
>>>>> Katina
>>>>>
>>>>>
>>>>> --
>>>>> Katina Porter
>>>>> Senior HR Business Partner
>>>>> Georgetown University
>>>>> Washington, DC  20057
>>>>> (202) 687-2421
>>>>> krp8@georgetown.edu
>>>>>
>>>>> *Human Resources C.A.R.E.S. for the Georgetown Community*
>>>>>
>>>>> *I host weekly Office Hours on Tuesdays and Thursdays. Please click this link to schedule time. Come with your questions and issues. If you cannot make it to an Office Hour session and would like to set up another 1:1 time, please send me an email with your issue and request for a meeting.*
>>>>>
>>>>>
>>>>> --
>>>>> Katina Porter

Senior HR Business Partner
Georgetown University
Washington, DC  20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown Community*

*I host weekly Office Hours on Tuesdays and Thursdays. Please click this link to schedule time.* **Come with your questions and issues. If you cannot make it to an Office Hour session and would like to set up another 1:1 time, please send me an email with your issue and request for a meeting.**

[Quoted text hidden]

---

**Alton McKenzie** <aam83@georgetown.edu>                                          Wed, Jan 15 at 12:38
To: Kay Williams <joneskjdoc@gmail.com>, Katina Porter <krp8@georgetown.edu>
Cc: <ss667@georgetown.edu>

Was hoping we could get on a call collectively, but I have an emergency medical matter to tend to (have to head to the hospital) so can't be on a call today.

If possible can we connect tomorrow late morning or early afternoon?

Thanks,
Alton
Sent from my iPhone

On Jan 15, 2025, at 9:51 AM, Kay Williams <joneskjdoc@gmail.com> wrote:

[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                                          Wed, Jan 15 at 13:52
To: Alton McKenzie <aam83@georgetown.edu>
Cc: Kay Williams <joneskjdoc@gmail.com>, <ss667@georgetown.edu>

Hi Alton - of course. I hope everything is ok. Text me in the morning to let me know your availability and I'll set something up with the three of us.

Take care,
Katina
[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                                          Thu, Jan 16 at 20:50
To: Kay Williams <joneskjdoc@gmail.com>
Cc: Alton McKenzie <aam83@georgetown.edu>

Good evening,

Thank you for your email. As we discussed, and as I understand that Alton also discussed with you, we have been willing to, and will, reinstate you in your Associate Head Coach role. However, until this email, we have not yet understood if you want or accept reinstatement into this role. It is strictly for that reason that we

have discussed alternative roles with you. We would like to discuss this with you so that we can ensure that we understand your wishes and to facilitate this. Are you available on Friday the 16th at 10am? If another time would work better for you, please let us know.

Best,
Katina

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                    Thu, Jan 16 at 21:26
To: <lendof.cynthia.a@dol.gov>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                                    Fri, Jan 17 at 07:43
To: Katina Porter <krp8@georgetown.edu>, <ss667@georgetown.edu>
Cc: Alton McKenzie <aam83@georgetown.edu>, <lendof.cynthia.a@dol.gov>
Bcc: <damiagrussell@gmail.com>, <howardhuejohnson@gmail.com>

Katina,

As mentioned in my previous email, please contact Investigator Lendof regarding my reinstatement and further resolution of this matter.

Best,
Kaymarie Williams

[Quoted text hidden]

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

---

### Fwd: Kaymarie employment status.....
4 messages

---

**Kay Jones** <joneskjdoc@gmail.com>
To: SGT Kay Williams <joneskjdoc@gmail.com>

Sat, Oct 28, 2023 at 02:04

    Begin forwarded message:

> **From:** Kaymarie Williams <kj546@georgetown.edu>
> **Date:** January 31, 2023 at 14:45:35 EST
> **To:** Katina Porter <krp8@georgetown.edu>
> **Cc:** Alton McKenzie <aam83@georgetown.edu>
> **Subject: Re: Kaymarie employment status.....**
>
> Thank you very much, Katina.
>
> Best,



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p:  (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a:  McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

> On Jan 30, 2023, at 17:03, Katina Porter <krp8@georgetown.edu> wrote:
>
> Hi Kaymarie and Alton,
>
> My apologies for the delay in my response.
>
> HR will place you on Military Leave and upload a copy of your orders. Alton confirmed

that you have been working this month, and you will receive your normal paycheck tomorrow. Therefore, I will put February 1, 2023 as the first day out for military leave.

Your department will have the ability to hire a replacement during your absence. Within 90 days of your military service ending, you will need to re-engage with the University and let us know that you want to and intend to return to your on-campus work. We would work with you to re-employ you.

Please let me know if you have any questions.

Best,
Katina

On Fri, Jan 20, 2023 at 3:11 AM Kaymarie Williams <kj546@georgetown.edu> wrote:
Hello again, Katina. Yes, I am going through processing with the military while working virtually at Georgetown until my direct supervisor (Alton Mckenzie) can make a hire. He is attached to this email for reference.

Best,



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p: (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a: McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

On Jan 17, 2023, at 11:11, Katina Porter <krp8@georgetown.edu> wrote:

Hi Kaymarie,

Thanks for forwarding your orders. I am reviewing them and then will get back to you shortly. Please confirm if you have begun your service, since the paperwork indicates that you would need to report on January 12th.

On Sat, Jan 14, 2023 at 10:48 AM Kaymarie Williams <kj546@georgetown.edu> wrote:
Hi Katina,

Thank you. I received your Help Desk email. Please see my orders attached. I will read the policy as well.

Also let me know if you have any questions. Note that my last name changed from Jones to Williams in the past year.

Best,



**Kaymarie Williams**
*Associate Head Coach of Men's & Women's Track & Field and Cross Country*
**Georgetown University**
p:  (202) 687-2435
m: (864) 209-9775
w: GUHoyas.com
e: kj546@georgetown.edu
a:  McDonough Arena 3700 O Street NW Washington, DC 20057
Instagram: @HoyasTrack
Twitter: @HoyasTrackXC

> On Jan 13, 2023, at 11:02, Katina Porter <krp8@georgetown.edu> wrote:
>
>
> Thanks Shawn.
>
> Kaymarie - I sent you a separate message a bit earlier this morning. In order to better understand the leave request and to answer your questions, I need to see a copy of the orders. If you can please scan and email them to me, that would be great. In the meantime, I am including a link to HR Policy 607, which provides information about military leave: https://policymanual.hr.georgetown.edu/600-time-away-from-work/607-leave-for-military-duty/
>
> Best,
> Katina
>
>
> On Fri, Jan 13, 2023 at 10:49 AM Shawn Hendi <shawn.hendi@georgetown.edu> wrote:

Katina,

I hope all is well. I wanted to start an email thread
regarding the employment status of KayMarie Jones, our
Associate Head Coach of Track and Field. KayMarie had
just returned from maternity leave / disability in late fall
semester following the birth of her beautiful daughter. I
just received a call from her letting me know that she has
orders from the military to serve a 3 year commitment at
her home base in NC. She is going to provide these orders
to us.

I know KayMarie has some questions regarding process
and procedure and I am not an expert in these matters by
any means. So I told her we would start an email chain to
discuss options as she is still in NC.

Thanks so much for your help,
Shawn



**Shawn Hendi**
*Senior Associate
Athletic Director for
Student Athlete Health
& Wellness*
**Georgetown
University**
p: (202) 687-1898
m: (202) 207-4252
f:  (202) 687-4117
w: GUHoyas.com
e:
 sjh56@georgetown.edu
a: McDonough Arena
3700 O Street NW
Washington, DC 20057
s: @georgetownhoyas
| @georgetownathletics

The information contained in this transmission may contain privileged and
confidential information, including patient information protected by federal and
state privacy laws. It is intended only for the use of the person(s) named
above. If you are not the intended recipient, you are hereby notified that any
review, dissemination, distribution, or duplication of this communication is
strictly prohibited. If you are not the intended recipient, please contact the
sender by reply email and destroy all copies of the original message.

--
Katina Porter
HR Business Partner
Georgetown University
Washington, DC  20057
(202) 687-2421
krp8@georgetown.edu

*Human Resources C.A.R.E.S. for the Georgetown
Community*

[Quoted text hidden]

---

**Kaymarie Williams** <kj546@georgetown.edu>
To: SGT Kay Williams <joneskjdoc@gmail.com>

Sat, Oct 28, 2023 at 02:04

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>
To: <damiagrussell@gmail.com>

Sat, Dec 14, 2024 at 14:28

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>
To: <lendof.cynthia.a@dol.gov>

Tue, Dec 17, 2024 at 17:11

[Quoted text hidden]

0123C-A.T. Augusta Military Medical Center
9300 Dewitt Loop
BLDG 1230
Fort Belvoir, VA 22060-
(571) 231-3224

| | | | |
|---|---|---|---|
| Patient Name: | Williams, Kaymarie | Admit: | 5/9/2025 11:00 EDT |
| MRN: | ███████ | Discharge: | 5/9/2025 23:59 EDT |
| FIN: | ███████ | Admitting: | |
| Sex/DOB/Age: | Female ███████ ███████ | Location: | 0123C-FM1-BLUE |
| DOD ID (EDIPI): | ███████ | Veterans ID (ICN): | |

## Miscellaneous Patient Care

This information has been disclosed to you from federal health records in accordance with an approved written request. Unless you are the subject of the record, federal laws may prohibit you from making a further disclosure of this record for a purpose other than why the information was provided to you. If this record contains substance abuse information, it is protected by 42 CFR Part 2 and/or 38 U.S.C. 7332 and the redisclosure restrictions of those federal laws on individuals who are not the subject of the record apply.

* Auth (Verified) *



**DEFENSE HEALTH AGENCY**
ALEXANDER T. AUGUSTA MILITARY MEDICAL CENTER
OFFICE OF THE DIRECTOR
9300 DEWITT LOOP
FORT BELVOIR, VA 22060-5901

May 18, 2025

Re: Name of patient: Williams, Kaymarie
DOB:

Name of doctor: Gayathri M.Reddy
Practice name: Family Medicine Clinic. Alexander T Augusta Military Medical Center

Subject : Reasonable accommodation letter

To Whom It May Concern:

Patient is requesting a letter for reasonable accommodation to obtain ability to work remotely 4
days per week, to help with her medical conditions till August 31, 2025.

Should you require any further information or clarification, please feel free to contact my office at
571-231-1803.

Thank you for your attention to this matter.

Sincerely,

Gayathri Reddy, M.D.
Family Medicine clinic- Core, Blue
ATAMMC

 **Kay Williams <joneskjdoc@gmail.com>**

---

## Re: Accommodation for Learning Development Position

**Kay Williams** <joneskjdoc@gmail.com>                                              Wed, Oct 1 at 12:57
To: Sara Hellstedt <shellstedt@aletalaw.com>
Cc: Tammy Thompson <tammythompson@therapyemail.com>

Thank you, Ms Sara.

You may need to speak to my therapist, Tammy Thompson, for more insights on shat I have gone through since trying to get reinstated. I will sign the consent form today but feel free to reach out to her as I meet with her weekly to try to manage my mental health.

Best,
Kay
[Quoted text hidden]

 Gmail

**Kay Williams <joneskjdoc@gmail.com>**

---

**Military Reemployment Status**
16 messages

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Wed, Dec 18 at 13:11
To: Katina Porter <krp8@georgetown.edu>
Cc: <ss667@georgetown.edu>
Bcc: <lendof.cynthia.a@dol.gov>, Kay Williams <joneskjdoc@gmail.com>, <damiagrussell@gmail.com>

Hello Katina,

I hope you're doing well. I wanted to check in and confirm whether you are still assigned to my case and whether you are still at Georgetown University.

It has now been 8 months since I first expressed my interest in returning to Georgetown University. Despite multiple attempts to follow up and secure a position, I have not been reinstated, and I have not received any updates regarding the positions I applied for. My last application was submitted for a position on November 15, 2024. I followed up with you, via email, on November 21, 2024 and on December 14, 2024. However, I have yet to receive any response or acknowledgment.

I have applied for several positions, both hybrid and in-person, and I remain open to any role that I qualify for. This lack of communication and resolution has been incredibly frustrating, as I have been actively waiting for an opportunity to return to Georgetown. The delay has also caused significant stress and uncertainty, as it directly impacts both my professional career and personal well-being.

Since my medical retirement from the Army, my family and I have been living in the DMV area since May 2024, and I have communicated this to my supervisor, Coach Alton McKenzie. While my family is settling in, the ongoing uncertainty surrounding my reinstatement has had a substantial impact on my ability to plan for the future. The lack of a clear resolution is affecting my sense of stability, and my professional trajectory has been hindered as I continue to wait for an opportunity to return to work.

Furthermore, the postponement of my reinstatement is directly affecting my benefits with Georgetown University. The ambiguity surrounding my employment status has resulted in significant mental distress and has deprived me of the stability I require, particularly in light of the health challenges I have encountered since my military retirement.

Given the circumstances, I am deeply concerned about whether I am missing any necessary documentation or requirements that might be causing this delay. Is there any reason why I have not been reinstated? I submitted an HR ticket on December 17, 2024, seeking clarification, but I have not yet received any response.

I would sincerely appreciate it if you could provide an update on my status within the next 5 business days. I am eager to resolve this matter as soon as possible and to regain the stability I need to move forward professionally and personally.

Thank you for your attention to this important issue. I look forward to your prompt response.

Best regards,

Kaymarie Williams

---

**Kay Williams** <joneskjdoc@gmail.com>                                              Wed, Dec 18 at 13:12
To: Alton McKenzie <aam83@georgetown.edu>

Hello Coach,

I forgot to include you on this email. Please see below.

Best,
Kay
[Quoted text hidden]

---

**Alton McKenzie** <aam83@georgetown.edu>                                           Wed, Dec 18 at 13:36
To: Kay Williams <joneskjdoc@gmail.com>

Kay,

Thanks for the update (and sharing what you sent to Katina). I'm at the Convention. Let's talk soon to go through some of what you shared.

Probably on Saturday would work best for me to catch up (in the afternoon probably).

Thanks


Sent from my iPhone

>    On Dec 18, 2024, at 1:13 PM, Kay Williams <joneskjdoc@gmail.com> wrote:


[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                              Wed, Dec 18 at 13:37
To: Alton McKenzie <aam83@georgetown.edu>

Thank you, Coach. I look forward to hearing from you.
[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>                                             Wed, Dec 18 at 17:25
To: Kay Williams <joneskjdoc@gmail.com>
Cc: <ss667@georgetown.edu>

Hi Kaymarie,

I received your December 14th email and have responded to that message. Please feel free to respond, but in essence, I would like to know your current availability status. When we last communicated, you indicated that you were seeking full-time telework employment, which as you are aware, is not available in the Department of Athletics. I would appreciate your feedback.

Thank you,
Katina
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Wed, Dec 18 at 17:56
To: <lendof.cynthia.a@dol.gov>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Wed, Dec 18 at 19:21
To: Katina Porter <krp8@georgetown.edu>
Cc: <ss667@georgetown.edu>, Alton McKenzie <aam83@georgetown.edu>
Bcc: <lendof.cynthia.a@dol.gov>, <damiagrussell@gmail.com>, Kay Williams <joneskjdoc@gmail.com>

Hello Katina.

Thank you for reaching out to me. I received your email today in response to my December 14th email.

Availability status: Available with 1 limited exception; December 28, 2024 - January 6, 2025 (planning and organizing my uncle's funeral out-of-country).

When we last communicated on May 23, 2024 I indicated, "I am only interested in available positions that are hybrid or telework." This was a statement of preference rather than a restriction on my availability.

In my email to you on November 21, 2024, I noted my completed application for Coordinator, Student Athlete Services position in the Department of Athletics, an on-site role that falls below my seniority level. My willingness to consider positions outside my typical scope was intentional in aligning my skills with the needs of the university.

I understand there are no telework positions in the department of athletics but there are hybrid positions available on the GU careers website that are athletically related, such as the Associate Director of Athletics Stewardship and Engagement Communication in the Office of Advancement. To clarify, I am sharing this position because, like I expressed to you on April 5, 2024, I am open to other positions that aligns with my education and experience.

I remain fully committed to fulfilling any employment obligations, including those in-person, as required by the university. For your attention and action.

Best regards,
Kaymarie Williams


[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Wed, Dec 18 at 20:10
To: <howardhuejohnson@gmail.com>

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>
To: <howardhuejohnson@gmail.com>

Wed, Dec 18 at 20:11

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>
To: <howardhuejohnson@gmail.com>

Wed, Dec 18 at 20:11

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>
To: Alton McKenzie <aam83@georgetown.edu>

Thu, Dec 19 at 10:00

[Quoted text hidden]

---

**Katina Porter** <krp8@georgetown.edu>
To: Kay Williams <joneskjdoc@gmail.com>
Cc: <ss667@georgetown.edu>, Alton McKenzie <aam83@georgetown.edu>

Thu, Dec 19 at 12:23

Hi Kaymarie,

Thank you for your response and for letting me know about your current availability. As I've provided previously, I will look through open positions at the University and provide you with links to those descriptions. Please review them and let me know if you are interested in applying for them.

It would also be helpful for you, Alton and I to connect in early January. I'm happy to coordinate that meeting and send day/time options to both of you.

Best,
Katina
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>
To: <lendof.cynthia.a@dol.gov>
Bcc: <damiagrussell@gmail.com>, <howardhuejohnson@gmail.com>

Thu, Dec 19 at 12:24

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>
To: Katina Porter <krp8@georgetown.edu>
Cc: <ss667@georgetown.edu>, Alton McKenzie <aam83@georgetown.edu>
Bcc: <lendof.cynthia.a@dol.gov>, <damiagrussell@gmail.com>, <howardhuejohnson@gmail.com>

Thu, Dec 19 at 13:01

Hello Katina,

I am unable to access GMS. Please answer my previous inquiry about my employment status. As of today, what is my employment status at Georgetown University?

Best Regards,
Kaymarie Williams
[Quoted text hidden]

**Katina Porter** <krp8@georgetown.edu>                                    Thu, Dec 19 at 14:11
To: Kay Williams <joneskjdoc@gmail.com>
Cc: <ss667@georgetown.edu>, Alton McKenzie <aam83@georgetown.edu>

Sorry I missed that part of your message. You are currently "on leave" in GMS.

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Thu, Dec 19 at 14:12
To: <lendof.cynthia.a@dol.gov>
Bcc: <howardhuejohnson@gmail.com>, <damiagrussell@gmail.com>

[Quoted text hidden]

CAUTION: NOT TO BE USED FOR
IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT.

ANY ALTERATIONS IN SHADED AREAS
RENDER FORM VOID

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY
This Report Contains Information Subject to the Privacy Act of 1974, As Amended.

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NUMBER |
|---|---|---|
| WILLIAMS, KAYMARIE | ARMY/ARNGUS | |

| 4a. GRADE, RATE OR RANK | b. PAY GRADE | 5. DATE OF BIRTH (YYYYMMDD) | 6. RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) |
|---|---|---|---|
| SGT | E05 | | 00000000 |

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY | b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| FT LIBERTY, NORTH CAROLINA | 12606 GREY EAGLE CT<br>GERMANTOWN MARYLAND 20874 |

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | b. STATION WHERE SEPARATED |
|---|---|
| W8FD HQ 139TH REGT (CA) GB | FORT LIBERTY TC, NC 28310-5000 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE | NONE |
|---|---|---|
| USAR CON GP (RET) 1600 SPEARHEAD DIVISION AVE, FT KNOX, KY 40122 | AMOUNT: $ 500,000.00 | |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | YEAR(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| 88M2O MOTOR TRANSPORT OP - 1 YRS 3 MOS//<br>NOTHING FOLLOWS | a. DATE ENTERED AD THIS PERIOD | 2023 | 01 | 12 |
| | b. SEPARATION DATE THIS PERIOD | 2024 | 03 | 30 |
| | c. NET ACTIVE SERVICE THIS PERIOD | 0001 | 02 | 19 |
| | d. TOTAL PRIOR ACTIVE SERVICE | 0000 | 07 | 23 |
| | e. TOTAL PRIOR INACTIVE SERVICE | 0004 | 04 | 22 |
| | f. FOREIGN SERVICE | 0000 | 00 | 00 |
| | g. SEA SERVICE | 0000 | 00 | 00 |
| | h. INITIAL ENTRY TRAINING | 0000 | 00 | 00 |
| | i. EFFECTIVE DATE OF PAY GRADE | 2021 | 09 | 10 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) | 14. MILITARY EDUCATION (Course title, number of weeks, and months and year completed) |
|---|---|
| ARMY GOOD CONDUCT MEDAL//ARMY RESERVE COMPONENT ACHIEVEMENT MEDAL//NATIONAL DEFENSE SERVICE MEDAL//ARMED FORCES SERVICE MEDAL (AFSM)//NON COMMISSIONED OFFICER PROFESSIONAL DEVELOPMENT RIBBON//ARMY SERVICE RIBBON//ARMED FORCES RESERVE MEDAL //AIR ASSAULT BADGE//NOTHING FOLLOWS | NONE//NOTHING FOLLOWS |

| | | YES | NO |
|---|---|---|---|
| 15a. COMMISSIONED THROUGH SERVICE ACADEMY | | | X |
| b. COMMISSIONED THROUGH ROTC SCHOLARSHIP (10 USC Sec. 2107b) | | | X |
| c. ENLISTED UNDER LOAN REPAYMENT PROGRAM (10 USC Chap. 109) (If Yes, years of commitment: / NA | | | X |

| 16. DAYS ACCRUED LEAVE PAID  8 | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO |
|---|---|---|---|
| | | | X |

18. REMARKS  /////////////////////////////////////////////////////////////////////////////////////////////////
SOLDIER PRESENTED US FLAG//RETIRED LIST GRADE SSG//MEMBER HAS COMPLETED FIRST FULL TERM
OF SERVICE//NOTHING FOLLOWS

The information contained herein is subject to computer matching within the Department of Defense or with any other affected Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or continued compliance with, the requirements of a Federal benefit program.

| 19a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code) | b. NEAREST RELATIVE (Name and address - include ZIP Code) |
|---|---|
| | |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO (Specify state/locality)_____ NC OFFICE OF VETERANS AFFAIRS | X | YES | NO |
|---|---|---|---|
| a. MEMBER REQUESTS COPY 3 BE SENT TO THE CENTRAL OFFICE OF THE DEPARTMENT OF VETERANS AFFAIRS (WASHINGTON, DC) | X | YES | NO |

| 21a. MEMBER SIGNATURE | b. DATE (YYYYMMDD) | 22.a. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title, signature) | b. DATE (YYYYMMDD) |
|---|---|---|---|
| ESIGNED BY:<br>WILLIAMS.KAYMARIE.152752<br>1919 | 20240327 | ESIGNED BY: ORTIZ<br>SANTIAGO.LUIS.ENRIQUE.1183217557<br>LUIS E ORTIZ-SANTIAGO, CHIEF TRANSITION CENT | 20240328 |

## SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
|---|---|
| RETIREMENT | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
|---|---|---|
| AR 635-40, CHAP 4 | SEJ | 4 |

| 28. NARRATIVE REASON FOR SEPARATION |
|---|
| DISABILITY, PERMANENT |

| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD) | 30. MEMBER REQUESTS COPY 4 (Initials) KW |
|---|---|
| NONE | |

**DD FORM 214, AUG 2009**          PREVIOUS EDITION IS OBSOLETE.          **MEMBER - 4**
GENERATED BY TRANSPROC

 **Gmail**

**Kay Williams <joneskjdoc@gmail.com>**

## Charge of Discrimination: 570-2025-01646

9 messages

**Kay Williams** <joneskjdoc@gmail.com>                                                  Mon, Feb 10, 2025 at 12:17
To: <washdc@eeoc.gov>

I am filing a charge of discrimination against Georgetown University due to my disability, pregnancy, and for harassment.

 I am in military leave with my employer. On March 31, 2024, I medically retired from the U.S. Army. On April 4, 2024, I informed my employer that I am ready to return to work. On April 5, 2024, I provided my DD 214 (which has my permanent disability clearly written), per HR's request. On May 16, 2024, I explicitly told HR I am disabled and pregnant, which is why I was applying for remote or hybrid positions. HR mentioned those positions are not available in my department and sent me other positions to review. I reviewed and provided feedback on May 23, 2024, asking to shed light on my assessment of the positions. I reached out November 21, 2024, and December 14, 2024. No response was received until I opened an investigation with DOLVETS. HR did not get back to me between May 23, 2024 and November 21, 2024.

I opened an investigation with DOLVETS on December 16, 2024. My employer finally responded to me on December 18, 2024, that the last time we spoke I wanted telework/hybrid (this is perhaps the reason they did not contact me for 6 months) and reported to DOLVETS that it is the change in my "preference" which is why I have not been reinstated. The investigator from DOLVETS is working with "officials" from the university.

I asked HR to speak to the DOLVETS investigator as the situation was bringing me more stress. The HR personnel reached out the next day, asking me to confirm whether I wanted to return to my previous position and ignoring my mental health request.

There are no appointments available. I was told by the National Contact Center to fax or email the this information. I hope this is the proper medium.


Best,

Kaymarie Williams

5987 Emoty Blvd.

Fort Belvoir, VA 22060

864-209-9775


**ELIZABETH FLANIGAN** <ELIZABETH.FLANIGAN@eeoc.gov>                          Mon, Feb 10, 2025 at 19:05
To: Kay Williams <joneskjdoc@gmail.com>

Good evening Ms. Williams,


We have received your email. It appears you wish to bypass the interview process and file a charge of discrimination without an intake interview.  If this is the case, we need a wet or verified digital signature affixed to the complaint. You may print, sign, scan and return the typed complaint below. Otherwise, it appears your name is approaching the top of our priority scheduling list - you will likely receive a call in the next few days to schedule an

intake interview appointment as we have cancellations or other last-minute availability.


*Respectfully,*


Beth Flanigan

Supervisor, Charge Receipt/Technical Information Unit

U.S. EEOC - Washington Field Office

131 M Street NE 4th Floor, Suite 4NE39E

Washington, D.C. 20507

Email: elizabeth.flanigan@eeoc.gov



To check the status of your Charge visit  https://publicportal.eeoc.gov


CONFIDENTIALITY NOTICE

This communication is intended for the sole use of the person to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure.  Any dissemination, distributions, or copying of this communication by anyone other than the intended recipient or the person responsible for its delivery is strictly prohibited.  If you have received this communication in error, please notify the sender immediately and destroy all copies of the message and its attachments. Emails that are sent or received by the Equal Employment Opportunity Commission (EEOC) will be retained according to EEOC's record retention schedule.

---

**From:** Kay Williams <joneskjdoc@gmail.com>
**Sent:** Monday, February 10, 2025 12:17 PM
**To:** WASHDC <washdc@eeoc.gov>
**Subject:** Charge of Discrimination: 570-2025-01646


You don't often get email from joneskjdoc@gmail.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

[Quoted text hidden]

**Kay Williams** <joneskjdoc@gmail.com>                                    Mon, Feb 10, 2025 at 19:07
To: ELIZABETH FLANIGAN <ELIZABETH.FLANIGAN@eeoc.gov>

Hello Beth,

Thank you. I do. It wish to bypass the interview but with my charge date coming soon, I wanted to ensure I get my complaint in as soon as possible.

I can provide the wet signature if I do not get the call.I soon. Thank you for your time.

Best,
Kaymarie Williams
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Tue, Feb 11, 2025 at 16:20
To: ELIZABETH FLANIGAN <ELIZABETH.FLANIGAN@eeoc.gov>

Please see attached.

[Quoted text hidden]
**Charge 570 2025 0164.pdf**

---

**ELIZABETH FLANIGAN** <ELIZABETH.FLANIGAN@eeoc.gov>                        Tue, Feb 11, 2025 at 18:55
To: Kay Williams <joneskjdoc@gmail.com>

Ms. Williams,


We have received and processed your unperfected charge, which preserves your rights regarding allegations of unlawful discrimination within the statute of limitations. Once your charge is assigned, someone from our enforcement staff will be in touch to discuss next steps which may include assistance with drafting a perfected charge and gathering additional information. Thank you for your continued patience.

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Tue, Feb 11, 2025 at 19:50
To: ELIZABETH FLANIGAN <ELIZABETH.FLANIGAN@eeoc.gov>

Beth,

Thank you for your assistance. I await a response.

Best,
Kay
[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                                    Fri, Feb 28, 2025 at 13:24
To: ELIZABETH FLANIGAN <ELIZABETH.FLANIGAN@eeoc.gov>

Hello Beth,

I am yet to be assigned to someone from the enforcement staff. Is there anyone available to take my case. My case expires March 8, I believe.

Best,
Kay

[Quoted text hidden]

---

**ELIZABETH FLANIGAN** <ELIZABETH.FLANIGAN@eeoc.gov>                    Tue, Mar 4, 2025 at 09:54
To: Kay Williams <joneskjdoc@gmail.com>

**Good morning Ms. Williams,**


**Your charge has been filed as unperfected. This means that a notice of charge has gone to the employer you have already preserved your rights prior to the filing deadline. Once your charge is assigned for interview, one of our enforcement staff will reach out to you to assist with drafting a perfected charge and will counsel you on next steps.**

[Quoted text hidden]

---

**Kay Williams** <joneskjdoc@gmail.com>                    Tue, Mar 4, 2025 at 09:56
To: ELIZABETH FLANIGAN <ELIZABETH.FLANIGAN@eeoc.gov>

Thank you for the update, Elizabeth. I am just a bit overwhelmed and did not want to miss the opportunity to fight for myself.

Have a wonderful day!

Best,
Kay
[Quoted text hidden]